ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Telephone: (408) 477-9690

KAREN HOFFMAN LENT (*Pro Hac Vice Pending*)
karen.lent@skadden.com
MICHAEL H. MENITOVE (*Pro Hac Vice Pending*)
michael.menitove@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001
Telephone:  (212) 735-3000
Facsimile:   (212) 735-2040

MICHAEL S. BAILEY (*Pro Hac Vice Pending*)
michael.bailey@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  (202) 371-7000
Facsimile: (202) 393-5760

*Attorneys for Defendant*
INTUITIVE SURGICAL, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LARKIN COMMUNITY HOSPITAL, on behalf of itself and all others similarly situated,<br><br>                            Plaintiff,<br>     v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>                            Defendant. | Judge:  The Honorable Vince Chhabria<br><br>**DEFENDANT'S NOTICE OF PENDENCY OF OTHER ACTIONS OR PROCEEDINGS PURSUANT TO CIVIL LOCAL RULE 3-13**<br><br>Civil Action No. 3:21-CV-03825-VC |
| FRANCISCAN ALLIANCE, INC. and KING COUNTY PUBLIC HOSPITAL DISTRICT NO. 1 (DBA VALLEY MEDICAL CENTER)<br><br>                            Plaintiffs,<br>     v. | Civil Action No. 3:21-cv-05198-VC |

| | |
|---|---|
| INTUITIVE SURGICAL, INC.,<br><br>                    Defendant. | |
| KALEIDA HEALTH, on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br>     v.<br><br>INTUITIVE SURGICAL, INC.,<br><br>                    Defendant. | Civil Action No. 3:21-cv-05266-VC |

Pursuant to Civil Local Rule 3-13, Defendant Intuitive Surgical, Inc. ("Intuitive") respectfully gives the Court notice of the following pending actions: *Restore Robotics LLC v. Intuitive Surgical, Inc.*, No. 5:19-cv-55-TKW-MJF, pending before Judge T. Kent Wetherell II in the Northern District of Florida, and *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-02274-VMC-TGW, pending before Judge Virginia Covington in the Middle District of Florida (together, the "Pending Actions"). As further explained below, plaintiffs in the Pending Actions have asserted nearly identical claims and factual allegations against Intuitive as plaintiffs Larkin Community Hospital, Franciscan Alliance, Inc., King County Public Hospital District No. 1 (d/b/a Valley Medical Center), and Kaleida Health (collectively, "Plaintiffs"). Plaintiffs, like Restore and Rebotix in the Pending Actions, assert that Intuitive has engaged in antitrust misconduct that impairs Plaintiffs' ability to purchase da Vinci surgical system "service" and EndoWrist instrument "repair" from third parties. Moreover, Plaintiffs' allegations establish that Restore and Rebotix are critical for Plaintiffs to obtain third-party "service" on da Vinci surgical systems and "repair" of EndoWrist instruments. Accordingly, the Pending Actions involve a material part of the same subject matter of this action and substantially all of the same parties and, therefore, coordination is warranted. For these reasons, by August 13, 2021, Intuitive intends to file a motion for a stay of Plaintiffs' actions pending the outcomes of the Pending Actions.

I.   **BACKGROUND**

    A.   **The Pending Actions**

On February 27, 2019, Restore Robotics LLC and Restore Robotics Repairs LLC (together, "Restore") filed a complaint against Intuitive in the Northern District of Florida.[1] On September

---

[1] Restore subsequently filed its First Amended Complaint on May 13, 2019 and its Second Amended Complaint ("SAC") on March 29, 2021. The SAC added Clif Parker Robotics LLC as a plaintiff. (*See SIS v. Intuitive,* 3:21-cv-03496-VC (N.D. Cal. July 12, 2020), ECF No. 26-2 ("Restore SAC").)

28, 2020, Rebotix Repair LLC ("Rebotix") filed a complaint against Intuitive in the Middle District of Florida.  (*See SIS v. Intuitive*, 3:21-cv-03496-VC (N.D. Cal. July 12, 2020), ECF No. 26-3 ("Rebotix Compl.").)

