**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>**All Cases** | Lead Case No. 3:21-cv-03825-VC<br><br>[~~PROPOSED~~] **ORDER APPOINTING INTERIM CO-LEAD COUNSEL** |

Counsel for the Hospital Plaintiffs[1] in these consolidated cases alleging anticompetitive conduct against Defendant Intuitive Surgical, Inc. ("Intuitive") have jointly proposed the appointment of interim class counsel to manage the litigation pending class certification proceedings. The complex substantive and procedural issues raised in these antitrust cases warrant the appointment of interim class counsel. The proposal is fair, reasonable, and in the interest of the putative class, and the Court adopts it.

Thus, pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Spector Roseman and Kodroff, P.C., Hausfeld LLP, and Cohen Milstein Sellers & Toll PLLC as Interim Co-Lead Counsel on behalf of the proposed Class. While the factors in Rule 23(g)(1) are not, strictly speaking, applicable to interim counsel, they provide a useful framework to evaluate appointments. In that respect, the materials filed with the proposal indicate that Interim Co-Lead Counsel have performed substantial work on behalf of the potential class, facilitated the

---

[1] Plaintiffs are Larkin Community Hospital, Franciscan Alliance, Inc., King County Public Hospital District No. 1 (d/b/a Valley Medical Center) and Kaleida Health (the "Hospitals").

consolidation of separate actions on behalf of the plaintiffs, and have the knowledge, experience, and resources necessary to effectively represent the potential class.

## AUTHORITY AND RESPONSIBILITY

1. Interim Co-Lead Counsel have full authority to conduct all pretrial and trial work, including settlement discussions. Interim Co-Lead Counsel have the final word on and responsibility for all common discovery issues, service of pleadings and filings, stipulations, briefs and arguments, court hearings and appearances, communications with opposing counsel and the Court, expert retention and reports, trial and appeals arising in the course of litigation before this Court (e.g., class certification decisions), as well as work assignments, billing records and fee issues, and overall case strategy, scheduling, and management for the putative direct purchaser class. Opposing counsel may rely on the conduct and representations of Interim Co-Lead Counsel for any issue in the litigation.

2. Interim Co-Lead Counsel have full authority over, and responsibility for: (1) assigning work to other plaintiffs' counsel, as may be appropriate and in the putative class's best interest; (2) implementing time and expense record keeping policies that comply with the guidelines stated in the Billing and Expense Protocol submitted with their motion papers; (3) collecting time and expense reports from all plaintiffs' counsel on a monthly basis; (4) acting as the treasurer for any litigation fund assessments and expenses; and (5) otherwise ensuring that any work done by plaintiffs' counsel in this matter which includes, but is not limited to, common benefit work, read and review time, attending depositions or hearings must be authorized by Interim Co-Lead Counsel.

3. Interim Co-Lead Counsel will be vigilant in ensuring the efficient and economical prosecution of this matter. A request for an award of fees and costs may be based only on records

that were prepared as the fees and costs were incurred. A prolonged forensic accounting exercise or a mini-trial on fees and costs are to be avoided. To that end, Interim Co-Lead Counsel will ensure that all plaintiffs' counsel comply with the terms outlined in the Billing and Expense Protocol.

**IT IS SO ORDERED**

Dated: September 24, 2021

HON. VINCE CHHABRIA
United States District Judge