UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARKIN COMMUNITY HOSPITAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL INC., <br><br> Defendant. | Case No.  21-cv-03825-VC <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 58 |

The plaintiffs in this case, a group of hospitals, allege that Intuitive Surgical has violated the antitrust laws by preventing its customers from turning to third parties when their surgical robots or robot instruments stop working. This is not the first time this Court has been presented with these allegations: a potential competitor to Intuitive Surgical raised a subset of these issues in a related lawsuit, all of which survived a motion to dismiss. *See Surgical Instrument Service Company, Inc. v. Intuitive Surgical, Inc.*, 2021 WL 5474898 (N.D. Cal. Nov. 23, 2021).[1] Intuitive Surgical's motion to dismiss this lawsuit is denied for the same reasons.

1. As Intuitive Surgical acknowledged in its reply brief, the bulk of the arguments advanced in its motion to dismiss were rejected by this Court in *Surgical Instrument Service*. First, the plaintiffs have "plausibly alleged the existence of distinct product markets"—both with respect to the instrument aftermarket and the robot aftermarket—"by virtue of the alleged

---

[1] The Court granted Intuitive Surgical's motion to dismiss a Lanham Act claim that is not an issue in this case. *See id.* at *6–7.

consumer demand." *Id.* at *4. Second, to the extent that Intuitive Surgical requests dismissal of the allegations concerning the use counters in EndoWrist instruments, the EndoWrist instrument redesign, or Intuitive Surgical's decision to deny its customers access to its software, that request is denied: "a court dismisses claims, not allegations." *Id.* at *5. *See also In re Dealer Management Systems Antitrust Litigation*, 313 F. Supp. 3d 931, 956 (N.D. Ill. 2018) ("[A]t [the motion to dismiss] stage, the Court's only role is to determine whether the Complaint states a claim for the causes of actions it advances."). The fact that some of the plaintiffs' allegations may not contribute to an antitrust violation does not doom an otherwise sufficiently pled claim.

2. The plaintiffs also raise allegations beyond those of *Surgical Instrument Service*, alleging that Intuitive Surgical has unlawfully stifled competition in the "Da Vinci Service Aftermarket"—the market for repairs of the robots themselves. Intuitive Surgical argues that the plaintiffs' gripe is really with Intuitive Surgical's refusal to share its software with its customers. Without this software, third parties cannot fix every malfunction that may come up. And because the plaintiffs have not challenged this refusal to deal (expressly disclaiming any intent to do so in their briefing), Intuitive Surgical contends that the plaintiffs have not suffered antitrust injury, as any harm that they face is a consequence of this refusal—not the challenged conduct. *See American Ad Management, Inc. v. General Telephone Co.*, 190 F.3d 1051, 1056 (9th Cir. 1999) ("An antitrust injury must 'flow[] from that which makes defendants' acts unlawful.'") (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)).

But the complaint plainly alleges that at least *some* of the plaintiffs' repair needs could be addressed by third parties, but for Intuitive Surgical's allegedly anticompetitive conduct. For example, the complaint describes an incident in which Hillcrest Hospital hired a third-party servicer to install a new power supply for the robot's touchscreen monitor. The plaintiffs allege that "the robot was fully functioning" after the repair. The plaintiffs have therefore sufficiently alleged that their injuries flow from the challenged conduct.

* * *

The motion to dismiss is denied in its entirety. Intuitive Surgical's answer is due within

14 days of this order.

**IT IS SO ORDERED.**

Dated: January 3, 2022

_____

VINCE CHHABRIA
United States District Judge