UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| LARKIN COMMUNITY HOSPITAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTUITIVE SURGICAL INC., <br><br> Defendant. | Case No. 21-cv-03825-VC (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 106 |

This case is a class-action antitrust lawsuit by classes of hospitals and other providers who bought defendant Intuitive's surgical-robot instruments and claim that Intuitive has violated the antitrust laws by preventing them from using third parties to repair the instruments.[1] Fact discovery has closed, and the parties had no discovery disputes. This dispute is between Intuitive and a third party, Alliance.

A third-party repair company called Restore, which sued Intuitive in the Northern District of Florida, hired Alliance to help it get FDA 510(k) clearance to extend the use limits for a particular Intuitive product by ten uses. In response to a third-party subpoena by Intuitive to Alliance in the Restore litigation, Alliance produced 1700 pages dated between 2019 and April 2021 with a

---

[1] Order – ECF No. 69. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 21-cv-03825-VC (LB)

limitation that they could be used only in the Restore litigation. *In re Alliance Healthcare Partners*, *LLC*, No. MC-22-0033-PHX-DWL, 2022 WL 16527952, at *2, *7 (D. Ariz. Oct. 28, 2022) (addressing dispute and ultimately transferring this third-party subpoena to the Northern District of California). Eventually Alliance agreed to produce them in this litigation, which was efficient and practical: the complaint here says that the plaintiffs would have purchased remanufactured EndoWrists from Restore.[2]

The dispute centers on the sufficiency of Alliance's second production from April 2021 to July 2022. Essentially, the dispute involves a second search. In the letter brief, Intuitive asks for (1) Alliance's documents related to the 510(k) application (RFPs No. 5–9), (2) the pricing and costs of remanufactured EndoWrists (RFP No. 2), and (3) Alliance's relationship with Restore (RFP Nos. 4, 10).[3] Alliance characterizes the dispute somewhat differently: it addresses 1 and 3 in its characterization of the sufficiency of its production, it does not address 2, and it said at the hearing that Intuitive's dispute is limited to the three issues that it raised in its motion to compel in the District of Arizona.[4] To gain some clarity, the court did read the motion, opposition, and reply filed in the District of Arizona (even though the letter-brief process here was meant as a replacement of, and not a supplement to, discovery motions practice, whether here or elsewhere).

Federal Rules of Civil Procedure 45(d) and 26 guide the court's enforcement of non-party subpoenas. Under Rule 26(b)(1), a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The scope of discovery is the same under Rule 45. Fed. R. Civ. P. 45 advisory committee note to 1970 amendment ("the scope of discovery through a subpoena is the

---

[2] Am. Compl. – ECF No. 74, ¶¶ 122, 156–57. Letter Br. – ECF No. 106 at 1.

[3] Letter Br. – ECF No. 106 at 2.

[4] *Id.* at 3, 5.

same as that applicable to ... other discovery rules"); *GreenCycle Paint, Inc. v. PaintCare, Inc.*, No. 15-cv-04059-MEJ, 2018 WL 1399865, at *2 (N.D. Cal. Mar. 19, 2018).

"Non-parties that are unrelated to the litigants should not be burdened in discovery to the same extent as litigants, and requests to them must be drawn narrowly to meet specific needs for information. *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *3 (N.D. Cal. Oct. 31, 2018) (collecting cases). Additionally, there are issues here involving a competing lawsuit by competitors in the robot-repair industry, which is something to consider in assessing Intuitive's request and the parties' positions. *Cf. Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA (JSC), 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017) (finding it significant that discovery dispute "involve[d] a Rule 45 subpoena between direct competitors operating in the same industry" in determining whether to quash request); *In re Worlds of Wonder Sec. Litig.*, 147 F.R.D. 214, 216 (N.D. Cal. 1992) (denying motion to compel discovery from litigating party where party's confidential trade secrets would be disclosed to its competitors, who were serving as expert witnesses). Generally, the party moving to quash bears the burden of persuasion, but the party "issuing the subpoena must demonstrate that the information is relevant and material to the allegations and claims at issue in the proceedings." *GreenCycle*, 2018 WL 1399865, at *3.

Intuitive's main concern is that — for the 510(k) application — it wants Alliance to use its search terms because Alliance's production was made by running the search term K210478 (the FDA-assigned name for the 510(k) application) across the emails of two Alliance personnel. It proposes a search with more terms.[5] Alliance responded that that its search was sufficient to produce its communications with the FDA. It says that it is a small company and suggests that Intuitive is seeking the information to use in the Restore trial, which begins on February 6, 2023. At the December 8, 2022 hearing on the dispute, it said that Intuitive had asked to reopen discovery there, and the court there said no. Alliance also is concerned that the protective order here is different than the protective order in the Florida case and does not want there to be issues

---

[5] *Id.* at 2.

with the "Outside Counsel Only" designations.[6] At the hearing, it affirmed that its search was sufficient to identify the relevant communications with the FDA, it has produced them, and that the proposed terms would yield an unhelpfully large and irrelevant amount of information.

The court accepts Alliance's representation that its search is sufficient to identify all communications with the FDA. Given that this is a second search after a sufficient production through April 2021, whatever relevance there is for responsive information to a search with more search terms does not outweigh the burden that would result from Alliance's having to review a large production for privilege and work product. (It is apparent from the court's review of the proposed search terms and the RFPs that the responsive hits would be large.) The core information is the correspondence with the FDA. Limiting the post April 2021 production to that universe is proportional to the needs of the litigation. Intuitive's request for information about Alliance's relationship with Restore (RFP Nos. 4, 10) is cabined by this ruling: this second production is sufficient. Given the Rule 45 standard and the context of the dispute, the court does not order more on this record.

Another issue is use in the Florida litigation and the protective order. Discovery in the other case is closed. The discovery here cannot be used there absent an order by that court. The protective order here cannot be used as an end-run around the protective order in the Florida case.

Another issue may be the sufficiency of Alliance's production of testing data. On this record and argument, the production is sufficient.

The final issue is Intuitive's request for documents and communications relating to the pricing and costs of remanufactured EndoWrists (RFP No. 2). The parties did not address the dispute squarely. On this record, considering the RFP, and given the production of information through April 2021, the court cannot see how more discovery is proportional to the needs of the case.

Given that the parties do not frame the issues in the same way in the letter brief, this is the court's best effort at resolving the dispute. It probably would have been a more fruitful exercise if the parties had talked again before filing the letter brief: they last talked by telephone on July 15

---

[6] *Id.* at 3–5.

and emailed on July 22 and 27, and possibly Alliance produced information after that (although the court is not sure on this last point).[7] If the court has overlooked something fairly raised in the underlying motion to compel and reiterated in the letter brief, then the parties can raise it in a new letter brief. But they need to talk first, preferably by video, and frame the dispute issue by issue. This looks like a brief where the parties each pasted in their positions based on the underlying filings in Arizona, and they did not really respond directly to each other. Discovery disputes need to be addressed issue by issue. It was tough going here.

**IT IS SO ORDERED.**

Dated: December 10, 2022

LAUREL BEELER
United States Magistrate Judge

---

[7] *Id.* at 1.