SONYA D. WINNER (SBN 200348)
Email: swinner@cov.com
CORTLIN H. LANNIN (SBN 266488)
Email: clannin@cov.com
ISAAC D. CHAPUT (SBN 326923)
Email: ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690

*Attorneys for Defendant Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION | Lead Case No.: 3:21-cv-03825-VC |
| | **INTUITIVE SURGICAL INC.'S MOTION TO EXCLUDE TESTIMONY OF EINER ELHAUGE** |
| THIS DOCUMENT RELATES TO: [ALL ACTIONS] | Hearing Date:  June 8, 2023<br>Hearing Time:  1:00 PM PST<br>Hearing Place:  Courtroom 4 |
| | Judge: The Honorable Vince Chhabria |

## <u>TABLE OF CONTENTS</u>

NOTICE OF MOTION AND MOTION ........................................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

I.      INTRODUCTION ............................................................................................ 1

II.     FACTUAL BACKGROUND ........................................................................... 3

III.    ARGUMENT .................................................................................................... 5

        A.      Prof. Elhauge's Damage Estimates Regarding Modified EndoWrists Are Unreliable .................................................................................... 5

        B.      Professor Elhauge's Da Vinci Service Damages Are Unreliable. ............ 12

        C.      Prof. Elhauge's Opinions In Areas Where He Is Unqualified Should Be Stricken. ................................................................................... 14

CONCLUSION ......................................................................................................................... 15

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Avila v. Willits Env't Remediation Tr.*,
    633 F.3d 828 (9th Cir. 2011) .................................................................................. 14

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,
    2020 WL 2553181 (S.D. Cal. May 20, 2020), *aff'd*, 9 F.4th 1102 (9th Cir. 2021)................ 14

*Boucher v. U.S. Suzuki Motor Corp.*,
    73 F.3d 18 (2d Cir. 1996) ........................................................................................ 5

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997)........................................................................................... 5, 10

*In re Elec. Books Antitrust Litig.*,
    2014 WL 1282298 (S.D.N.Y. Mar. 28, 2014) ...................................................... 5, 7

*In re Live Concert Antitrust Litig.*,
    863 F. Supp. 2d 966 (C.D. Cal. 2012) ............................................................. 11, 13

*Magnetar Techs. Corp. v. Intamin, Ltd.*,
    801 F.3d 1150 (9th Cir. 2015) ................................................................................ 5

*Marion Healthcare LLC v. S. Illinois Healthcare*,
    2020 WL 1527771 (S.D. Ill. Mar. 31, 2020), *aff'd*, 41 F.4th 787 (7th Cir. 2022) ................... 9

*McGlinchy v. Shell Chem. Co.*,
    845 F.2d 802 (9th Cir. 1988) ............................................................................. 5, 12

*Restore Robotics, LLC v. Intuitive Surgical, Inc.*,
    2019 WL 8063989 (N.D. Fla. Sept. 16, 2019).......................................................... 13

*Toscano v. PGA Tour, Inc.*,
    201 F. Supp. 2d 1106 (E.D. Cal. 2002) ................................................................... 2

*William Inglis & Sons Baking Co. v. Cont'l Baking*,
    942 F.2d 1332 (9th Cir. 1991), *aff'd in part, rev'd in part on other grounds*,
    981 F.2d 1023 (9th Cir. 1992) ............................................................................... 13

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE NOTICE that on June 8, 2023, at 1:00 PM, or as soon thereafter as available, in the courtroom of the Honorable Vince G. Chhabria, located at 450 Golden Gate Avenue, Courtroom 4, 17th Floor, San Francisco, CA 94102, Defendant Intuitive Surgical, Inc. will and hereby does move for an order excluding certain opinions of Prof. Einer Elhauge, proffered as an expert witness for the three named plaintiffs in the above-captioned case (hereinafter "Plaintiffs").

