# EXHIBIT 82

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION** | **Lead Case No. 3:21-CV-03825-VC** |
| **THIS DOCUMENT RELATES TO: ALL ACTIONS** | |

### INTUITIVE'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF CONTENTION INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and Civil L.R. 33 of the Local Rules of the Northern District of California, Intuitive supplements its responses and objections to Plaintiffs' First Set of Contention Interrogatories.

### STATEMENTS AND OBJECTIONS TO ALL CONTENTION INTERROGATORIES

All of the Statements and Objections to all Contention Interrogatories set forth herein are incorporated in each of the specific responses and objections to the Contention Interrogatories set forth below, and have the same force and effect as if set forth fully therein. Any objection, or lack of objection, to any portion of a Contention Interrogatory shall not be deemed an admission that Intuitive has any information sought in the Contention Interrogatory.

1.      Intuitive objects to the Contention Interrogatories, including without limitation their Definitions, as oppressive, vague and ambiguous.

2.      Intuitive objects to the Contention Interrogatories to the extent that they seek discovery of information that is not relevant to any party's claim or defense or proportional to the needs of the case.

3.      Intuitive objects to the Contention Interrogatories to the extent that they purport to impose burdens other than or beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  Intuitive will respond to the Contention Interrogatories pursuant to the requirements of those Rules.

4.      Intuitive objects to the Contention Interrogatories to the extent that they seek information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection from discovery on the ground that such discovery is impermissible under the Federal Rules of Civil Procedure.

5.      Intuitive objects to the Contention Interrogatories to the extent that they seek the disclosure of confidential, proprietary, or trade secret information

6.      Intuitive objects to the Contention Interrogatories to the extent they call for information the disclosure of which would be a breach of a duty or a violation of any agreement by Intuitive to maintain the confidentiality of such information.

7.      Intuitive objects to the Contention Interrogatories to the extent they require Intuitive to provide the same information more than once on the ground that such duplicative disclosure is unduly burdensome.

8.      Intuitive objects to the Contention Interrogatories to the extent that they seek information outside Intuitive's possession, custody, or control.

9.      Intuitive objects to the Contention Interrogatories to the extent that they seek information already in Plaintiffs' possession, custody, or control.

10.      Intuitive's objections and responses to the Contention Interrogatories do not constitute, and shall not be interpreted as, Intuitive's agreement with any legal characterizations or conclusions stated or implied in the Contention Interrogatories.

11.     Intuitive's failure to object to a specific Contention Interrogatory on a particular ground or grounds shall not be construed as a waiver of its rights to object on any ground or grounds.  Intuitive reserves the right to revise, amend, correct, clarify, supplement, or adds its responses and objections consistent with further investigation and discovery.

12.     Intuitive expressly reserves any and all objections regarding the competency, relevancy, materiality, probative value, and admissibility of all information provided.

13.     Intuitive objects to the Contention Interrogatories to the extent they seek information that is better obtained through other discovery means, such as the production of documents.

14.     Intuitive objects to the Contention Interrogatories to the extent that they are compound and contain subparts in violation of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 33(a)(1).  Although the Contention Interrogatories have one numbered question, they actually contain two or more interrogatories in one.

15.     Intuitive objects to the Contention Interrogatories to the extent they seek "all facts" supporting a contention and would inappropriately require Intuitive to provide the equivalent of a narrative account of its case.

16.     To the extent that Intuitive objects to a particular Contention Interrogatory, Intuitive is willing to meet and confer with Plaintiffs in good faith in an effort to resolve the parties' differences.

## **OBJECTIONS TO DEFINITIONS**

1.     Intuitive objects to the Definitions to the extent that they purport to broaden the obligations imposed by Federal Rules of Civil Procedure or Local Rules of this Court, or any other applicable rule or law.

2.      Intuitive objects to Plaintiffs' definition of "You" and "[Y]our" to the extent

Plaintiffs define the terms to include Intuitive's "agents," "representatives," "attorneys," and

"other persons authorized to act for Intuitive"; to the extent that such definition calls for a legal

conclusion; as overly broad, unduly burdensome, vague, not proportional to the needs of the

case, and/or seeking information that is not relevant to either party's claim or defense; and to the

extent that such definitions purports to impose greater obligations than those imposed by the

requirements of the Federal Rules of Civil Procedure or Local Rules of the this Court, or any

other applicable rule or law.  Intuitive will construe the terms "Your" and "[Y]our" to refer

solely to Intuitive Surgical, Inc.  Intuitive will only provide information in Intuitive's possession,

custody, or control, and not information in the possession, custody, or control of any other

person or entity.

