Homayune A. Ghaussi (SBN 325716)
WARNER NORCROSS + JUDD LLP
2715 Woodward Ave.
Suite 300
Detroit, Michigan 48201
313.546.6000
hghaussi@wnj.com
*Attorneys for Non-Party – Stryker Sustainability Solutions, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION,<br><br>    Plaintiff,<br>v<br>INTUITIVE SURGICAL, INC.,<br><br>    Defendant | Lead Case No: 3:21-cv-03825-VC<br>The Hon. Vince Chhabria<br><br>**NON-PARTY STRYKER SUSTAINABILITY SOLUTIONS, INC'S STATEMENT IN SUPPORT OF MOTION TO SEAL** |

## INTRODUCTION

Pursuant to Civil L.R. 79-5(f)(3), Stryker Sustainability Solutions, Inc. ("SSS"), a non-party to this action, has one objective in filing this statement: preserving the confidentiality of a single, highly confidential due diligence report that contains painstaking detail and insight relating to a potential business acquisition. SSS produced the due diligence report to Intuitive Surgical, Inc. in an unrelated lawsuit, but subject to a protective order and designating the document "ATTORNEYS' EYES ONLY." Plaintiffs obtained this document from Intuitive through discovery in this case. Plaintiffs have since attached the document in its entirety to their brief, filing an administrative motion to seal the document. Although SSS has thus far decided not to burden the Court with statements in support of the parties' various administrative motions to seal, SSS must file the instant statement to articulate the compelling reasons for maintaining this particular document under seal.

## BACKGROUND

SSS is the nation's leading provider of reprocessing and remanufacturing services for single-use medical devices. (Ex B, M. Ziemelis Decl ¶ 5.) This generally includes inspecting, cleaning, function testing, sterilizing and packaging single-use devices so that they can be clinically and safely used again. (*Id.*)

Intuitive markets and sells minimally invasive surgical robots referred to as da Vinci robots. (ECF No. 52, Amended Complaint ¶ 1.) The da Vinci robots utilize EndoWrists, which are the only FDA-approved surgical instruments compatible with the robots. (*Id*. at ¶ 91.) Hospitals hire Rebotix Repair LLC to inspect and repair EndoWrists by, for example, tightening the graspers or sharpening the scissors. (*Id*. at ¶ 106.)

In 2016, SSS considered acquiring Rebotix, which would have enabled SSS to break into the EndoWrist repair market. In so doing, SSS created a confidential due diligence report to analyze the viability of such an acquisition; this is the document that SSS seeks to ensure remains sealed in this case. (Ex B, M. Ziemelis Decl ¶ 6.)

On September 28, 2020, Rebotix sued Intuitive, alleging anti-trust violations. *See Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-02274-VMC-TGW (M.D. Fla.) In the *Rebotix* case, SSS received a third-party subpoena, requesting documents relating to SSS's/Stryker's contemplated acquisition of Rebotix. In response, SSS produced hundreds of documents to Rebotix and Intuitive, including SSS's/Stryker's highly confidential due diligence report. SSS produced these documents pursuant to the *Rebotix* court's Protective Order, designating the documents "ATTORNEYS' EYES ONLY." (*See* Ex A, 3/10/2021 Protective Order.) In October 2022, the *Rebotix* case settled and was later dismissed.

On May 20, 2021, Plaintiffs filed the instant action, alleging similar anti-trust violations against Intuitive. Given the overlap, Intuitive produced copies of SSS's response to the nonparty subpoena in the *Rebotix* case to the Plaintiffs in this case, including SSS's highly confidential due diligence report. Thereafter, Plaintiffs filed a motion for partial summary judgment, ECF No. 127, which referenced portions of SSS's due diligence report but did not attach the document. SSS therefore did not burden the Court with a statement in support of Plaintiffs' administrative motion to seal. *See* ECF No. 136. In fact, SSS has so far refrained several times from filing statements in support of the parties' various administrative motions to seal, concluding that the language and documents at issue in those prior motions did not merit a response.

Now, however, rather than merely reference SSS's/Stryker's highly confidential due diligence report, Plaintiffs have attached the entire document to their Opposition to Intuitive's Cross-Motion for Summary Judgment and Reply in Support of Partial Summary Judgment. *See* ECF No. 170. On review, SSS respectfully requests that this Court maintain its highly confidential due diligence report under seal. Nothing more.

## LEGAL STANDARD

Pursuant to Civil L.R. 79-5(c)(1), made applicable through Civil L.R. 79-5(f)(3), a non-party statement requesting sealing must include the following: "[A] specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient."

Here, the "compelling reason standard" applies as SSS's sealing request is made in connection with a motion that is more than tangentially related to the merits of the case, *i.e.*,

motions for summary judgment. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Thus, the Court may seal the document if "it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1096-97 (citation omitted). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (citation omitted). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id*. (citation omitted.)

## ARGUMENT

### A. Non-party Stryker Sustainability Solutions, Inc.'s legitimate interests provide a compelling reason that warrants sealing its highly confidential due diligence report.

