1  Kenneth A. Gallo (*pro hac vice*)
   Paul D. Brachman (*pro hac vice*)
2  **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
   2001 K Street, NW
3  Washington, DC  20006-1047
   Telephone:  (202) 223-7300
4  Facsimile:  (202) 204-7420
   Email: kgallo@paulweiss.com
5  Email: pbrachman@paulweiss.com

6  William B. Michael (*pro hac vice*)
   Crystal L. Parker (*pro hac vice*)
7  Daniel A. Crane (*pro hac vice*)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
8  1285 Avenue of the Americas
   New York, NY 10019-6064
9  Telephone:  (212) 373-3000
   Facsimile:  (212) 757-3990
10 Email: wmichael@paulweiss.com
   Email: cparker@paulweiss.com
11 Email: dcrane@paulweiss.com

12 Joshua Hill Jr. (SBN 250842)
   **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
13 535 Mission Street, 24th Floor
   San Francisco, CA 94105
14 Telephone:  (628) 432-5100
   Facsimile:  (628) 232-3101
15 Email: jhill@paulweiss.com

16 *Attorneys for Defendant Intuitive Surgical, Inc.*

17 [Additional counsel listed on signature page]

18                         **UNITED STATES DISTRICT COURT**

19                         **NORTHERN DISTRICT OF CALIFORNIA**

20                              **SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION,** | Lead Case No. 3:21-cv-03825-AMO |
| This Document Relates to: <br><br> ALL ACTIONS. | **DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL** <br><br> Date:  May 30, 2024 <br> Time:  2:00 p.m. <br> Courtroom:  10 <br><br> The Honorable Araceli Martínez-Olguín |

**MOTION AND NOTICE OF MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Intuitive Surgical, Inc. ("Intuitive") hereby moves the Court, pursuant to Civil Local Rule 7-9, for leave to file the attached motion for reconsideration (Exhibit A) of portions of the Court's March 31, 2024 Order Granting in Part and Denying in Part Hospital Plaintiffs' Motion for Summary Adjudication (Dkt. 232, the "Order").[1]  Intuitive requests that the Court reconsider its rulings as to the interrelated issues of the definition of a U.S. market for EndoWrist repair and replacement, Intuitive's power in such a market, and separate products. Intuitive respectfully submits that the Court's rulings on these issues directly conflict with the Ninth Circuit's decision in *Epic Games, Inc.* v. *Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 681 (2024), and *cert. denied*, 144 S. Ct. 682 (2024), and that reconsideration is warranted under Civ. L.R. 7-9(b)(3) and/or the inherent authority of the Court to prevent clear error or manifest injustice.

In the alternative, PLEASE TAKE NOTICE that on May 30, 2024 at 2:00 p.m., or as soon thereafter as this matter may be heard before the Honorable Araceli Martínez-Olguín, District Judge in the United States District Court for the Northern District of California, at 450 Golden Gate Avenue, Courtroom 10, 19th Floor, San, Francisco, CA 94102, Intuitive will and hereby does move the Court for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on these controlling issues of law.  To conserve judicial resources and avoid unnecessary duplication, Intuitive is presenting both motions together, with the request for § 1292(b) certification (for which leave to file is not required) made in the alternative, in the event that reconsideration is denied.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support thereof, the proposed motion and

---

[1] Pursuant to Civil L.R. 7-9(d), Intuitive does not at this time notice the motion addressed in this paragraph for hearing.  Intuitive requests that the Court, in addition to granting leave to file its motion for reconsideration, set that motion for hearing on May 30, 2024, which is the date Intuitive is noticing for its motion in the alternative for certification under 28 U.S.C. § 1292(b).

accompanying memorandum of law provided in Exhibit A hereto, and such arguments and authorities as may be presented at or before the hearing.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the Court should grant leave for Intuitive to file the attached motion for reconsideration (Exhibit A) of those portions of the Court's Order granting summary judgment for the Hospital Plaintiffs (or "Plaintiffs") as to the existence and definition of a separate, single-brand aftermarket for EndoWrist repair and replacement and as to Intuitive's alleged monopoly power in such an aftermarket, Order at 14:9-11, 18:9-12, and 21:3-5, where Plaintiffs have not demonstrated that they meet the four requirements for establishing a single-brand aftermarket set forth in *Epic Games*, 67 F.4th at 977, and where the Court correctly concluded that there are genuine disputes of material fact precluding summary judgment as to the definition of the alleged primary market or "foremarket" (for surgical robots) and Intuitive's power in that alleged foremarket.

