# ATTACHMENT 60

Manuel J. Dominguez (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: (561) 515-2604
Fax: (561) 515-1401
Email: jdominguez@cohenmilstein.com

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION** | **Lead Case No. 3:21-cv-03825-VC** |
| **THIS DOCUMENT RELATES TO:**<br><br>**ALL ACTIONS** | |

### PLAINTIFF FRANCISCAN ALLIANCE, INC.'S AMENDED OBJECTIONS AND RESPONSES  TO DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFFS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the

Local Rules of the United States District Court for the Northern District of California, Plaintiff

Franciscan Alliance, Inc. ("Plaintiff" or "Franciscan Alliance" or "Franciscan"), by and through

its undersigned counsel, hereby serves its amended objections and responses to Defendant

Intuitive Surgical, Inc.'s Second Set of Interrogatories to Plaintiff (the "Interrogatories"), dated

July 1, 2022. If Defendant so requests, Plaintiff will meet and confer with it regarding Plaintiff's

objections to these Interrogatories at a mutually convenient date and time.

## PRELIMINARY STATEMENT

Plaintiff's objections and responses to the Interrogatories are made for the sole purpose of this litigation. Each response and any documents produced are subject to all objections as to competence, relevance, materiality, propriety, admissibility, privilege, privacy, confidentiality, and any and all other objections on grounds that would require the exclusion of any response or document if such were offered in Court pursuant to the Federal Rules of Evidence, which objections are reserved and may be interposed at any hearing or trial in this action.

No incidental or implied admissions are intended in the responses. Plaintiff's responses to all or part of the Interrogatories should not be taken as an admission that: (1) Plaintiff accepts or admit the existence of any fact set forth in or assumed by the Interrogatories; or (2) Plaintiff has in its possession, custody or control documents or other information responsive to that Interrogatory; or (3) documents or other information responsive to the Interrogatory exist. Plaintiff's responses to all or any part of any Interrogatory are not intended to be, and shall not be, a waiver by Plaintiff of all or any part of its objection(s) to that Interrogatory.

Plaintiff and its counsel have not completed: (1) their investigation of the facts related to this case; (2) discovery in this action; or (3) preparation for trial. The following responses are based upon information known at the time and are given without prejudice to Plaintiff's right to supplement these responses prior to trial or to produce evidence based on subsequently discovered information. Plaintiff's responses are based upon, and therefore limited by, Plaintiff's present knowledge, and, consequently, Plaintiff reserves the right to modify these responses if it appears at any time that inadvertent errors or omissions have been made.

## GENERAL OBJECTIONS

The following general objections are continuing in nature:

1.      Plaintiff objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek to impose obligations and duties beyond those required by the FRCP, the Local Civil Rules for the United States District Court for the Northern District of California, or any Order by this Court in this action. In responding to the Interrogatories, Plaintiff will comply with the requirements set forth by said Rules and any Order of this Court but will not comply with any Definitions or Instructions that seek to impose further requirements.

2.      Plaintiff objects to the Interrogatories, including the Definitions and Instructions, to the extent they seek information subject to the attorney-client privilege, the work-product doctrine, the physician-patient privilege, the common interest privilege, and/or any other applicable privilege, exemption, or protection from discovery.

3.      Plaintiff reserves all objections as to competence, relevance, materiality, privilege or admissibility of evidence in any subsequent proceeding or trial of this action or any other action or for any other purpose whatsoever. The failure to make such objections shall not be deemed a waiver of any of those objections with respect to any of the following responses, and the production of any document in response to the Interrogatories does not concede its relevance to any claim or defense in this action.

4.      Plaintiff objects to the definition of "da Vinci Surgical System" as vague and ambiguous as to the words "System" and "platforms." Plaintiff shall interpret "da Vinci Surgical Systems" to mean the: (i) first generation da Vinci standard surgical robot; (ii) second generation da Vinci S surgical robot; (iii) third generation da Vinci Si surgical robot; and (iv) fourth generation da Vinci X, da Vinci Xi and da Vinci SP surgical robots.

5.      Plaintiff objects to the definition of "Describe" as overly broad, unduly burdensome, vague, and ambiguous.

3

6.      Plaintiff objects to the definition of "EndoWrist Instruments" as vague and ambiguous, including as to the phrase "patented 'EndoWrist' technology," which would require Plaintiff to analyze the technical composition of and intellectual property rights applicable to various instruments and accessories in order to respond to these Interrogatories. In responding to these Interrogatories, Plaintiff will interpret "EndoWrist Instruments" to mean the surgical instruments sold by Intuitive for use with a da Vinci robot and identified by Intuitive as "EndoWrists."

7.      Plaintiff objects to the definition of the term "Identify" or "state the identity of," when used with respect to a natural person as overbroad and seeking information that is neither relevant to the claims or defenses of any party in this action nor proportional to the needs of the action in that it purports to seek personal information, such as home addresses and phone numbers. Any contact by Intuitive's outside counsel with any individual identified in these Responses should be done through Plaintiff's Counsel, except for individuals whom Plaintiff's Counsel has confirmed it is not representing.

8.      Plaintiff objects to the definition of the term "Personnel" as vague, ambiguous, overbroad, and unduly burdensome as to the undefined phrase "in any way affiliated with." Plaintiff further objects to the definition of "Personnel" as overbroad, seeking information that is neither relevant to the claims or defenses of any party in this action nor proportional to the needs of the action, and seeking to impose obligations on Plaintiff beyond the scope of discovery authorized by the FRCP to the extent it includes all persons employed by or affiliated with Plaintiff's non-party corporate parents, subsidiaries, or affiliates. In responding to these Interrogatories, Plaintiff shall construe the term "Personnel" to mean persons employed by Plaintiff.