Restore and Rebotix both allege that Intuitive has engaged in antitrust misconduct that impairs each entity's ability to compete to "repair" Intuitive's EndoWrist instruments, which are limited-use surgical instruments that surgeons use in conjunction with Intuitive's da Vinci surgical systems.  Specifically, Restore and Rebotix bring claims asserting that Intuitive has:  (i) unlawfully tied the purchase of da Vinci surgical systems, as well as the servicing of da Vinci surgical systems, to the purchase of EndoWrist instruments from Intuitive, in violation of Section 1 of the Sherman Act (Restore SAC ¶¶ 124-26; Rebotix Compl. ¶¶ 62-64); (ii) engaged in unlawful exclusive dealing by forcing customers to purchase new EndoWrist instruments from Intuitive, in violation of Section 1 of the Sherman Act (Restore SAC ¶¶ 127-29; Rebotix Compl. ¶¶ 65-67); (iii) monopolized the purported market for repair and replacement of EndoWrist instruments, in violation of Section 2 of the Sherman Act (Restore Compl. ¶¶ 118-20; Rebotix Compl. ¶¶ 68-70); and (iv) attempted to monopolize the purported market for repair and replacement of EndoWrist instruments, in violation of Section 2 of the Sherman Act (Restore SAC ¶¶ 121-23; Rebotix Compl. ¶¶ 71-73).

Restore also alleges that Intuitive has engaged in antitrust misconduct that impairs its ability to compete to "service" da Vinci surgical systems.  Restore claims that Intuitive has:  (i) monopolized the purported market for da Vinci surgical robot service, in violation of Section 2 of the Sherman Act (Restore SAC ¶¶ 106-08); (ii) attempted to monopolize the purported market for da Vinci surgical robot service, in violation of Section 2 of the Sherman Act (*id.* ¶¶ 109-11); (iii) unlawfully tied da Vinci surgical system service to surgical systems and parts, in violation of Section 1 of the Sherman Act (*id.* ¶¶ 112-14); and (iv) engaged in unlawful exclusive dealing by

forcing customers to purchase da Vinci surgical system service from Intuitive, in violation of Section 1 of the Sherman Act (*id.* ¶¶ 115-17).

Intuitive has brought counterclaims in the Pending Actions, asserting that both Restore's and Rebotix's EndoWrist "repair" businesses and Restore's da Vinci surgical system "service" business are unlawful and should be permanently enjoined. Intuitive claims that, *inter alia*, Restore and Rebotix have made false and misleading statements regarding their services in violation of the Lanham Act and tortiously interfered with Intuitive's contractual relationships with its customers. (*SIS v. Intuitive*, 3:21-cv-03496-VC (N.D. Cal. July 12, 2020), ECF No. 26-4, Intuitive's First Amended Counterclaims Against Restore ¶¶ 60-69, 73-76; *id*., ECF No. 26-5, Intuitive's Counterclaims Against Rebotix ¶¶ 77-85, 89-92.)

### B. The Present Actions

Similar to Restore and Rebotix, Plaintiffs allege that Intuitive has engaged in antitrust misconduct that impairs the ability of third parties to compete to "repair" EndoWrist instruments and, like Restore, to "service" the da Vinci surgical system. Indeed, Plaintiffs' claims in this action are nearly identical to the claims brought in the Pending Actions. Specifically, like Restore and Rebotix, Plaintiffs claim that Intuitive has: (i) unlawfully tied the purchase of da Vinci surgical systems to the purchase of EndoWrist instruments from Intuitive, in violation of Section 1 of the Sherman Act (*Larkin v. Intuitive*, ECF No. 1, Larkin Compl. ¶¶ 133-38; *Kaleida Health v. Intuitive*, ECF No. 1, Kaleida Compl. ¶¶ 133-38; *Franciscan Alliance, Inc. v. Intuitive*, ECF No. 1, Franciscan Compl. ¶¶ 191-93); (ii) unlawfully monopolized either the "EndoWrist Service Aftermarket in violation of Section 2 of the Sherman Act" according to Larkin and Kaleida (Larkin Compl. ¶¶ 127-129; Kaleida Compl. ¶¶ 127-29), or "the domestic aftermarket for replacements and repairs of EndoWrists" according to Franciscan and Valley Medical Center (Franciscan Compl. ¶¶ 197-99); and (iii) unlawfully attempted to monopolize the purported market for