This Motion is based on this Notice of Motion and Memorandum of Points and Authorities, the accompanying Declaration of Ashley Bass and attached exhibits, any reply or other supplemental briefing and/or evidence submitted, and the oral argument of counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The three named plaintiff hospitals – Larkin, Franciscan and Valley Medical – have sued Intuitive challenging alleged restraints in Intuitive's contracts with its customers.  In addition to asserting their own claims, the named plaintiffs are seeking to represent a proposed class of hospitals that purchased EndoWrists and/or service on the da Vinci system from Intuitive in the U.S. from May 2017 to the present.  ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Prof. Elhauge offers a variety of opinions in his reports, all of which are of dubious value in light of (among other things) his lack of genuine economics training, and all of which Intuitive disputes, for reasons set forth in Intuitive's own experts' reports.  However, this motion largely focuses on his opinion regarding ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████ In evaluating damages, a responsible expert will employ an

established methodology, such as a regression, yardstick, or before-and-after analysis.[1] ████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

        Prof. Elhauge makes aggressive assumptions to reach these conclusions, which are not only

unsupported by the record but are actually contradicted by it. ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] *See, e.g.*, *Toscano v. PGA Tour, Inc.*, 201 F. Supp. 2d 1106, 1125–26 (E.D. Cal. 2002) (describing established methods for modeling damages).

████████████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████ This analytical leap is simply too large to

support an expert opinion in this case.

      Finally, Prof. Elhauge has offered a number of opinions in his expert reports ████████████

█████████████████████████████████████████████ that are far outside his

expertise as an antitrust professor.  These unqualified opinions should also be precluded.[2]

## II.   FACTUAL BACKGROUND

██████████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████

---

[2] For the avoidance of doubt, Intuitive reserves the right to raise additional objections to Prof. Elhauge's testimony at a later date.  This brief focuses on issues fit for resolution at this stage of the case.



## III.   ARGUMENT

Expert witness testimony must (1) come from a qualified expert; (2) be helpful to the factfinder; (3) be based on sufficient facts or data; (4) use reliable principles and methods; and (5) reliably apply those principles and methods to the facts of the case. Fed. R. Evid. 702.  The court's "gatekeeping" role requires evaluating both the reliability of the expert's methods and the connection between their conclusions and the facts on which those conclusions are based. *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

████  ██████████████████████████████████████████████████████████████████

To support antitrust damages, a plaintiff must "provide evidence such that the jury is not left to 'speculation or guesswork' in determining the amount of damages to award." *Magnetar Techs. Corp. v. Intamin, Ltd.*, 801 F.3d 1150, 1159 (9th Cir. 2015).  In proffering expert testimony to support antitrust damages, the expert must have a basis in the record for the damages estimates and cannot rest damages estimates on unsupported assumptions and unsound extrapolation. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 806–07 (9th Cir. 1988); *In re Elec. Books Antitrust Litig.*, 2014 WL 1282298, at *15 (S.D.N.Y. Mar. 28, 2014) (excluding expert damages opinion that was "unmoored from record facts and unsupported by any rigorous analysis"); *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 22 (2d Cir. 1996) (excluding expert damages testimony where certain assumptions were "a complete break" with reality).

██ ██████████████████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████████
█████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████
████████████████████████████████████████████████
███████████████████████████████████████████████████████████████

5



6



*Id.* Ex. 9 (Elhauge Dep. Ex. 293, Intuitive-00104183, at -201).

7

---

[4] Specifically, a June 2019 email thread about the Extended Uses program, where Nicky Goodson asked Grant Duque "how many lives do we anticipate the instruments completely failing[?]" to which he responded "[m]y guess:  Prograsp, Cadiere:  mid- 20's, MSCND: low 20's, FBF & LND – high teens." Bass Dec. Ex. 4 at -917.

INTUITIVE SURGICAL INC.'S MOTION TO EXCLUDE
TESTIMONY OF EINER ELHAUGE

Case No. 3:21-cv-03825-VC

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████

██████████████████████████████████ *See Marion Healthcare LLC v. S. Illinois Healthcare*, 2020

WL 1527771, at *7 (S.D. Ill. Mar. 31, 2020), *aff'd*, 41 F.4th 787 (7th Cir. 2022) (excluding economist's

testimony and damages models because they were "unhinged from the facts" and "based on a series of

[the expert's] own assumptions").