3.      Intuitive objects to the lack of timeframe for these requests.  Subject to and without

waiving the foregoing Objections, Intuitive's responses and objections to the Interrogatory are

limited to the time period between January 1, 2017 to present, although Intuitive will meet and

confer with Plaintiffs regarding the scope of the time period for certain categories of information,

and will provide information consistent with its obligations under the Federal Rules of Civil

Procedure and Local Rules of this Court.

## **INTERROGATORIES**

**CONTENTION INTERROGATORY NO. 1: Do You contend that any Plaintiff's or other proposed class member's claims are barred in whole or in part by the statute of limitations?  If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 1:**

Intuitive incorporates by reference the Statements and Objections to All Contention Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory to the extent it seeks "all facts" supporting Intuitive's contention on this issue because (i) Plaintiff's demand for "all" supporting facts is impermissibly broad under the law; and (ii) fact discovery in this case is ongoing, expert discovery has not concluded, and Intuitive's investigation into this issue is ongoing.  Intuitive expressly reserves the right to assert additional or different arguments about issues relating to this Interrogatory as this action progresses.  Intuitive further objects to this interrogatory on the basis that it is prematurely asserted prior to Plaintiffs' identification of and assertion of damages.  Without seeing the evidence Plaintiffs might present, Intuitive cannot fully respond without speculation as to why Plaintiffs' claims are insufficient, and therefore  Intuitive reserves the right to respond to any claim, fact or assertion if and when Plaintiffs make them.

Subject to the foregoing objections, Intuitive responds that to the extent any plaintiff intends to assert claims outside the statutory four-year period provided pursuant to the Clayton Act, 15 U.S.C. §15(b), those claims are time barred.

**CONTENTION INTERROGATORY NO. 2: Do You contend that there is no relevant product market for minimally invasive soft tissue surgical robots or that Intuitive lacks monopoly power, and also lacks market power, in such a market?  If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 2:**

Intuitive incorporates by reference the Statements and Objections to All Contention Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory to the extent it seeks "all facts" supporting Intuitive's contention on this issue because (i) Plaintiffs' demand for "all" supporting facts is

impermissibly broad under the law; and (ii) fact discovery in this case is ongoing, expert discovery has not concluded, and Intuitive's investigation into this issue is ongoing. Intuitive is identifying material facts known to it at this stage in the case and reserves the right to rely on additional facts at future stages of this litigation. Plaintiffs' request that Intuitive identify all facts that support this overly broad interrogatory, in connection with other broad interrogatories served, reflects an impermissible attempt to force Intuitive to identify every piece of evidence on which it might rely at any future stage in this case, which is inconsistent with both the law and scheduling deadlines set forth in this case. Intuitive further objects to this interrogatory on the basis that it is prematurely asserted prior to Plaintiffs' identification of and assertion of damages. Without seeing the evidence Plaintiffs might present, Intuitive cannot fully respond without speculation as to why Plaintiffs' claims are insufficient, and therefore Intuitive reserves the right to respond to any claim, fact or assertion if and when Plaintiffs make them.

Subject to the foregoing general and specific objections, Intuitive responds that there is no relevant product market for "minimally invasive soft tissue surgical robots." *See, e.g.*, Intuitive-00038260 at -267, 270, 275; Intuitive-00001358 at -363, 374; Intuitive 2000 Form 10-K at p. 31; Intuitive 2020 Form 10-K at p. 24. That purported market is artificially narrow and disregards alternative surgical modalities that compete with robotic-assisted surgery, including open and laparoscopic surgery. *See, e.g.*, Intuitive-00038260 at -275; Intuitive-00001358 at -374; Intuitive-00001025 at -026; Intuitive 2000 Form 10-K at p. 31; Intuitive 2020 Form 10-K at p. 24; Bernier (11/7/2022) Dep. Tr.; Burke (9/27/2022) Dep. Tr.; Early (10/6/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Francis (10/14/2022) Dep. Tr.; Maun (11/8/2022) Dep. Tr.; Nolan (11/10/2022) Dep. Tr.; Shepherd (11/4/2022) Dep. Tr.; Sosa-Guerrero (9/23/2022) Dep. Tr. Open, laparoscopic and robotic-assisted surgery are all capable of performing nearly all of

the same surgical procedures.  *See, e.g.*, Intuitive-00038260 at -275; Intuitive-00001358 at -374;

Intuitive-00001025 at -026; Bernier (11/7/2022) Dep. Tr.; Burke (9/27/2022) Dep. Tr.; Early