A compelling reason exists to seal non-party SSS's highly confidential due diligence report in full. *See Sumotext Corp. v. Zoove, Inc.*, No. 16-CV-01370-BLF, 2020 WL 836737, at *2 (N.D. Cal. Feb. 20, 2020) (finding compelling reason to grant administrative motion to seal due diligence report in full, stating "[d]ue diligence reports are commonly prepared by companies considering an acquisition and thus typically involve detailed confidential data about the target business").

In analyzing acquisitions, SSS/Stryker generates due diligence reports, like the document at issue here, which relates to SSS's/Stryker's potential acquisition of Rebotix. SSS/Stryker considers a due diligence report to be highly confidential in nature. (Ex B, M. Ziemelis Decl ¶¶ 6-7.) This is why SSS is specifically seeking to safeguard this report and the corresponding internal email from public disclosure.

The document provides detailed information regarding how SSS and Stryker analyze potential acquisitions, including financial projections, estimations of average sales price and marketing expenses, estimations surrounding intellectual property litigation following Stryker's

acquisition, and estimations relating to the profitability of the acquisition to SSS/Stryker and how much Stryker might be willing to pay. (Ex B, M. Ziemelis Decl ¶ 8.) Indeed, the due diligence report painstakingly details SSS's rationale for its recommendation to Stryker, which SSS and Stryker consider to be highly confidential mental impressions relating to this particular deal. (*Id*.) The due diligence report also reveals financial assumptions used by SSS/Stryker to assess the acquisition, which applies not only to Rebotix, but any other business that Stryker targets for acquisition. (*Id*. at ¶ 9.)

Moreover, SSS's/Stryker's internal analysis relating to the acquisition of Rebotix is not the focus of this case and is of no importance to the issue at hand. Accordingly, SSS's compelling reason for preserving the confidentiality of the due diligence report outweighs the public's need for this information. Indeed, sealing this document will not "significantly impact 'the public interest in understanding the judicial process,'" and, thus, the balance tips in SSS's favor. *See In re Hewlett-Packard Co. S'holder Derivative Litig*., No. 12-CV-6003, 2015 WL 8570883, at *5 (N.D. Cal. Nov. 18, 2015), *report and recommendation adopted*, No. 12-CV-6003-CRB, 2015 WL 8479543 (N.D. Cal. Dec. 10, 2015), *aff'd*, 716 F. App'x 603 (9th Cir. 2017) (finding compelling reasons to grant HP's motion to seal, recognizing "the detriment that HP would suffer in the mergers and acquisitions process if competitors had access to this sensitive corporate playbook").

**B. If this Court denies sealing, Stryker Sustainability Solutions, Inc. will be injured.**

Public disclosure of SSS's/Stryker's highly confidential due diligence report would injure SSS and Stryker by revealing the various considerations and methods Stryker uses to analyze acquisitions, which might be used by future target businesses to manipulate the process, or a competitor to undercut Stryker's future acquisitions. (Ex B, M. Ziemelis Decl ¶ 10.) SSS's/Stryker's methods and thresholds surrounding key considerations must remain confidential

to prevent competitive harm. This is, in part, why SSS considers due diligence reports highly confidential and limits their disclosure. Public disclosure of the due diligence report would also be harmful because the document contains highly detailed financial information concerning Rebotix that would be damaging if known, even several years after the fact (the financial information includes certain projections through 2025). (*Id*. at ¶ 11.) Indeed, this is private financial information of competitive value, which Rebotix's competitors might use to analyze the viability of the company. (*Id*.)

### C. A less restrictive alternative to sealing is not sufficient.

SSS has reviewed the documents and materials at issue and identified one such document that SSS argues must remain sealed. To be sure, the document arguably contains a few slides that do not warrant protection, *see e.g*. STRREB00000260, STRREB00000270, but those slides are too insignificant to have any probative value. *See Sumotext Corp. v. Zoove, Inc*., No. 16-CV-01370-BLF, 2020 WL 836737, at *3 (N.D. Cal. Feb. 20, 2020) ("Although the Court could require Defendants to unredact certain portions of the agreement, those portions would be too insignificant to have any probative value."). Accordingly, SSS contends a less restrictive alternative does not exist, and respectfully requests that this Court permit the document to remain sealed in full.

### **CONCLUSION**

Stryker Sustainability Solutions, Inc. respectfully requests that the Court enter an Order, in the form attached hereto as Exhibit C, to seal Exhibit 139 (STRREB00000259 – STRREB00000273) to the Declaration of Jeffrey L. Spector for the reasons stated in this Statement and the Declaration of Michael Ziemelis.

Dated:  May 11, 2023

*/s/ Homayune Ghaussi*
Homayune A. Ghaussi (SBN 325716)
WARNER NORCROSS + JUDD LLP
2715 Woodward Ave.
Suite 300
Detroit, Michigan 48201
313.546.6000
hghaussi@wnj.com
*Attorneys for Non-Party – Stryker Sustainability Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby state a copy of the **Non-Party Stryker Sustainability Solutions, Inc.'s Statement in Support of Motion to Seal** was served on all parties of record using this Court's CM/ECF system.

                                                */s/ Homayune Ghaussi*
                                                Homayune A. Ghaussi