2. If the Court denies leave to seek reconsideration or declines to reconsider its Order, whether the Court should certify, pursuant to 28 U.S.C. § 1292(b), an interlocutory appeal as to the following question of law: Can a plaintiff be granted summary judgment on the existence and definition of a single-brand aftermarket, and a defendant's alleged monopoly power in such an aftermarket, without (a) satisfying the four requirements for establishing a single-brand aftermarket set forth in *Epic Games*, 67 F.4th at 977, or (b) establishing as a matter of undisputed fact that the defendant has monopoly power in a properly defined foremarket?

Because Intuitive is seeking certification of an interlocutory appeal in the alternative, and only in the event that the Court either denies leave to seek reconsideration or declines to reconsider its prior rulings, we briefly summarize the arguments for interlocutory appeal herein and—to avoid repetition and inefficiency—we include a more detailed discussion of those arguments, and how those points relate to the arguments for reconsideration, in the single, consolidated memorandum attached as Exhibit A.

## MEMORANDUM OF POINTS AND AUTHORITIES

Intuitive recognizes that reconsideration is an exceptional remedy, and we do not bring this motion for leave lightly. But we respectfully submit that reconsideration is warranted here to prevent this case from proceeding on the basis of a critical legal error.

As summarized below, and discussed in more detail in the attached motion (Exhibit A), the Court's holdings that there exists a separate, single-brand aftermarket for EndoWrist repair and replacement, and that Intuitive has monopoly power in that aftermarket, are in direct conflict with the Ninth Circuit's controlling decision in *Epic Games*, 67 F.4th 946 (9th Cir. 2023). Accordingly, reconsideration is warranted either because the Court did not "consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order," Civ. L.R. 7-9(b)(3), or to "prevent clear error or prevent manifest injustice." *Gray* v. *Golden Gate National Recreational Area*, 866 F. Supp. 2d 1129, 1132 (N.D. Cal. 2011). In the alternative, Intuitive asks that the Court certify the rulings at issue for interlocutory appeal under 28 U.S.C. § 1292(b).

In *Epic Games*, the Ninth Circuit set out four requirements that "a plaintiff must show" "to establish a single-brand aftermarket." 67 F.4th at 977. The Court held:

> In sum, to establish a single-brand aftermarket, a plaintiff must show: (1) the challenged aftermarket restrictions are 'not generally known' when consumers make their foremarket purchase; (2) 'significant' information costs prevent accurate life-cycle pricing; (3) 'significant' monetary or non-monetary switching costs exist; and (4) general market-definition principles regarding cross-elasticity of demand do not undermine the proposed single-brand market.

67 F.4th at 977.

Plaintiffs here do not purport to satisfy those requirements. Dkt. 194, Ex. A. Instead, they have argued only that the *Epic Games* requirements for defining a single-brand aftermarket do not apply in one limited circumstance: where the plaintiff has established that the defendant has monopoly power in the relevant primary market or "foremarket." *Id*. at 2:1-7. Intuitive does not agree that a showing of monopoly power in the alleged foremarket is sufficient

to define a single-brand aftermarket under *Epic Games*. But, in any event, Plaintiffs have not made that showing here.

In its Order, the Court correctly found that there are genuine issues of material fact precluding summary judgment on the question of whether the relevant primary market is limited to surgical robots and whether Intuitive has market power or monopoly power in the primary market. Order at 15:22-27. Having reached that correct conclusion, and *denied* summary judgment for Plaintiffs with regard to their alleged foremarket, there was no legal or factual basis for the Court to *grant* summary judgment for Plaintiffs with regard to their alleged single-brand aftermarket. Plaintiffs have failed to establish, as a matter of undisputed fact, the requirements set out in *Epic Games* to establish a separate, single-brand aftermarket. And Plaintiffs also have failed to establish, as a matter of undisputed fact, that Intuitive has monopoly power in a properly defined foremarket. As a result, summary judgment should have been denied, *even under Plaintiffs' own view of the law*.