4

9.     Plaintiff objects to the definition of the term "service" as overly broad, unduly burdensome, and seeking documents that are neither relevant to the claims or defenses of any party in this action nor proportional to the needs of the action because it includes "any work performed in an attempt to . . . adjust . . . any component of a da Vinci Surgical System or EndoWrist Instrument," which could be interpreted to include any actions taken that move or operate a component of a da Vinci robot or EndoWrist, such as routine use of the robot and EndoWrists. Plaintiffs will construe the term "adjust" as referring to repair or maintenance of the robot or EndoWrists.

10.     Plaintiff objects to the definition of the term "Surgical Services" as overly broad, unduly burdensome, and seeking documents that are neither relevant to the claims or defenses of any party in this action nor proportional to the needs of the action because it incorporates surgical procedures that cannot be performed using the da Vinci surgical robot. Plaintiff will interpret the term "Surgical Services" to mean soft-tissue surgical procedures performed robotically at a Plaintiff hospital using the da Vinci surgical robot, as well as those laparoscopic or open soft-tissue surgical procedures that Plaintiff is reasonably able to identify as comparable based on billing or procedure codes maintained in the ordinary course of Plaintiff's business.

11.     Plaintiff objects to the definition of the term "including" as overly broad, vague, ambiguous, and unduly burdensome in that it purports to require Plaintiff to provide information beyond what is plainly requested in an individual interrogatory.

12.     Plaintiff objects to the definition of the term "related to" as vague, ambiguous, overly broad, and unduly burdensome to the extent it incorporates the phrase "tending to prove or disprove" or otherwise calls for Plaintiff to provide information for which the relationship to the referenced subject matter is not readily discernible.

13.     Plaintiff objects to the timeframe set forth in Instruction No. 1 as overly broad, unduly burdensome, vague, and not proportional to the needs of the action. In responding to these Interrogatories, Plaintiff will interpret the relevant time period as beginning on the later of the date on which Plaintiff first considered purchasing a da Vinci robot or January 1, 2015, and ending on December 31, 2021.

14.     Plaintiff objects to Instruction No. 4 as overly broad, unduly burdensome, not proportional to the needs of the action, seeking information subject to the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, exemption, or protection from discovery, and seeking to impose obligations on Plaintiff beyond the scope of discovery authorized by the FRCP to the extent it seeks information that is not reasonably available to Plaintiff based on the personal knowledge of any officer or employee of Plaintiff or the records kept in the ordinary course of its business.

15.     Plaintiff objects to Instruction No. 5 as overly broad, unduly burdensome, not proportional to the needs of the action, seeking information subject to the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, exemption, or protection from discovery, and seeking to impose obligations on Plaintiff beyond the scope of discovery authorized by the FRCP. Plaintiff will limit its responses to the Interrogatories to the substantive information requested by each Interrogatory.

16.     Plaintiff objects to Instruction No. 6 as overly broad, unduly burdensome, not proportional to the needs of the action, and seeking to impose obligations on Plaintiff beyond the scope of discovery authorized by the FRCP to the extent it purports to require more than a reasonable investigation. Plaintiff's responses are based on a reasonable investigation.

6

17.     Plaintiff objects to Instruction No. 11 as exceeding the requirements of FRCP 26(e), which only imposes an obligation to supplement a response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Plaintiff will supplement its responses to these Interrogatories, if at all, to the extent and in the manner required by FRCP 26(e).

### RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 4:**   Describe each communication You have had with any IRC, including by stating the name and business address of the IRC, the individuals involved in the communication, the date of the communication, the method of communication (e.g., in-person meeting, telephone, email), and the subject matter of the communication.

**Response and Objections to Interrogatory No. 4:**

In addition to its general objection, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action because it (a) seeks information concerning communications with IRCs unrelated to EndoWrist repair or da Vinci service, (b) does not list a relevant time period, and (c) asks the hospital to identify every person who has ever communicated with any IRC for any reason, including those unrelated to its da Vinci robot, EndoWrist repair, or da Vinci service.

Plaintiff further objects to this Interrogatory the extent it seeks information that is privileged or protected by the work product doctrine.

Plaintiff further objects that the Interrogatory is overly broad and not relevant to the claims or defenses of the litigation because it asks the hospital to identify every person who has ever communicated with any IRC and every one of their communications with IRCs.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined term "involved." It is not clear what Defendant intends this term to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of this word.

Plaintiff also objects to the extent this Interrogatory seeks communications had by Plaintiff's outside counsel, which are protected by the work product doctrine, rather than Plaintiff itself.

Subject to the foregoing objections, Franciscan Alliance responds that in May or June of 2019 Karen Waninger talked to a representative for Rebotix, Chris Gibson, about EndoWrist repair service at an exhibit hall hosting the Association for the Advancement of Medical Instrumentation annual conference.  Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure Franciscan further refers Intuitive to the following documents:

FRANCISCAN-00001714
FRANCISCAN-00003032
FRANCISCAN-00003036
FRANCISCAN-00003037
FRANCISCAN-00054862
FRANCISCAN-00054864
FRANCISCAN-00054865
FRANCISCAN-00054880
FRANCISCAN-00054884

**Interrogatory No. 5:** Identify each IRC You have in any way considered retaining, hiring, contracting, or transacting with, to repair, service, remanufacture, and/or refurbish Your da Vinci Surgical Systems or EndoWrist Instruments and the purpose(s) for which you considered dealing with each IRC identified.

**Response and Objections to Interrogatory No. 5:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action to the extent it does not list a relevant time period.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined terms and phrases, including "in any way," "considered," "remanufacture," "refurbish," and "transacting with." It is not clear what Defendant intends any of these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Subject to the foregoing objections, Franciscan Alliance responds that it considered contracting with Rebotix to repair EndoWrists.

**Interrogatory No. 6:** Describe each communication You have had regarding the required safety or regulatory standards, including required regulatory filings with the FDA, for da Vinci Surgical Systems or EndoWrist Instruments, including the "repair[ed]" EndoWrist Instruments described in the Complaint (see, e.g., ¶¶ 123–125).