"EndoWrist Service Aftermarket in violation of Section 2 of the Sherman Act" (Larkin Compl. ¶¶ 130-32; Kaleida Compl. ¶¶ 130-32). In addition, like Restore, Plaintiffs claim that Intuitive has: (i) monopolized the purported da Vinci service aftermarket, in violation of Section 2 of the Sherman Act (Larkin Compl. ¶¶ 114-16; Kaleida Compl. ¶¶ 114-16; Franciscan Compl. ¶¶ 188-90); (ii) unlawfully attempted to monopolize the purported da Vinci service aftermarket, in violation of Section 2 of the Sherman Act (Larkin Compl. ¶¶ 117-19; Kaleida Compl. ¶¶ 117-19); (iii) and unlawfully tied da Vinci service to the da Vinci surgical system, in violation of Section 1 of the Sherman Act (Larkin Compl. ¶¶ 120-26; Kaleida ¶¶ 120-26; Franciscan Compl. ¶¶ 182-84).

### C. Business Connections Among Plaintiffs, Restore and Rebotix

Plaintiffs allege that Restore and Rebotix are two providers that they could hire to perform "service" on their da Vinci surgical systems and to "repair" their EndoWrist instruments. (Larkin Compl. ¶¶ 4, 54; Kaleida Compl. ¶¶ 4, 54; Franciscan Compl. ¶¶ 106-07, 131.) While Larkin and Kaleida purport to identify other service providers they could hire, they both acknowledge that other providers in fact rely on Restore to perform "service" on da Vinci systems. (*See* Larkin Compl. ¶ 54; Kaleida Compl. ¶ 54 (alleging Great Lakes Robotics offers da Vinci "service" "through its partnership with Restore").) Similarly, Rebotix is the only company that Plaintiffs specifically allege has the technology to "reset" EndoWrist instrument usage counters. (Larkin Compl. ¶ 80; Kaleida Compl. ¶ 80; Franciscan Compl. Compl. ¶ 160.)

## II. COORDINATION IS APPROPRIATE BECAUSE THE PRESENT ACTIONS AND PENDING ACTIONS ARE NEARLY IDENTICAL

Pursuant to Local Rule 3-13, parties must promptly notify the Court of actions that involve "all or a material part of the same subject matter and all or substantially all of the same parties as another action which is pending in any other federal or state court." Civ. L.R. 3-13(a). Courts construe Local Rule 3-13 broadly, and complete overlap of claims and parties is not required. *See,*

*e.g.*, *Lane v. Facebook, Inc.*, No. 08-cv-03845-RS, 2009 WL 3458198, at * 4 (N.D. Cal. Oct. 23, 2009) ("The fact that this case involves additional claims and parties does not take it out of the plain language of the rule."); *Cobarruviaz v. Maplebear, Inc.*, No. 15-cv-00697-EMC, 2016 WL 5725076, at *2 (N.D. Cal. Sept. 30, 2016) ("The fact that the instant case involves additional parties and claims does not necessarily defeat the application of Rule 3-13."). If another case satisfies these criteria, then the notifying party must, *inter alia*, explain whether coordination of the two actions "might avoid conflicts, conserve resources and promote efficient determination of the action[.]" Civ. L.R. 3-13(b)(3)(B).[2]

The present actions involve "a material part of the same subject matter" of the Pending Actions. Courts have recognized that this element of Local Rule 3-13 is satisfied when actions involve the same "central issue." *See Henry v. Home Depot U.S.A., Inc*, No. 14-CV-04858-JST, 2016 WL 4538365, at *3-5 (N.D. Cal. Aug. 31, 2016) (Notice of Pendency would have been appropriate as "the original complaints in both cases alleged the central issue which has come to dominate both cases"). Here, as in the Pending Actions, Plaintiffs' claims center on allegations that Intuitive has engaged in antitrust misconduct, including tying and monopolization, that has impaired competition in the "service" of da Vinci surgical systems and the "repair" of EndoWrist instruments.