██ ████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

█████████████████████████████████████████████████████

_____

█ ████████████████████████████████████████████████████████████

████████████████████████████████████████████████

9

███████████████████████████████████████████████████████████
███████████████████████████████████████████████

Prof. Elhauge has no basis for this assumption.

This is pure "*ipse dixit*," not reliable expert testimony.  *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).  In his deposition, Prof. Elhauge provided more "*ipse dixit*" testimony,

10



He
has neither the expertise nor the record support needed to support this opinion. *See In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d 966, 973–74 (C.D. Cal. 2012) (expert damage estimates not grounded in the real world are "so incomplete as to be inadmissible as irrelevant." ) (quoting *Hemmings v. Tidyman's*

*Inc.*, 285 F.3d 1174, 1188 (9th Cir. 2002)); *McGlinchy*, 845 F.2d at 806–07 (affirming exclusion of two expert damages estimates that "ha[d] scant basis in the record . . . rest[ing] on unsupported assumptions and unsound extrapolation").



*William Inglis & Sons Baking Co. v. Cont'l Baking*, 942 F.2d 1332, 1341 (9th Cir. 1991), *aff'd in part, rev'd in part on other grounds,* 981 F.2d 1023 (9th Cir. 1992); *see also In re Live Concert Antitrust Litig.*, 863 F. Supp. 2d at 974–76.

---

[7] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Rightly so, as that exact claim has already been rejected in the related *Restore* litigation. *Restore Robotics, LLC v. Intuitive Surgical, Inc.*, 2019 WL 8063989, at *7–8 (N.D. Fla. Sept. 16, 2019).

**C.      Prof. Elhauge's Opinions In Areas Where He Is Unqualified Should Be Stricken.**

Courts routinely exclude expert testimony where the expert's opinion falls outside his or her relevant discipline.  *See, e.g.*, *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 839 (9th Cir. 2011). And, the "opinions of [expert] witnesses on the intent, motives, or states of mind of corporations, regulatory agencies and others have no basis in any relevant body of knowledge or expertise." *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 2020 WL 2553181, at *5–6 (S.D. Cal. May 20, 2020) (quoting *Stone Brewing Co., LLC v. MillerCoors LLC*, 2020 WL 907060, at *4 (S.D. Cal. Feb. 25, 2020)), *aff'd*, 9 F.4th 1102 (9th Cir. 2021).  Prof. Elhauge does not have (or claim) expertise to offer opinions on ███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████   This includes, for example:



14

## **CONCLUSION**

For the reasons herein, the Court should exclude Prof. Elhauge's damages estimates, and his opinions where he exceeds his expertise, including on ████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████████████

DATED:  March 23, 2023

By:  */s/ Kathryn E. Cahoy*
     KATHRYN E. CAHOY

*Attorney for Intuitive Surgical, Inc.*

*Additional Counsel for Intuitive Surgical, Inc.*

ALLEN RUBY (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, CA 95032
Tel: (408) 477-9690

KAREN HOFFMAN LENT (*Pro Hac Vice*)
Email: karen.lent@skadden.com
MICHAEL H. MENITOVE (*Pro Hac Vice*)
Email: michael.menitove@skadden.com
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2040

KATHRYN E. CAHOY (SBN 298777)
Email: kcahoy@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: + 1 (650) 632-4700
Facsimile: + 1 (650) 632-4800

SONYA WINNER (SBN 200348)
Email: swinner@cov.com
CORTLIN H. LANNIN (SBN 266488)
Email: clannin@cov.com
ISAAC D. CHAPUT (SBN 326923)
Email: ichaput@cov.com
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091

ANDREW LAZEROW (*Pro Hac Vice*)
Email: alazerow@cov.com
ASHLEY E. BASS (*Pro Hac Vice*)
Email: abass@cov.com
JOHN KENDRICK (*Pro Hac Vice*)
Email: jkendrick@cov.com
COVINGTON & BURLING LLP
One City Center 850 Tenth Street NW

15

Washington DC 20001-4956
Telephone: + 1 (202) 662-6000
Facsimile: + 1 (202) 662-6291