(10/6/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Francis (10/14/2022) Dep. Tr.; Maun

(11/8/2022) Dep. Tr.; Nolan (11/10/2022) Dep. Tr.; Shepherd (11/4/2022) Dep. Tr.; Sosa-

Guerrero (9/23/2022) Dep. Tr.  All three are viable alternatives that hospitals and surgeons can

and do use interchangeably.  *See, e.g.*, *id.*  Because there is no cognizable antitrust market "for

minimally invasive soft tissue surgical robots," Intuitive cannot have monopoly or market power

in that purported market.  *See, e.g.*, Intuitive-00038260 at -275; Intuitive-00001358 at -374;

Intuitive-00001025 at -026; Intuitive 2000 Form 10-K at p. 31; 2020 Form 10-K at p. 24.

Additional support for these contentions is found in Intuitive's expert reports dated

January 18, 2023 and January 20, 2023, and supporting evidence cited therein.

**CONTENTION INTERROGATORY NO. 3:  Do You contend that there are no relevant product aftermarkets for EndoWrist Instrument repair and replacement and for service of da Vinci robots?  If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 3:**

Intuitive incorporates by reference the Statements and Objections to All Contention

Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory to the extent it seeks "all facts" supporting

Intuitive's contention on this issue because (i) Plaintiffs' demand for "all" supporting facts is

impermissibly broad under the law; and (ii) fact discovery in this case is ongoing, expert

discovery has not concluded, and Intuitive's investigation into this issue is ongoing. Intuitive is

identifying material facts known to it at this stage in the case and reserves the right to rely on

additional facts at future stages of this litigation.  Plaintiffs' request that Intuitive identify all

facts that support this overly broad interrogatory, in connection with other broad interrogatories

served, reflects an impermissible attempt to force Intuitive to identify every piece of evidence on which it might rely at any future stage in this case, which is inconsistent with both the law and scheduling deadlines set forth in this case.  Intuitive further objects to the phrase "EndoWrist Instrument repair and replacement" as vague and ambiguous.  Intuitive will interpret this term to refer to the sale of remanufactured EndoWrists.  Intuitive further objects to this interrogatory on the basis that it is prematurely asserted prior to Plaintiffs' identification of and assertion of damages.  Without seeing the evidence Plaintiffs might present, Intuitive cannot fully respond without speculation as to why Plaintiffs' claims are is insufficient, and therefore Intuitive reserves the right to respond to any claim, fact or assertion if and when Plaintiffs make them..

Subject to the foregoing general and specific objections, Intuitive responds that there are no relevant product aftermarkets for "EndoWrist Instrument repair and replacement" or "service of da Vinci robots."  First, there is no primary product market in which Intuitive has monopoly power.  *See, e.g.*, Intuitive-00038260 at -275; Intuitive-00001358 at -374; Intuitive-00001025 at -026; Intuitive 2000 Form 10-K at p. 31; 2020 Form 10-K at p. 24; Bernier (11/7/2022) Dep. Tr.; Burke (9/27/2022) Dep. Tr.; Early (10/6/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Francis (10/14/2022) Dep. Tr.; Maun (11/8/2022) Dep. Tr.; Nolan (11/10/2022) Dep. Tr.; Shepherd (11/4/2022) Dep. Tr.; Sosa-Guerrero (9/23/2022) Dep. Tr.  As explained in response to Interrogatory 2, the primary market is highly competitive as it is not limited to robotic-assisted surgery, but rather must include (at least) open and laparoscopic surgery.  *See, e.g.*, *id*.  Second, Intuitive's terms of sale, including the challenged contractual terms regarding instruments and service, are clearly articulated to customers when they enter into contractual relationships with Intuitive.  *See, e.g.*, Intuitive-

00006677; Intuitive-00152042; Intuitive-00006699; Intuitive-00005135; Intuitive-00005955;

Intuitive-00063473; Intuitive-00067020; Burke (9/26/2022) Dep. Tr.; Estape (10/22/2022)

Dep. Tr.; Gonzalez (10/17/2022) Dep. Tr.; Sampson (11/3/2022) Dep. Tr.; Schimmel

(9/22/2022) Dep. Tr.; Thomas (11/10/2022) Dep. Tr.; Wagner (10/11/2022) Dep. Tr.;

Waninger (10/6/2022) Dep. Tr.  Therefore, Intuitive's customers could not have been

"locked in" by a post-purchase change in policy.  Because the primary market is competitive

and no Intuitive customers were "locked in," there are no relevant antitrust aftermarkets for

"EndoWrist Instrument repair and replacement" or "service of da Vinci robots."