While the procedural history and background on these issues is set out in more detail in Exhibit A, in summary, the dispositive legal issue was presented to the Court as follows:

The Ninth Circuit decided *Epic Games* on April 24, 2023, eleven days after Intuitive had filed its opposition to Plaintiffs' motion for summary judgment, Dkt. 153. As noted above, *Epic Games* sets out four factors that plaintiffs "must show" where, as here, they seek to define a single-brand aftermarket. 67 F.4th 946 at 977. Those factors include, *inter alia*, that "the challenged aftermarket restrictions are 'not generally known' when consumers make their foremarket purchase." *Id.*

Plaintiffs did not address this holding of *Epic Games* in their May 4, 2023 reply in support of partial summary judgment. *Cf.* Dkt. 169 at 16 (citing *Epic Games* for a different, unrelated proposition). In Intuitive's May 25, 2023 reply on its cross-motion for summary judgment—the first brief on summary judgment that Intuitive filed after *Epic Games* was decided—Intuitive relied on *Epic Games* to argue that "an 'aftermarket' exists as a *separate* relevant market only if, *inter alia*, the customer's obligation to purchase aftermarket items from the same seller is not disclosed at the time of the original purchase." Dkt. 188 at 15. Intuitive

further argued that "plaintiffs cannot make this showing" because Intuitive's contracts disclose the purchaser's obligation to buy EndoWrists from Intuitive. *Id.*

Plaintiffs then moved for leave to file a sur-reply specifically to respond to Intuitive's arguments under *Epic Games*. Dkt. 194.[2] Plaintiffs did not argue that they could satisfy the four factors that *Epic Games* had identified as required "to establish a single-brand aftermarket." 67 F.4th at 977. Instead, Plaintiffs made two arguments, one procedural and one substantive, about why the Court should ignore the holding of *Epic Games*. Procedurally, they argued that Intuitive "had every opportunity to make this specious argument in its opposition brief" to Plaintiffs' motion—even though *Epic Games* had not yet been decided when Intuitive filed its opposition—"but failed to do so." Dkt. 194 at 3:9-10 & n.4. Substantively, Plaintiffs argued (in their proposed sur-reply) that "the requirements of the lock-in theory" set forth in *Epic Games* "do not apply" *because* "Intuitive possesses monopoly power in a cognizable primary market: the market for minimally invasive surgical robots ('Robots')." Dkt. 194, Ex. A at 2:28-3:1; *see id.* at 4:1-2 ("Because the evidence unambiguously shows that Intuitive has monopoly power in the Robots market, the requirements of the lock-in theory do not apply.")

The parties thus disagreed about the meaning and significance of *Epic Games* only to the following limited extent: To define a separate, single-brand aftermarket for EndoWrist repair and replacement, Intuitive contended (and contends) that Plaintiffs are required to satisfy the four-factor *Epic Games* test. For their part, Plaintiffs argued that they did not have to satisfy the *Epic Games* test, *if* they could establish that Intuitive has monopoly power in a cognizable primary market for surgical robots.

But this disagreement is neither here nor there with regard to whether leave to seek reconsideration should be granted, as the outcome on the aftermarket issue should have been the same either way, given the Court's ruling on the primary market question.[3] Plaintiffs

---

[2] The Court denied Plaintiffs' motion for leave to file this sur-reply. Order at 32:16-18. Intuitive discusses it here (and in Exhibit A at 5:16-6:20), to confirm the arguments Plaintiffs made (and did not make) regarding the applicability of *Epic Games* to this case.