**Response and Objections to Interrogatory No. 6:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action (a) to the extent it seeks information concerning evaluations, or analyses by persons or entities other than Plaintiff, and (b) does not indicate a relevant time period.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the phrases "the required safety or regulatory standards" and "required regulatory filings with the FDA." It is not clear what Defendant is referring to with these phrases. Plaintiff further objects that these phrases

and the Interrogatory call for legal conclusions and implicate contested factual and legal issues. Plaintiff will answer the Interrogatory according to its interpretation of required safety or regulatory standards and required regulatory filings with the FDA relevant to this Interrogatory.

Plaintiff also objects to the term "every communication" as being overly broad and not narrowly tailored to seek relevant information.

Subject to the foregoing objections, Franciscan Alliance responds that, as part of Franciscan's process for entering into contracts with new vendors, Franciscan will request from a vendor that is bringing a new technology to the market to provide Franciscan with the FDA 510(k) for the new technology. At the time the da Vinci robot and EndoWrists were new technology, over 20 years ago, Franciscan would have asked Intuitive to provide the relevant 510(k) information. Franciscan has never had a communication about a repaired instrument, first because Franciscan has never used such an instrument or entered into an agreement with an IRC. Second, even if it had entered into an agreement with an IRC, Franciscan would not have asked for a 510(k) approval from the IRC because EndoWrists are a well-established technology that have been used for more than 20 years. Using refurbished instruments is common practice at hospitals and there is no need to seek the copy of a 510(k) for a refurbished instrument.

**Interrogatory No. 7:** Describe Your policies and procedures regarding use of medical devices that are required to receive FDA clearance but have not received such clearance, including (but not limited to) policies prohibiting the use of such devices, policies regarding submission of claims for reimbursement for use of such devices, and policies regarding informed consent or limitation of liability for use of such devices.

**Response and Objections to Interrogatory No.7:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action to the extent it (a) seeks information unrelated to minimally invasive robotic surgery, EndoWrist repair, or da Vinci service, (b) does not indicate a relevant time period, and (c) seeks information regarding *all* medical devices, regardless of whether it has any bearing to a claim or defense in this matter.

Plaintiff also objects to the Interrogatory, including the phrase "required to receive FDA clearance," as calling for a legal conclusion and as vague and ambiguous in that it implicates contested factual and legal issues.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined terms and phrases, including "FDA clearance," "medical devices," "claims for reimbursement," and "informed consent." It is not clear what Defendant intends any of these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Subject to the foregoing objections, and pursuant to FRCP 33(d), Franciscan Alliance refers to FRANCISCAN-00055719.

**Interrogatory No. 8:** Describe Your process of determining whether to make a capital investment in da Vinci Surgical Systems for each da Vinci Surgical System contemplated or ultimately purchased and the information considered, including (but not limited to) Your financial and budgetary considerations, any alternative systems or modalities You considered, Your projections for the costs of parts and service, Your projections for the demand for robotic surgery, Your projections of the revenue that would be generated in connection with the da Vinci Surgical System(s), the rationale for choosing any da Vinci Surgical Systems service plan, the corporate

11

entity or affiliate that contemplated purchasing or purchased the da Vinci Surgical System, and the campus hospital at which the da Vinci Surgical System was installed or would have been installed.

**Response and Objections to Interrogatory No. 8:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action (a) to the extent it seeks information concerning decisions, evaluations, or analyses by persons or entities other than Plaintiff, (b) because it seeks information that has little to no relevance in this matter, and (c) as the Interrogatory seeks broad information about the purchase of each da Vinci and is not narrowly tailored to seek relevant information. Plaintiff also objects that this Interrogatory seeks information already in Intuitive's possession because Intuitive is highly involved in this process, which includes consulting with the hospital about most of the considerations listed in the Interrogatory.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined terms and phrases, including "process," "capital investment," "information," "considerations," "projections," and "rationale." It is not clear what Defendant intends any of these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Plaintiff further objects that this Interrogatory includes discrete subparts that should be counted as separate interrogatories under FRCP 33(a)(1). Plaintiff reserves the right to object to further interrogatories that exceed the permitted number of interrogatories.

Subject to the foregoing objections, Franciscan Alliance responds that, in determining whether to purchase a da Vinci robot, a Franciscan hospital weighs a number of factors. Through

the use of a financial modeling tool a Franciscan hospital will consider potential revenue, the costs associated with the robot (which includes the costs associated with Intuitive's monopolies in servicing of the robot and supplying EndoWrists), Franciscan's surgical market share, procedural volume, service lines Franciscan is starting or supporting, whether a da Vinci robot is being replaced or if the purchase is a new addition to the Franciscan inventory, population in the surrounding community, and population shifts.  Since there are no alternative systems competing with the da Vinci robot, no alternative systems are considered for purposes of determining whether to purchase a da Vinci robot. Intuitive also aggressively pushed Franciscan to purchase Xi robots, and has engaged in aggressive tactics that put pressure on Franciscan to purchase Xi robots, including sunsetting instruments for the Si and excluding Si instruments from its Extended Use Program for EndoWrists.

Service plans are usually recommended by Karen Waninger, Corp. Executive Director, Clinical Engineering, and her recommendations are normally accepted by the hospital.  The rationale for purchasing service agreements is driven by Intuitive's prohibition on third-party and customer repair of the da Vinci, and refusal to train Franciscan's in-house engineering team. CMS dictates that Franciscan must follow a manufacturer's recommendations as to maintenance frequency and activities unless Franciscan can offer an alternative equipment maintenance strategy.  Franciscan is unable to develop an alternative strategy because Intuitive prohibits thirdparty and customer repair (and also refuses to train Franciscan engineers).  Franciscan has no choice but to accept Intuitive's terms.  *See also* Response to Interrogatory No. 9.