In addition, the present actions involve "all or substantially all of the same parties" as the Pending Actions. Courts broadly construe the requirement that "all or substantially all" of the parties be involved in the pending action and have held that cases involving different plaintiffs still

---

[2] Local Rule 3-13(b)(3)(B) also requires the notifying party to explain whether transfer should be effected. Intuitive submits that transfer of the present actions is unwarranted because the Pending Actions are already proceeding in separate jurisdictions, fact discovery in both actions has closed and expert discovery is well underway. As a result, transferring the present actions to either jurisdiction where one of the Pending Actions is ongoing would be unlikely to facilitate coordination.

satisfy the requirements of Local Rule 3-13.  *See, e.g.*, *Pieterson v. Wells Fargo Bank*, N.A., No. 17-CV-02306-EDL, 2019 WL 1465355, at *2-3 (N.D. Cal. Feb. 8, 2019) (defendants should have filed a Notice of Pendency under Rule 3-13 despite the fact that the named plaintiffs in each case were different); *Lane*, 2009 WL 3458198, at *4 (same).  Intuitive is the sole defendant in the present actions and the Pending Actions.  While Plaintiffs are not parties to the Pending Actions, Plaintiffs' claims depend on Restore's and Rebotix's abilities to lawfully "service" da Vinci surgical systems and "repair" EndoWrist instruments.  If the Florida courts hold that Restore's and Rebotix's "service" and "repair" businesses are unlawful, then Plaintiffs cannot have suffered injury.  Thus, Plaintiffs' claims are inextricably intertwined with Restore's and Rebotix's claims in the Pending Actions.

Accordingly, the present actions should be coordinated with the Pending Actions to avoid potential conflicts, conserve judicial resources and promote an efficient determination of these actions.  Specifically, Intuitive believes the present actions should be stayed pending resolution of the Pending Actions, and intends to file a motion for a stay by August 13, 2021, as reflected in the Joint Case Management Statement (ECF No. 35-1).

| | |
|---|---|
| Dated: August 11, 2021 | /s/ Allen Ruby<br>ALLEN RUBY (SBN 47109)<br>allen@allenruby.com<br>ALLEN RUBY, ATTORNEY AT LAW<br>15559 Union Ave. #138<br>Los Gatos, CA 95032<br>Telephone: (408) 477-9690<br><br>KAREN HOFFMAN LENT (*Pro Hac Vice Pending*)<br>karen.lent@skadden.com<br>MICHAEL H. MENITOVE (*Pro Hac Vice Pending*)<br>michael.menitove@skadden.com<br>SKADDEN, ARPS, SLATE,<br> MEAGHER & FLOM LLP<br>One Manhattan West<br>New York, New York 10001<br>Telephone:    (212) 735-3000<br>Facsimile:     (212) 735-2040<br><br>MICHAEL S. BAILEY (*Pro Hac Vice Pending*)<br>michael.bailey@skadden.com<br>SKADDEN, ARPS, SLATE,<br> MEAGHER & FLOM LLP<br>1440 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Telephone:    (202) 371-7000<br>Facsimile: (202) 393-5760<br><br>*Attorneys for Defendant*<br>INTUITIVE SURGICAL, INC. |

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was filed electronically on this 11th day of August, 2021.  As of this date, all counsel of record have consented to electronic service and are being served with copies of these documents the Court's CM/ECF system.

                                                                        /s/ Allen Ruby
                                                                          ALLEN RUBY