Additional support for these contentions is found in Intuitive's expert reports dated

January 18, 2023 and January 20, 2023, and supporting evidence cited therein.

**CONTENTION INTERROGATORY NO. 4: Do You contend that Intuitive has not tied its customers' purchase and leasing of da Vinci robots and servicing of da Vinci robots to the purchase of replacement EndoWrist Instruments from Intuitive, and foregoing purchases of EndoWrist Instrument repair services from other entities?  If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 4:**

Intuitive incorporates by reference the Statements and Objections to All Contention

Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory to the extent it seeks "all facts" supporting

Intuitive's contention on this issue because (i) Plaintiff's demand for "all" supporting facts is

impermissibly broad under the law; and (ii) fact discovery in this case is ongoing, expert

discovery has not concluded, and Intuitive's investigation into this issue is ongoing.  Intuitive is

identifying material facts known to it at this stage in the case and reserves the right to rely on

additional facts at future stages of this litigation  Plaintiffs' request that Intuitive identify all

facts that support this overly broad interrogatory, in connection with other broad interrogatories

served, reflects an impermissible attempt to force Intuitive to identify every piece of evidence

on which it might rely at any future stage in this case, which is inconsistent with both the law

and scheduling deadlines set forth in this case.  Intuitive further objects to the phrase

"EndoWrist Instrument repair services" as vague and ambiguous.  Intuitive will interpret this

term to refer to the purchase of remanufactured EndoWrists. Intuitive further objects to this

interrogatory on the basis that it is prematurely asserted prior to Plaintiffs' identification of and

assertion of damages.  Without seeing the evidence Plaintiffs might present, Intuitive cannot

fully respond without speculation as to why Plaintiffs' claims are insufficient, and therefore

Intuitive reserves the right to respond to any claim, fact or assertion if and when Plaintiffs make

them.

 Subject to the foregoing general and specific objections, Intuitive responds that it has not

"tied customers' purchase and leasing of da Vinci robots and servicing of da Vinci robots to the

purchase of replacement EndoWrist Instruments from Intuitive, and foregoing purchases" of

remanufactured EndoWrists.  Separate product markets do not exist for the purchase of da Vinci

systems and da Vinci system service or EndoWrists such that any of these products or services

can be subject to a tying arrangement.  *See, e.g.*, Intuitive 2000 Form 10-K at p. 1; Intuitive

2020 Form 10-K at p. 4.  These are all critical components of the da Vinci system that Intuitive

always has offered as an integrated offering in order to ensure product quality and patient safety.

*See, e.g.*, *id.*  In addition, as explained in response to Interrogatories 2 and 3, there is no

cognizable tying market in which Intuitive has market power.  *See, e.g.*, Intuitive-00038260 at -

275; Intuitive-00001358 at -374; Intuitive 2000 Form 10-K at p. 31; Intuitive 2020 Form 10-K

at p. 24; Bernier (11/7/2021) Dep. Tr.; Burke (9/27/2022) Dep. Tr.; Early (10/6/2022) Dep. Tr.;

Estape (10/22/2022) Dep. Tr.; Francis (10/14/2022) Dep. Tr.; Maun (11/8/2022) Dep. Tr.;

Nolan (11/10/2022) Dep. Tr.; Shepherd (11/4/2022) Dep. Tr.; Sosa-Guerrero (9/23/2022) Dep.

Tr.  Finally, Intuitive's terms of sale, including the challenged contractual terms regarding

instruments and service, are clearly articulated to customers when they enter into contractual

relationships with Intuitive.  *See, e.g.*, Intuitive-00006677; Intuitive-00152042; Intuitive-

00006699; Intuitive-00005135; Intuitive-00005955; Intuitive-00063473; Intuitive-00067020;

Burke (9/26/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Gonzalez (10/17/2022) Dep. Tr.;

Sampson (11/3/2022) Dep. Tr.; Schimmel (9/22/2022) Dep. Tr.; Thomas (11/10/2022) Dep. Tr.;

Wagner (10/11/2022) Dep. Tr.; Waninger (10/6/2022) Dep. Tr.

Additional support for these contentions is found in Intuitive's expert reports dated

January 18, 2023 and January 20, 2023, and supporting evidence cited therein.