[3] Plaintiffs' prior argument that Intuitive should have presented the *Epic Games* issue to the Court sooner, or in a different form, *see* Dkt. 194, is likewise irrelevant to the question of reconsideration. Though Intuitive disagrees with Plaintiffs' argument, the relevant timing

- 5 -

never contended that they had satisfied, nor could they satisfy, the four-factor *Epic Games* test as a matter of undisputed fact. *See* Dkt. 194, Ex. A. And Plaintiffs never argued, nor would there be any factual or legal basis for them to argue, that they could be entitled to summary judgment on a separate, single-brand aftermarket if the Court denied their motion for summary judgment as to the alleged primary market—as the Court has now done. *See id.* Rather, Plaintiffs' argument that they could establish the existence of separate products, define a single-brand aftermarket, and show that Intuitive had monopoly power in that aftermarket—without satisfying the four *Epic Games* factors—was explicitly premised on the idea that they could first establish, as a matter of undisputed fact, "that Intuitive possesses monopoly power in a cognizable primary market" for surgical robots. *Id.* at 2:27-3:1.

In this context, reconsideration is plainly warranted. In its Order, the Court found that "there exists a genuine dispute as to whether surgical robots constitute a distinct market that can be separated from laparoscopy and open surgery." Order at 16:2-3. Accordingly, the Court denied the Plaintiffs' motion for summary judgment with respect to the definition of an alleged primary market for surgical robots and as to Intuitive's market power or monopoly power in such a market. *Id.* at 14:12-16:4. Yet, despite that ruling, the Court granted summary judgment to Plaintiffs on the issues of a separate, single-brand aftermarket for EndoWrist repair and replacement and Intuitive's monopoly power in that alleged single-brand aftermarket. *Id.* at 14:3-11, 18:9-11, 21:3-5.

As explained above, and discussed in more detail in the attached Exhibit A, we respectfully submit that the Court's rulings granting summary judgment to Plaintiffs in these circumstances are clearly erroneous, and cannot be squared with the Ninth Circuit's decision in *Epic Games*—under *either* Plaintiffs' *or* Defendants' interpretation of that decision. Accordingly, these rulings should be reconsidered.

---

question under Local Rule 7-9(b)(3) is whether the Court failed "to consider material facts or dispositive legal arguments which were presented to the Court *before such interlocutory order*." Civ. L.R. 7-9(b)(3) (emphasis added). That requirement is met here, as discussed *supra* and in Exhibit A at 3:20-7:18.

If, however, the Court denies leave to seek reconsideration or declines to reconsider these rulings, then we respectfully submit that the Court should certify an interlocutory appeal to the Ninth Circuit. We are aware of no case, from within the Ninth Circuit or elsewhere, holding that a plaintiff can establish a separate, single-brand aftermarket where it has neither met the requirements set forth in *Epic Games*, nor established that the defendant has monopoly power in a properly defined foremarket. As discussed further in Exhibit A at 13:3-13, this is clearly a "controlling question of law." 28 U.S.C. § 1292(b). Intuitive respectfully submits that Ninth Circuit law on this issue is clear, especially given the Ninth Circuit's explanation in *Epic Games* of what a plaintiff "must show" in order "to establish a single-brand aftermarket." 67 F.4th at 977. If the Court disagrees with the arguments Intuitive has presented for reconsideration, however, that would necessarily mean that there is a "substantial ground for difference of opinion," 28 U.S.C. § 1292(b), on these issues, because the Court's ruling would diverge from *Epic Games* and other established precedent, under *either* Plaintiffs' *or* Defendants' interpretation.[4] Further, in this scenario it would "materially advance the ultimate termination of the litigation," *id.*, for the Ninth Circuit to decide these important legal issues immediately, and before the Court, the parties, and potentially a group of jurors expend the considerable resources needed to see this case through to final judgment.

## CONCLUSION

For the foregoing reasons, Intuitive respectfully requests that the Court grant leave to file the motion for reconsideration attached hereto as Exhibit A, and that the Court reconsider its rulings granting summary judgment to Plaintiffs for the reasons set forth in that motion. In the alternative, Intuitive respectfully requests that the Court certify these rulings for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

---

[4] *See also* Exhibit A at 13:14-14:9.

| | |
|---|---|
| Dated:  April 30, 2024 | By: /s/ *Kenneth A. Gallo*<br>        Kenneth A. Gallo |

                                        Kenneth A. Gallo (*pro hac vice*)
                                        Paul D. Brachman *(pro hac vice)*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLINGTON LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLINGTON LLP**
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690
Email: allen@allenruby.com


Attorneys for *Defendant Intuitive Surgical, Inc.*