The da Vinci robots purchased by Franciscan from 2015 through 2021 are currently at the following facilities:

Three Xi robots - Franciscan Health Indianapolis

Xi - Franciscan Health Mooresville

Xi - Franciscan Health Olympia Fields

Two Xi robots - Franciscan Health Dyer

Xi - Franciscan Health Crawfordsville

Xi - Franciscan Health Lafayette

Xi - Franciscan Health Michigan City

Two Xi robots - Franciscan Health Crown Point

Pursuant to FRCP 33(d), Franciscan Alliance also refers Intuitive to the following documents:

FRANCISCAN-00055636
FRANCISCAN-00055638
FRANCISCAN-00055639
FRANCISCAN-00055649
FRANCISCAN-00055653
FRANCISCAN-00055654
FRANCISCAN-00055660
FRANCISCAN-00055667
FRANCISCAN-00055668
FRANCISCAN-00055670
FRANCISCAN-00055670
FRANCISCAN-00055673
FRANCISCAN-00055674
FRANCISCAN-00055679
FRANCISCAN-00055681
FRANCISCAN-00055682
FRANCISCAN-00055683
FRANCISCAN-00055684
FRANCISCAN-00055685
FRANCISCAN-00055686
FRANCISCAN-00055690
FRANCISCAN-00055692
FRANCISCAN-00055696

**Interrogatory No. 9 (Franciscan):** Describe the relationship between Franciscan

14

Alliance Inc. and its individual campus hospitals in making decisions regarding da Vinci Surgical Systems, including (but not limited to) how an individual hospital obtains approval for a capital investment, how the costs of da Vinci Surgical Systems, EndoWrist Instruments, and other parts and service for da Vinci Surgical Systems or EndoWrist Instruments are distributed between Franciscan Alliance Inc. and an individual hospital, the role (if any) that surgeons play in the decision to purchase da Vinci Surgical Systems, EndoWrist Instruments, and other parts and service for da Vinci Surgical Systems or EndoWrist Instruments, and how this process has been affected by Franciscan Alliance Inc. signing its Master Agreement with Intuitive Surgical Systems.

### <u>Response and Objection to Franciscan Interrogatory No. 9:</u>

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action to the extent it (a) seeks information unrelated to minimally invasive soft tissue surgery, (b) does not indicate a relevant time period, and (c) seeks information that is not relevant to any claim or defense.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined terms and phrases, including this "this process," "capital investment," and "making decisions regarding da Vinci Surgical Systems."

Plaintiff also objects to this this Interrogatory because Intuitive has a high degree of involvement in Franciscan's purchase of the da Vinci robots and EndoWrists and thus much of the information Intuitive seeks is already in Intuitive's possession and hence is duplicative and unduly burdensome.

Subject to the foregoing objections, Franciscan Alliance responds as follows:

The hospitals meet with Franciscan Alliance's Capital Allocation Committee once or twice a year to discuss their capital purchases for the coming year.  These capital purchases will sometimes include a da Vinci robot. The costs of a da Vinci robot, service and EndoWrists purchased by a specific hospital are allocated entirely to that hospital.  In normal circumstances surgeons usually assist hospitals to choose between competing systems, but because the da Vinci robot is the only minimally invasive surgical robot available in the market, the surgeons play no real role other than requesting that the hospital purchase the da Vinci to assist them in treating patients.  Surgeons play no role in determining what service of the robot to buy other than letting the hospital know when they believe the robot is not working properly.  Surgeons use EndoWrists for their surgeries but play no real role in purchasing the EndoWrists.  Before 2019, when a service agreement was up for renewal, Karen Waninger and the manager of the specific hospital would receive a quote from Intuitive for da Vinci service, which was then processed for renewal.   Starting in 2019 Franciscan Alliance entered into a Master Agreement with Intuitive, so that all servicing agreements including renewal are entered via the terms of the Master Agreement.  The Master Agreement was renewed in 2021.  Pursuant to FRCP 33(d), Franciscan Alliance further refers Intuitive to the documents cited in response to Interrogatory No. 8, which include documents responsive to this Interrogatory.

**Interrogatory No. 10:** Describe Your marketing of Surgical Services to patients, including any discussion of the benefits, costs, and risks of various types of Surgical Services and/or comparison of one type of Surgical Service to another.

**Response and Objections to Interrogatory No. 10:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action (a) to the extent

16

it seeks information unrelated to minimally invasive soft tissue surgery, and (b) does not indicate a relevant time period.

Plaintiff further objects to this Interrogatory as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses of any party in this action nor proportional to the needs of the action because it seeks materials related to "marketing" which has no bearing to any claim or defense in this matter.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined terms and phrases, including "various types of Surgical Services." It is not clear what Defendant intends these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Subject to the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Franciscan Alliance refers Intuitive to the following documents reflecting Franciscan's marketing of surgical services that can be performed using minimally invasive softtissue surgery:

FRANCISCAN-00055748 through FRANCISCAN-00055788;

https://ww2.franciscanhealth.org/generalcancer?hcmacid=a0Z4p000007aRMP&utm_campaign=FRAN_Enterprise_FY19_Q3_Cancer_General&utm_source=Doe+Anderson&utm_medium=Print&utm_content=CancerUmbrella_From_VanityURL_CancerCare

https://ww2.franciscanhealth.org/coloncancer?hcmacid=a0Z4p000007aVUn&utm_campaign=FRAN_Enterprise_FY19_Q3_Cancer_Colorectal&utm_source=Doe+Anderson&utm_medium=Print&utm_content=Fran_coloncancer_From_VanityURL_vanity

https://ww2.franciscanhealth.org/lungcancer?hcmacid=a0Z4p000007aVV7&utm_campaign=FRAN_Enterprise_FY19_Q3_Cancer_Lung&utm_source=Doe+Anderson&utm_medium=Print&utm_content=Fran_LungCancer_From_VanityURL_vanity

https://ww2.franciscanhealth.org/?hcmacid=a0Z46000004iTXA

https://www.youtube.com/watch?v=WZPhpQhcB4w

17

https://www.youtube.com/watch?v=3E8Qb-evhnQ&t=20s

https://ww2.franciscanhealth.org/mis_ra

https://www.franciscanhealth.org/conditions-and-services/surgical-services/roboticassisted-surgery-da-vinci

**Interrogatory No. 11:** Describe Your process of and policies regarding gaining informed consent from Surgical Services patients, including whether and how You describe the risks and benefits of each type of Surgical Service, instruments or equipment used during Surgical Services, IRC products or services used in connection with Surgical Services, and the use of instruments or devices lacking FDA approval or premarket clearance.