**CONTENTION INTERROGATORY NO. 5:  Do You contend that Intuitive has not tied its customers' purchase and leasing of da Vinci robots to the purchase of da Vinci robot service from Intuitive and foregoing purchases of da Vinci robot service from other entities?  If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 5:**

Intuitive incorporates by reference the Statements and Objections to All Contention

Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory to the extent it seeks "all facts" supporting

Intuitive's contention on this issue because (i) Plaintiff's demand for "all" supporting facts is

impermissibly broad under the law; and (ii) fact discovery in this case is ongoing, expert

discovery has not concluded, and Intuitive's investigation into this issue is ongoing.  I Intuitive

is identifying material facts known to it at this stage in the case and reserves the right to rely on

additional facts at future stages of this litigation.  Plaintiffs' request that Intuitive identify all

facts that support this overly broad interrogatory, in connection with other broad interrogatories

served, reflects an impermissible attempt to force Intuitive to identify every piece of evidence

on which it might rely at any future stage in this case, which is inconsistent with both the law and scheduling deadlines set forth in this case.  Intuitive further objects to this interrogatory on the basis that it is prematurely asserted prior to Plaintiffs' identification of and assertion of damages.  Without seeing the evidence Plaintiffs might present, Intuitive cannot fully respond without speculation as to why Plaintiffs' claims are insufficient, and therefore  Intuitive reserves the right to respond to any claim, fact or assertion if and when Plaintiffs make them.

       Subject to the foregoing general and specific objections, Intuitive responds that it has not "tied its customers' purchase and leasing of da Vinci robots to the purchase of da Vinci robot service from Intuitive and foregoing purchases of da Vinci robot service from other entities." Separate product markets do not exist for the purchase of da Vinci systems and da Vinci system service such that they can be subject to a tying arrangement.  *See, e.g.*, Intuitive 2000 Form 10-K at p. 1; Intuitive 2020 Form 10-K at p. 4.  In addition, there is no requirement that purchasers or lessees of da Vinci systems purchase da Vinci system service from Intuitive.  *See, e.g.*, Intuitive-00154125, Intuitive-00005134, Intuitive-00005168; Intuitive-00005955; Intuitive-00006453; Intuitive-00005135. Moreover, as explained in response to Interrogatories 2 and 3, there is no cognizable tying market in which Intuitive has market power.  *See, e.g.*, Intuitive-00038260 at -275; Intuitive-00001358 at -374; Intuitive 2000 Form 10-K at p. 31; Intuitive 2020 Form 10-K at p. 24; Bernier (11/7/2022) Dep. Tr.; Burke (9/27/2022) Dep. Tr.; Early (10/6/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Francis (10/14/2022) Dep. Tr.; Maun (11/8/2022) Dep. Tr.; Nolan (11/10/2022) Dep. Tr.; Shepherd (11/4/2022) Dep. Tr.; Sosa-Guerrero (9/23/2022) Dep. Tr.  Finally, Intuitive's terms of sale, including the challenged contractual terms regarding instruments and service, are clearly articulated to customers when they enter into contractual relationships with Intuitive.  *See, e.g.*, Intuitive-00006677; Intuitive-

00152042; Intuitive-00006699; Intuitive-00005135; Intuitive-00005955; Intuitive-00063473;

Intuitive-00067020; Burke (9/26/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Gonzalez

(10/17/2022) Dep. Tr.; Sampson (11/3/2022) Dep. Tr.; Schimmel (9/22/2022) Dep. Tr.; Thomas

(11/10/2022) Dep. Tr.; Wagner (10/11/2022) Dep. Tr.; Waninger (10/6/2022) Dep. Tr.

Additional support for these contentions is found in Intuitive's expert reports dated

January 18, 2023 and January 20, 2023, and supporting evidence cited therein.

**CONTENTION INTERROGATORY NO. 6:  Do You contend that there are procompetitive justifications for Intuitive's restrictions on repair of EndoWrist Instruments and service of da Vinci robots by customers and third parties?  If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 6:**

Intuitive incorporates by reference the Statements and Objections to All Contention

Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory to the extent it seeks "all facts" supporting

Intuitive's contention on this issue because (i) Plaintiff's demand for "all" supporting facts is

impermissibly broad under the law; and (ii) fact discovery in this case is ongoing, expert

discovery has not concluded, and Intuitive's investigation into this issue is ongoing.  Intuitive is

identifying material facts known to it at this stage in the case and reserves the right to rely on

additional facts at future stages of this litigation.  Plaintiffs' request that Intuitive identify all

facts that support this overly broad interrogatory, in connection with other broad interrogatories

served, reflects an impermissible attempt to force Intuitive to identify every piece of evidence

on which it might rely at any future stage in this case, which is inconsistent with both the law

and scheduling deadlines set forth in this case.  Intuitive further objects to the phrase "repair of

EndoWrist Instruments" as vague and ambiguous.  Intuitive will interpret this phrase to refer to

the remanufacturing of EndoWrists.  Intuitive further objects to this interrogatory on the basis

that it is prematurely asserted prior to Plaintiffs' identification of and assertion of damages. Without seeing the evidence Plaintiffs might present, Intuitive cannot fully respond without speculation as to why Plaintiffs' claims are insufficient, and therefore  Intuitive reserves the right to respond to any claim, fact or assertion if and when Plaintiffs make them.