**Response and Objections to Interrogatory No. 11:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action to the extent (a) it seeks information unrelated to minimally invasive robotic surgery, EndoWrist repair or da Vinci service, (b) does not indicate a relevant time period, and (c) seeks information that is not in the possession, custody, or control of Plaintiff.

Plaintiff further objects to this Interrogatory as seeking information that is not relevant to the claims or defenses of any party in this action because it seeks information unrelated to minimally invasive soft tissue surgery, EndoWrist repair, da Vinci service.

Plaintiff further objects to this Interrogatory as overbroad and seeking information that is not relevant to this action because it seeks materials related to "informed consent" which has no bearing to any claim or defense in this matter.

Plaintiff also objects to this Interrogatory as seeking information protected by the physician-patient privilege, HIPAA, and other statutes or other regulations meant to protect communications between physician and patient.

18

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined terms and phrases, including "process of," "policies," "informed consent," "risks," "benefits," "instruments," "equipment," "devices," "products," "services," "FDA approval" and "premarket clearance." It is not clear what Defendant intends any of these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Subject to the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Franciscan Alliance refers Intuitive to the following documents: FRANCISCAN-00055738 through FRANCISCAN-00055747.

**Interrogatory No. 12:** Identify all instances in which You lost or were concerned about losing business or potential employees due to patients and doctors demanding robotic surgery options, as alleged in paragraph 30 of the Complaint: "[w]ith patients and doctors demanding robotic options, hospitals are compelled either to offer them or to forego significant business."

**Response and Objections to Interrogatory No. 12:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action to the extent it (a) seeks information about employees that have no relation to minimally invasive soft tissue surgery, (b) seeks information concerning decisions, evaluations, or analyses by persons or entities other than Plaintiff, and (c) does not indicate a relevant time period.

Plaintiff also objects to this Interrogatory as overly broad and not relevant to this action because it purports to request information or documents related to business decisions by Plaintiff that have no bearing to any claim or defense in this matter.

19

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined terms and phrases, including "all instances," "concerned," "losing business," "potential employees." It is not clear what Defendant intends any of these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Subject to the foregoing objections, Franciscan Alliance responds as follows:

To ensure that Franciscan can compete in the surgical market both for surgeons and patients, Franciscan is required to offer robotic surgery options. Surgeons demand more access to da Vinci robots and if Franciscan cannot provide them with the additional access, the physician will go to a non-Franciscan hospital facility to perform those robotic procedures.  For recruiting new surgeons, it is important that Franciscan be able to let surgeons know what type of da Vinci robots they offer and how much da Vinci capacity is available.  Franciscan would likely lose market share if it did not offer da Vinci robotic surgery to the extent it does.  Because Franciscan has a robust robotic surgery program, Franciscan cannot recall any specific instances of losing business or potential employees based on the demand for robotic surgery options.  In further response to this interrogatory Franciscan, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, refers to the following document: FRANCISCAN-00055696.

**<u>Interrogatory No. 13:</u>** During the period You owned or leased da Vinci Surgical Systems, describe how extensively Your da Vinci Surgical Systems were used, including how many procedures were performed with Your da Vinci Surgical Systems during each month, how many times IRC personnel serviced Your da Vinci Surgical Systems during each year, how many EndoWrist Instruments of each type You used per year, and how many times on average You used each individual EndoWrist Instrument, calculated by type of instrument.

20

**Response and Objections to Interrogatory No. 13:**

In addition to its general objections, Plaintiff further objects that this Interrogatory seeks information that is not relevant or proportional to the needs of the case, including the information about usage of the da Vinci and EndoWrists.

Plaintiff also objects to this Interrogatory to the extent it seeks information already within the Defendant's possession, custody, or control.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined terms and phrases, including "extensively," and "used." It is not clear what Defendant intends any of these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Plaintiff further objects that this Interrogatory includes discrete subparts that should be counted as separate interrogatories under FRCP 33(a)(1). Plaintiff reserves the right to object to further interrogatories that exceed the permitted number of interrogatories.

Subject to the foregoing objections, Franciscan Alliance responds as follows:

IRCs did not service any EndoWrists or da Vincis for Franciscan.  With respect to the rest of this Interrogatory, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Franciscan refers Intuitive to the following documents: FRANCISCAN-00055624; FRANCISCAN-00055537; FRANCISCAN-00055538.

**Interrogatory No. 14:** Describe all sources of revenue associated with use of Your da Vinci Surgical Systems including (but not limited to) patient co-pays or other forms of direct patient payment, reimbursement received from public or private payors or insurers (identified by name), or any other sources of revenue.

**Response and Objections to Interrogatory No. 14:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action, as it seeks "all sources of revenue associated with use of Your da Vinci Surgical Systems," to the extent such information is not kept relevant to the claims or defenses of any party in this action.

Plaintiff also objects to this Interrogatory as overly broad and seeking information that is neither relevant to the claims or defenses of any party in this action nor proportional to the needs of the action because it seeks information regarding patient co-pays and direct payments, private payors and insurers.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined phrase "associated with." It is not clear what Defendant intends any of these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Subject to the foregoing objections, Franciscan refers Intuitive, pursuant to Fed. R. Civ. P. 33(d), to the following document: FRANCISCAN-00055624.

**Interrogatory No. 15:** For surgeries that can be, or are, performed through multiple alternative modalities (robotic, laparoscopic, open, or any other modality), describe all revenues You receive for each modality, including any respects in which your revenues for such surgeries differ.

**Response and Objections to Interrogatory No. 15:**

In addition to its general objections, Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action because it seeks

information regarding all revenues received for surgeries, including non-minimally invasive soft tissue surgeries and those not performed using minimally invasive robotic surgery.

Plaintiff also objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action, as it seeks information which is neither relevant to the claims or defenses of any party in this action.