Subject to the foregoing general and specific objections, Intuitive responds that Interrogatory 6 appears to be predicated on counterfactual and legally baseless assumptions about Intuitive's purported need to demonstrate "procompetitive justifications" for restrictions on repair of EndoWrists and service of da Vinci robots.  There is no requirement that purchasers or lessees of da Vinci systems purchase da Vinci system service from Intuitive.  *See, e.g.*, Intuitive-00154125.  Nevertheless, any restrictions on remanufacturing of EndoWrists and da Vinci service are justified by rationales that are procompetitive, including:

- Intuitive's legitimate patient safety, product quality, and reputational concerns, *see, e.g.*, Intuitive-00552745; Intuitive-00691203; Intuitive-00691208-09; Intuitive-00515501 at -508-09, -514-15; Intuitive-00493504 at -505; Intuitive-00538994; Intuitive 2020 Form 10-K at p. 26; [Intuitive-00530863 – Intuitive-00552513 and Intuitive-00587263 – Intuitive-00593440]; Vavoso (5/14/2021) Dep. Tr.; Bernier (11/7/2022) Dep. Tr.; Burke (9/27/2022) Dep. Tr.; Gonzalez (10/17/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Francis (10/14/2022) Dep. Tr.; Maun (11/8/2022) Dep. Tr.; Nolan (11/10/2022) Dep. Tr.; Plomin (11/8/2022) Dep. Tr.; Sampson (11/3/2022) Dep. Tr.; Schimmel (9/22/2022) Dep. Tr.; Shepherd (11/4/2022) Dep. Tr.; Wagner (10/11/2022) Dep. Tr.

- Avoiding potential liability and/or unwarranted litigation as a result of third parties' incompetent, dangerous, and/or illegal activity, *see, e.g.*, Restore-00039122; Restore-00052937; Restore-00055975; Intuitive-00706083 at -086; Gibson (6/22/2021) Dep. Tr. 212:22-213:1; Vautrot (5/11/2021) Dep. Tr. 157:12-18; Ferreira (6/7/2021) Dep. Tr. 62:16-63:25; 73:3-7;

- Avoiding free-riding and promoting innovation, *see, e.g.*, Papit (6/2/2021) Dep. Tr. 134:5-135:3; Vautrot (5/11/2021) Dep. Tr. 122:6-13; Parker (5/4/2021) Dep. Tr. 57:15-23;

- Offering customers superior financial terms; *See, e.g.*, Intuitive-00372053; Intuitive-00021011; Intuitive-00372053 at -053;

- Lowering transaction costs for consumers; and

- Reducing compatibility costs.

Additional support for these contentions is found in Intuitive's expert reports dated January 18, 2023 and January 20, 2023, and supporting evidence cited therein.

**CONTENTION INTERROGATORY NO. 7**: **Do You contend that any of Plaintiffs' or other proposed class members' claims fail because of legal or regulatory requirements relating to the FDA's 510(k) clearance process?  If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 7:**

Intuitive incorporates by reference the Statements and Objections to All Contention Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory to the extent it seeks "all facts" supporting Intuitive's contention on this issue because (i) Plaintiff's demand for "all" supporting facts is impermissibly broad under the law; and (ii) fact discovery in this case is ongoing, expert discovery has not concluded, and Intuitive's investigation into this issue is ongoing.  Intuitive is identifying material facts known to it at this stage in the case and reserves the right to rely on additional facts at future stages of this litigation.  Plaintiffs' request that Intuitive identify all facts that support this overly broad interrogatory, in connection with other broad interrogatories served, reflects an impermissible attempt to force Intuitive to identify every piece of evidence on which it might rely at any future stage in this case, which is inconsistent with both the law and scheduling deadlines set forth in this case.  Intuitive additionally objects to the phrase "claims fail" as overly broad, vague and ambiguous.  Plaintiffs have not identified which claims are at issue or under what basis the contemplated claims might fail, such as by failure to state a claim or as a result of insufficient evidence.  Intuitive further objects to this interrogatory on the

15

basis that it is prematurely asserted prior to Plaintiffs' identification of and assertion of

damages.  Without seeing the evidence Plaintiffs might present, Intuitive cannot fully respond

without speculation as to why Plaintiffs' claims are insufficient, and therefore  Intuitive reserves

the right to respond to any claim, fact or assertion if and when Plaintiffs make them.