Plaintiff also objects to this Interrogatory as overly broad and seeking information that is neither relevant to the claims or defenses of any party in this action nor proportional to the needs of the action because it seeks information regarding all surgeries, including those that cannot be performed either robotically or using a minimally invasive surgical modality at Plaintiff's facility.

Plaintiff also objects that this Interrogatory is vague and ambiguous as to the undefined phrases "can be," "alternative modalities," and "any respect." It is not clear what Defendant intends any of these terms to mean in the context of the Interrogatory. Plaintiff will answer the Interrogatory using the plain English meaning of these words.

Subject to the foregoing objections, Franciscan refers Intuitive, pursuant to Fed. R. Civ. P. 33(d), to the following document: FRANCISCAN-00055624.

**Interrogatory No. 16:** Describe all facts supporting Your allegation that "[a]fter undergoing third-party service, EndoWrists have passed third-party simulated life-testing to 50 or more additional uses" (Complaint ¶ 111), including who performed the third-party service, the specific EndoWrist Instruments tested, who performed the testing, the parameters of the "simulated life-testing," the criteria required to "pass[]" the "simulated life-testing," and the date(s) of testing.

**Amended Response and Objections to Interrogatory No. 16:**

In addition to its general objections, Plaintiff objects that this Interrogatory is an improper contention interrogatory that is both premature and unduly burdensome. The Interrogatory purports to require Plaintiff to "[d]escribe all facts supporting Your allegation that '[a]fter undergoing third-party service, EndoWrists have passed third-party simulated life-testing to 50 or more additional uses' (Complaint ¶ 111), including who performed the third-party service, the specific EndoWrist Instruments tested, who performed the testing, the parameters of the 'simulated life-testing,' the criteria required to 'pass[]' the 'simulated life-testing,' and the date(s) of testing." Interrogatories such as this one that ask "an opposing party to state all the facts on which it bases some specified contention" or "to state all the evidence on which it bases some specified contention" are contention interrogatories. *Grouse River Outfitters Ltd. v. Netsuite, Inc.*, No. 16-CV-02954-LB, 2017 WL 1330202, at *1 n.2 (N.D. Cal. Apr. 6, 2017) (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985)).  Contention interrogatories such as this, which "seek 'all facts' supporting" particular allegations, "are overly broad and unduly burdensome on their face." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008).  Moreover, discovery is ongoing, as is Plaintiff's factual investigation.

Plaintiff further objects to this Interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the action to the extent it seeks information concerning decisions, evaluations, or analyses by persons or entities other than Plaintiffs.

Plaintiff further objects to the Interrogatory to the extent it seeks production of documents or other information protected by the attorney-client privilege and/or the work product doctrine or are otherwise protected from discovery.

Subject to the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Intuitive to the following documents: Intuitive-00048730; Intuitive-00048768; Intuitive-00049089; WESENTP01828; Restore-00016815. Plaintiff further refers Intuitive to the deposition transcripts and related exhibits for the following individuals: Kevin May and Stan Hamilton. Finally, Plaintiff refers Intuitive to the complaints filed in *Restore Robotics, LLC et al. v. Intuitive Surgical, Inc.*, No. 5:19 cv-55 (N.D. Fla.) and *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-2274 (M.D. Fla.).

Discovery remains ongoing and Plaintiff reserves the right to amend its responses at the end of fact discovery.

**Interrogatory No. 17:** Describe all facts supporting Your allegation in paragraph 135 of the Complaint that "[t]he use-triggered memory-wipe of EndoWrists is not based on considerations of safety or effectiveness."

**Amended Response and Objections to Interrogatory No. 17:**

In addition to its general objections, Plaintiff objects that this Interrogatory is an improper contention interrogatory that is both premature and unduly burdensome. The Interrogatory purports to require Plaintiff to "[d]escribe all facts supporting Your allegation in paragraph 135 of the Complaint that '[t]he use-triggered memory-wipe of EndoWrists is not based on considerations of safety or effectiveness.'" Interrogatories such as this one that ask "an opposing party to state all the facts on which it bases some specified contention" or "to state all the evidence on which it bases some specified contention" are contention interrogatories. *Grouse River Outfitters Ltd. v. Netsuite, Inc.*, No. 16-CV-02954-LB, 2017 WL 1330202, at *1 n.2 (N.D. Cal. Apr. 6, 2017) (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985)).  Contention interrogatories such as this, which "seek 'all facts' supporting" particular

allegations, "are overly broad and unduly burdensome on their face." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008).  Moreover, discovery is ongoing, as is Plaintiff's factual investigation.

Plaintiff further objects to the Interrogatory to the extent it seeks production of documents or other information protected by the attorney-client privilege and/or the work product doctrine or are otherwise protected from discovery.

Subject to the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Intuitive to the following documents: Intuitive-00566507; Intuitive-00029174; Intuitive-00552632; Intuitive-00194765; Intuitive-00556951; Intuitive-00595673; Intuitive-00555960; Intuitive-00560955; Intuitive-00194931; Intuitive-00556193; Intuitive-00556188; Intuitive-01012376; Intuitive-00047079; Intuitive-00552534; Intuitive-00538914; REBOTIX128851; REBOTIX083278. Plaintiff further refers Intuitive to the deposition transcripts and related exhibits for the following individuals: Anthony McGrogan; Bob DeSantis; Katie Scoville; Edward Harrich; Glenn Vavoso; Myriam Curet; Kyle Marks; Greg Posdal; Stacey Donovan; Mark Johnson; David Rosa; Clif Parker; Jake Colletti; Michael Madewell; and Glenn Papit. Finally, Plaintiff refers Intuitive to its answer to Plaintiffs' Consolidated Amended Class Action Complaint and the complaints filed in *Restore Robotics, LLC et al. v. Intuitive Surgical, Inc.*, No. 5:19 cv-55 (N.D. Fla.) and *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-2274 (M.D. Fla.).

Discovery remains ongoing and Plaintiff reserves the right to amend its responses at the end of fact discovery.