Subject to the foregoing general and specific objections, Intuitive responds that

Plaintiffs' claims relating to EndoWrists fail, among other reasons, because of legal or regulatory

requirements relating to the FDA's 510(k) clearance process.  Intuitive's EndoWrist instruments

are tested, validated, and sold as limited use or "resposable" instruments.  *See, e.g*, Intuitive-

00691203; Intuitive-00691208-09; Intuitive-00515501 at -508-09, -514-15; Intuitive-00493504

at -505; [Intuitive-00530863–Intuitive-00552513 and Intuitive-00587263–Intuitive-00593440].

Intuitive has submitted its validation protocols and test results to the FDA, which has cleared the

marketing and sale of EndoWrists with use limits under Section 510(k) of the Federal Food,

Drug & Cosmetic Act, 21 U.S.C. § 360(k).  *See, e.g*, *id.*  The third parties that have attempted to

sell remanufactured EndoWrists—including Restore and Rebotix—have openly disregarded

FDA regulations by remanufacturing instruments without legally required 510(k) clearance,

despite being told by the FDA that their activities require 510(k) clearance.  *See e.g.*, Intuitive-

00706083 at-086; Intuitive-00706011; REBOTIX128997 at -997-98; REBOTIX171058;

REBOTIX171059; REBOTIX166916 at -916-917; Restore-00055975; AHP000527 at -528;

AHP002107 at -107-10.  Evidence establishes that Plaintiffs would not have purchased these

illegal instruments in the but-for world, and even if Plaintiffs intend to claim they would have

purchased and used such illegal instruments, their purported inability to participate in an

unlawful business cannot constitute cognizable antitrust injury.  *See, e.g.*, Plaintiff Larkin's

Objections and Responses to Defendant's Second Set of Interrogatories to Larkin at Response 7

("Larkin responds that if a medical device is required to receive FDA clearance but has not received such clearance, it would be Larkin's policy not to use such a device."); Burke (9/27/2022) Dep. Tr.; Early (10/6/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Francis (10/14/2022) Dep. Tr.; Maun (11/8/2022) Dep. Tr.; Plomin (11/8/2022) Dep. Tr.; Sampson (11/3/2022) Dep. Tr.; Schimmel (9/22/2022) Dep. Tr.; Schimmel (11/17/2022) Dep. Tr.; Teal (11/18/2022) Dep. Tr.; Wagner (10/11/2022) Dep. Tr.; Waninger (10/6/2022) Dep. Tr. Plaintiffs also have no evidence that Intuitive has interfered in any way with any effort on their part to obtain remanufactured EndoWrists for which a proper 510(k) clearance has been in place.

Additional support for these contentions is found in Intuitive's expert reports dated January 18, 2023 and January 20, 2023, and supporting evidence cited therein.

**CONTENTION INTERROGATORY NO. 8: Do You contend that Intuitive's restrictions on repair of EndoWrist Instruments and service of da Vinci robots by customers and third parties did not cause Plaintiffs or other proposed class members to suffer antitrust injury? If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 8:**

Intuitive incorporates by reference the Statements and Objections to All Contention Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory to the extent it seeks "all facts" supporting Intuitive's contention on this issue because (i) Plaintiff's demand for "all" supporting facts is impermissibly broad under the law; and (ii) fact discovery in this case is ongoing, expert discovery has not concluded, and Intuitive's investigation into this issue is ongoing. Intuitive is identifying material facts known to it at this stage in the case and reserves the right to rely on additional facts at future stages of this litigation. Plaintiffs' request that Intuitive identify all facts that support this overly broad interrogatory, in connection with other broad interrogatories served, reflects an impermissible attempt to force Intuitive to identify every piece of evidence

17

on which it might rely at any future stage in this case, which is inconsistent with both the law and scheduling deadlines set forth in this case.  Intuitive further objects to the phrase "repair of EndoWrist Instruments" as vague and ambiguous.  Intuitive further objects to this interrogatory on the basis that it is prematurely asserted prior to Plaintiffs' identification of and assertion of damages.  Without seeing the evidence Plaintiffs might present, Intuitive cannot fully respond without speculation as to why Plaintiffs' claims are insufficient, and therefore  Intuitive reserves the right to respond to any claim, fact or assertion if and when Plaintiffs make them.