**Interrogatory No. 18:** Describe all facts supporting Your allegation in paragraph 139 of the Complaint that "doctors and hospitals who have used EndoWrists beyond their programmed

26

use limits (i.e., after being inspected and repaired by IRCs who also reset the memory chip's use counter) report that the EndoWrists perform as well as when they were new," including the identities of all doctors and hospitals who have made such reports, the date, location, and other circumstances of each such report, the content of each such report, and any documents that contain, reflect, or otherwise relate to each such report.

**Amended Response and Objections to Interrogatory No. 18:**

In addition to its general objections, Plaintiff objects that this Interrogatory is an improper contention interrogatory that is both premature and unduly burdensome. The Interrogatory purports to require Plaintiff to "[d]escribe all facts supporting Your allegation in paragraph 139 of the Complaint that "doctors and hospitals who have used EndoWrists beyond their programmed use limits (*i.e.*, after being inspected and repaired by IRCs who also reset the memory chip's use counter) report that the EndoWrists perform as well as when they were new," including the identities of all doctors and hospitals who have made such reports, the date, location, and other circumstances of each such report, the content of each such report, and any documents that contain, reflect, or otherwise relate to each such report. Interrogatories such as this one that ask "an opposing party to state all the facts on which it bases some specified contention" or "to state all the evidence on which it bases some specified contention" are contention interrogatories. *Grouse River Outfitters Ltd. v. Netsuite, Inc.*, No. 16-CV-02954-LB, 2017 WL 1330202, at *1 n.2 (N.D. Cal. Apr. 6, 2017) (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985)). Contention interrogatories such as this, which "seek 'all facts' supporting" particular allegations, "are overly broad and unduly burdensome on their face." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008). Moreover, discovery is ongoing, as is Plaintiff's factual investigation.

Plaintiff further objects to the Interrogatory to the extent it seeks production of documents or other information protected by the attorney-client privilege and/or the work product doctrine or are otherwise protected from discovery.

Subject to the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Intuitive to the following documents: Intuitive-00566055; REBOTIX165979. Plaintiff further refers Intuitive to the deposition transcripts and related exhibits for the following individuals: Edward Harrich; Clif Parker; Stan Hamilton; Chris Gibson; Glenn Papit; Jake Colletti; Greg Posdal; Stacey Donovan; Tyler McDonald; Eugene Dickens; Cario Wasfy; Sherry Harvey; Kyle Marks; and Michael Madewell. Finally, Plaintiff refers Intuitive to the complaints filed in *Restore Robotics, LLC et al. v. Intuitive Surgical, Inc.*, No. 5:19 cv-55 (N.D. Fla.) and *Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-2274 (M.D. Fla.).

Discovery remains ongoing and Plaintiff reserves the right to amend its responses at the end of fact discovery.

**Interrogatory No. 19:** Describe all facts supporting Your allegation in paragraph 143 of the Complaint that "Intuitive invested substantial resources and excessive efforts to re-design the memory chip installed in EndoWrists for the X and Xi models solely to prevent any third parties (including SIS, Restore and Rebotix) from servicing EndoWrists" and that there "is no technical or safety justification for these changes."

**Amended Response and Objections to Interrogatory No. 19:**

In addition to its general objections, Plaintiff objects that this Interrogatory is an improper contention interrogatory that is both premature and unduly burdensome. The Interrogatory purports to require Plaintiff to "[d]escribe all facts supporting Your allegation in paragraph 143 of the Complaint that 'Intuitive invested substantial resources and excessive efforts to re-design the

memory chip installed in EndoWrists for the X and Xi models solely to prevent any third parties (including SIS, Restore and Rebotix) from servicing EndoWrists' and that there 'is no technical or safety justification for these changes." Interrogatories such as this one that ask "an opposing party to state all the facts on which it bases some specified contention" or "to state all the evidence on which it bases some specified contention" are contention interrogatories. *Grouse River Outfitters Ltd. v. Netsuite, Inc.*, No. 16-CV-02954-LB, 2017 WL 1330202, at *1 n.2 (N.D. Cal. Apr. 6, 2017) (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332 (N.D. Cal. 1985)).  Contention interrogatories such as this, which "seek 'all facts' supporting" particular allegations, "are overly broad and unduly burdensome on their face." *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008). Moreover, discovery is ongoing, as is Plaintiff's factual investigation.

Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and not proportional to the needs of the action (a) to the extent it seeks information concerning decisions, evaluations, or analyses by persons or entities other than Plaintiffs, and (b) seeks documents not within Plaintiff's possession, custody, or control.

Plaintiff also objects to this Interrogatory as unduly burdensome and unnecessarily duplicative to the extent it calls for documents reflecting information already within Defendant's possession, custody, or control.

Subject to the foregoing objections, and pursuant to Fed. R. Civ. P. 33(d), Plaintiff refers Intuitive to the following documents: Intuitive-00538914; Intuitive-01067015; and Intuitive-00367522. Plaintiff further refers Intuitive to the complaints filed in *Restore Robotics, LLC et al. v. Intuitive Surgical, Inc.*, No. 5:19 cv-55 (N.D. Fla.) *and Rebotix Repair LLC v. Intuitive Surgical, Inc.*, No. 8:20-cv-2274 (M.D. Fla.).

**Interrogatory No. 20:** Describe all facts supporting Your allegation in paragraph 143 of the Complaint that "Intuitive had received reports by or before 2012—well before the launch of the Xi in 2014 or the X in 2017—that hospitals were circumventing the memory-wiper on EndoWrists and using them beyond Intuitive's arbitrary preprogrammed use limits," including the identities of all hospitals that were "circumventing the memory wiper," how those hospitals were doing so, when those hospitals began doing so, when You claim Intuitive first received such reports, the identities of all individua ls who made such reports, and the identities of all individuals at Intuitive You claim received such reports.