Subject to the foregoing general and specific objections, Intuitive responds that Intuitive did not cause Plaintiffs or any other entity antitrust injury because Intuitive's conduct is, and always has been, lawful.  In addition, Intuitive incorporates its response to Contention Interrogatory 7 and restates that Plaintiffs' inability to purchase and use illegal EndoWrists cannot give rise to antitrust injury.  *See e.g.*, Intuitive-00706083 at-086; Intuitive-00706011; REBOTIX128997  at -997-98; REBOTIX171058; REBOTIX171059; REBOTIX166916 at -916-917; Restore-00055975; AHP000527 at -528; AHP002107 at -107-10; Larkin's Objections and Responses to Defendant's Second Set of Interrogatories at Response 7; Bernier (11/7/2022) Dep. Tr.; Burke (9/27/2022) Dep. Tr.; Estape (10/22/2022) Dep. Tr.; Francis (10/14/2022) Dep. Tr.; Gonzalez (10/17/2022) Dep. Tr.; Maun (11/8/2022) Dep. Tr.; Plomin (11/8/2022) Dep. Tr.; Sampson (11/3/2022) Dep. Tr.; Schimmel (9/22/2022) Dep. Tr.; Schimmel (11/17/2022) Dep. Tr.; Sosa-Guerrero (9/23/2022) Dep. Tr.; Teal (11/18/2022) Dep. Tr.; Thomas (11/10/2022) Dep. Tr.; Wagner (10/11/2022) Dep. Tr.; Waninger (10/6/2022) Dep. Tr.  Moreover, Plaintiffs cannot demonstrate that they or any putative class member with understanding of the limited nature of the da Vinci "service" that Restore provided (or any other third party could provide) would have ever purchased such limited service.  *See, e.g.*, Intuitive-00361792; Intuitive-

00043879 at -880; Intuitive-00010744; Gordon (5/13/2021) Dep. Tr. 59:3-17; 143:25-144:4;

Wasfy (5/18/2021) Dep. Tr. 74:1-9.  Plaintiffs also have no evidence that Intuitive has interfered

in any way with any effort on their part to obtain remanufactured EndoWrists for which a proper

510(k) clearance has been in place.

Additional support for these contentions is found in Intuitive's expert reports dated

January 18, 2023 and January 20, 2023, and supporting evidence cited therein.

**CONTENTION INTERROGATORY NO. 9: Do You contend that Plaintiffs' case should
not be certified as a class action?  If so, state all facts supporting this contention.**

**INTUITIVE'S RESPONSE TO CONTENTION INTERROGATORY NO. 9:**

Intuitive incorporates by reference the Statements and Objections to All Contention

Interrogatories and Objections to Definitions set forth above.

Intuitive objects to this Interrogatory because this interrogatory seeks a legal conclusion.

Intuitive further objects because Intuitive does not have a burden to establish anything with

respect to class certification and does not at this point even know what contentions and evidence

Plaintiffs intend to present in seeking class certification.  Intuitive further objects to the extent it

seeks "all facts" supporting Intuitive's contention on this issue because (i) Plaintiff's demand for

"all" supporting facts is impermissibly broad under the law; (ii) fact discovery in this case is

ongoing, expert discovery has not concluded, and Intuitive's investigation into this issue is

ongoing; and (iii) Plaintiffs have not filed a motion for class certification, served any expert

Reports or other evidence on class certification, or otherwise identified the contentions and

evidence they intend to submit in support of their burden to demonstrate that the requirements of

FRCP 23 are met in this case.  Intuitive is identifying material facts known to it at this stage in

the case and reserves the right to rely on additional facts at future stages of this litigation.

Plaintiffs' request that Intuitive identify all facts that support this overly broad interrogatory, in

connection with other broad interrogatories served, reflects an impermissible attempt to force Intuitive to identify every piece of evidence on which it might rely at any future stage in this case, which is inconsistent with both the law and scheduling deadlines set forth in this case.

Subject to the foregoing general and specific objections, Intuitive responds that it is not able to reasonably assess all of the issues that will bear on class certification in this case given the current posture of the case, the absence of a class certification motion from Plaintiffs that will set out the contentions and evidence to which Intuitive will need to respond, as well as the potential impact on this case of the Court's rulings on summary judgment.  Intuitive currently anticipates contending that Plaintiffs' case should not be certified as a class action because Plaintiffs cannot satisfy the required elements of Rule 23(a), as well as the further required elements of the pertinent subdivision(s) of Rule 23(b), including (but not limited to) commonality, typicality, adequacy, predominance, superiority, and general conduct warranting class-wide relief.