**Response and Objections to Interrogatory No. 20:**

In addition to its general objections, Plaintiff objects that this Interrogatory is an improper contention interrogatory that is both premature and unduly burdensome. The Interrogatory purports to require Plaintiff to "[d]escribe all facts supporting Your allegation in paragraph 143 of the Complaint that 'Intuitive had received reports by or before 2012—well before the launch of the Xi in 2014 or the X in 2017—that hospitals were circumventing the memory-wiper on EndoWrists and using them beyond Intuitive's arbitrary preprogrammed use limits,' including the identities of all hospitals that were 'circumventing the memory wiper,' how those hospitals were doing so, when those hospitals began doing so, when You claim Intuitive first received such reports, the identities of all individuals who made such reports, and the identities of all individuals at Intuitive You claim received such reports." Interrogatories such as this one that ask "an opposing party to state all the facts on which it bases some specified contention" or "to state all the evidence on which it bases some specified contention" are contention interrogatories. *Grouse River Outfitters Ltd. v. Netsuite, Inc.*, No. 16-CV-02954-LB, 2017 WL 1330202, at *1

n.2 (N.D. Cal. Apr. 6, 2017) (quoting *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 332

(N.D. Cal. 1985)). Contention interrogatories such as this, which "seek 'all facts' supporting"

particular allegations, "are overly broad and unduly burdensome on their face." *In re eBay Seller*

*Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *2 (N.D. Cal. Dec. 11, 2008).

Moreover, discovery is ongoing, as is Plaintiff's factual investigation.

Plaintiff further objects that this Interrogatory is overly broad, unduly burdensome, and

not proportional to the needs of the action (a) to the extent it seeks information concerning

decisions, evaluations, or analyses by persons or entities other than Plaintiff, and (b) seeks

documents not within Plaintiff's possession, custody, or control.

Plaintiff also objects to this Interrogatory as unduly burdensome and unnecessarily

duplicative to the extent it calls for documents reflecting information already within Defendant's

possession, custody, or control.

Plaintiff further objects to the Interrogatory to the extent it seeks production of documents

or other information protected by the attorney-client privilege and/or the work product doctrine,

or are otherwise protected from discovery.

Plaintiff has already disclosed to Intuitive information responsive to this Interrogatory.

*See* July 1, 2022 Ltr. from C. Bateman to M. Folger, at 4; July 17, 2022 Ltr. from C. Bateman to

M. Folger, at 2.  Nevertheless, Plaintiff is willing to meet and confer to the extent Intuitive seeks

further information.

DATED:  September 30, 2022

COHEN MILSTEIN SELLERS & TOLL PLLC

By: */s/ Manuel J. Dominguez*

    Manuel J. Dominguez *(pro hac vice)*

Christopher J. Bateman *(pro hac vice)*
COHEN MILSTEIN SELLERS &
TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: 212-838-7797
Fax: 212-838-7745
Email: cbateman@cohenmilstein.com

Manuel J. Dominguez *(pro hac vice)*
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-2604
Fax: 561-515-1401
Email:jdominguez@cohenmilstein.com

Brent W. Landau *(pro hac vice)*
HAUSFELD LLP
3 25 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: 215-985-3270
Fax: 215-985-3271
Email: blandau@hausfeld.com

Benjamin D. Brown (SBN 202545)
Daniel McCuaig *(pro hac vice)*
Zachary Glubiak *(pro hac vice)*
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave., Suite 500
Washington, DC 20005
Tel: 202-408-4600
Fax: 202-408-4699
Email: bbrown@cohenmilstein.com
    dmccuaig@cohenmilstein.com
    zglubiak@cohenmilstein.com

Jeffrey J. Corrigan *(pro hac vice)*
Jeffrey L. Spector *(pro hac vice)*
Icee N. Etheridge *(pro hac vice)*
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com
    jspector@srkattorneys.com
    ietheridge@srkattorneys.com

Seth R. Gassman (SBN 311702)
Gary I. Smith, Jr. *(pro hac vice)*
Samuel Maida (SBN 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: (415) 633-1908
Fax: (415) 358-4980
Email: sgassman@hausfeld.com
    gsmith@hausfeld.com
    smaida@hausfeld.com

*Interim Co-Lead Counsel for the Proposed Class*

Michael J. Boni
Joshua D. Snyder *(pro hac vice)*
John E. Sindoni *(pro hac vice)*
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
Email: mboni@bonizack.com
         jsnyder@bonizack.com
         jsindoni@bonizack.com

*Counsel for the Proposed Class*

## CERTIFICATE OF SERVICE

I, ZACHARY R. GLUBIAK, declare as follows:

I hereby certify that on the 30th day of September 2022, I sent a true and correct copy of the foregoing to the following via email:

Allen Ruby
allen@allenruby.com
Allen Ruby, Attorney at Law
15559 Union Ave. #138
Los Gatos, CA 95032

Karen Hoffman Lent
karen.lent@skadden.com
Michael H. Menitove
michael.menitove@skadden.com
Skadden, Arps, Slate, Meagher & Flom LLP
One Manhattan West
New York, NY 10001

Kathryn E. Cahoy
kcahoy@cov.com
Matthew E. Delgado
mdelgado@cov.com
Covington & Burling LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112

Sonya Winner
swinner@cov.com
Isaac D. Chaput
ichaput@cov.com
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105
Andrew Lazerow
alazerow@cov.com
Ashley E. Bass
abass@cov.com
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001

*Attorneys for Defendant Intuitive Surgical, Inc.*

*/s/ Zachary R. Glubiak*

# Verification

I, **W. Patrick Downes**, am **General Counsel** at Plaintiff Franciscan Alliance, Inc. In that capacity I declare pursuant to 28 U.S.C. § 1746 that I have read Plaintiff Franciscan Alliance, Inc.'s Amended Objections and Responses to Defendant's Second Set of Interrogatories to Plaintiffs and am familiar with the contents thereof, which were prepared with the assistance of counsel, and I declare under penalty of perjury that the responses attributable to Franciscan Alliance, Inc., are true and correct to the best of my knowledge, information, and belief.

Executed on October 18, 2022

By: _W. Patrick Downes_