# ATTACHMENT 72

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4
     IN RE: DA VINCI SURGICAL        )
 5   ROBOT ANTITRUST LITIGATION      ) Case No.:
     _____  ) 3:21-cv-03825-VC
 6   THIS DOCUMENT RELATES TO:       )
     ALL CASES                       ) Pages 1 to 49
 7   _____  )
     SURGICAL INSTRUMENT SERVICE     )
 8   COMPANY, INC.,                  )
                                     )
 9              Plaintiff,           )
                                     )
10         vs.                       )
                                     )
11   INTUITIVE SURGICAL, INC.,       )
                                     )
12              Defendant.           )
     _____  )
13
14
15                   DEPOSITION OF:
16                     TODD THOMAS
17             THURSDAY, NOVEMBER 10, 2022
18                     10:04 a.m.
19
20
21   REPORTED BY:
22   Vickie Blair
23   CSR No. 8940, RPR-CRR
24   JOB NO. 5575204
25   PAGES 1 - 49
```

Page 1

| | | |
|---|---|---|
| 1 | recently purchased, do you know, were those Xi | 10:56:24 |
| 2 | machines? | 10:56:28 |
| 3 |     A    That sounds right to me. | 10:56:32 |
| 4 |     Q    At the time that Valley purchased those | 10:56:33 |
| 5 | machines, it was aware of the terms of the service | 10:56:35 |
| 6 | contract; is that right? | 10:56:40 |
| 7 |     A    From our history with the previous | 10:56:44 |
| 8 | machines, we -- myself and biomed were, yes, I -- I | 10:56:48 |
| 9 | can't speak to anyone else being aware of. | 10:56:54 |
| 10 |     Q    Presumably someone at -- at Valley read | 10:56:59 |
| 11 | the service contract before it was executed for those | 10:57:01 |
| 12 | machines? | 10:57:03 |
| 13 |     A    We did, we being myself and biomed. | 10:57:07 |
| 14 |     Q    To your knowledge, has -- has Valley ever | 10:57:09 |
| 15 | considered using a third party to service any of the | 10:57:21 |
| 16 | da Vinci robots? | 10:57:27 |
| 17 |     A    No. | 10:57:28 |
| 18 |     MR. BATEMAN:  Objection to form. | 10:57:28 |
| 19 |     THE WITNESS:  Oh, sorry. | 10:57:29 |
| 20 | BY MR. LANNIN: | 10:57:32 |
| 21 |     Q    No problem.  That was a no? | 10:57:32 |
| 22 |     A    No. | 10:57:35 |
| 23 |     Q    And, to your knowledge, Mr. Thomas, has | 10:57:37 |
| 24 | any third party ever approached Valley about being able | 10:57:40 |
| 25 | to provide service for the da Vinci robots? | 10:57:45 |

Page 39

|    |                                                                      |          |
|----|----------------------------------------------------------------------|----------|
| 1  | wasn't within your portfolio, but I just want to make                | 11:00:25 |
| 2  | sure I heard you right.                                              | 11:00:30 |
| 3  | To your knowledge, you haven't heard about                           | 11:00:31 |
| 4  | Valley exploring purchasing EndoWrists from any entity               | 11:00:32 |
| 5  | other than Intuitive; is that right?                                 | 11:00:38 |
| 6  | MR. BATEMAN:  Same objection.                                        | 11:00:40 |
| 7  | THE WITNESS:  No, I have not.                                        | 11:00:41 |
| 8  | BY MR. LANNIN:                                                       | 11:00:45 |
| 9  | Q    And appreciating this also might not be                         | 11:01:06 |
| 10 | within your portfolio, but have you ever heard of a                  | 11:01:09 |
| 11 | third party approaching Valley to offer or proposing to              | 11:01:11 |
| 12 | sell EndoWrist instruments other than Intuitive?                     | 11:01:17 |
| 13 | MR. BATEMAN:  Same objection.                                        | 11:01:21 |
| 14 | THE WITNESS:  I have not.                                            | 11:01:21 |
| 15 | BY MR. LANNIN:                                                       | 11:01:24 |
| 16 | Q    If a third party had approached                                 | 11:01:32 |
| 17 | Intuitive -- I'm sorry, had approached Valley to                     | 11:01:36 |
| 18 | discuss selling EndoWrist instruments, is it the                     | 11:01:39 |
| 19 | peri-op group that would have been involved in those                 | 11:01:45 |
| 20 | discussions?                                                         | 11:01:48 |
| 21 | MR. BATEMAN:  I'm just going to object.                              | 11:01:48 |
| 22 | You're just continuing to ask questions that are not                 | 11:01:50 |
| 23 | within the scopes of topics five and six, Counsel.  It               | 11:01:52 |
| 24 | seems improper, you know, those just don't cover the                 | 11:01:58 |
| 25 | sale of EndoWrists.                                                  | 11:02:04 |

Page 42

```
 1    STATE OF CALIFORNIA      )
 2                             )  ss.
 3    COUNTY OF LOS ANGELES    )
 4              I, Vickie Blair, CSR No. 8940, RPR-CRR, in
 5    and for the State of California, do hereby certify:
 6              That, prior to being examined, the witness
 7    named in the foregoing deposition was by me duly sworn
 8    to testify as to the truth, the whole truth, and
 9    nothing but the truth;
10              That said deposition was taken before me
11    at the time and place therein set forth, and was taken
12    down by me stenographically and thereafter transcribed
13    via computer-aided transcription under my direction and
14    is a true record of the testimony given;
15              I further certify I am neither counsel
16    for, nor related to, any party to said action, nor
17    interested in the outcome thereof;
18              IN WITNESS WHEREOF, I have hereto
19    subscribed my name this 30th day of November, 2022.
20
21
22
23
24            [signature: Vickie Blair]
25            Vickie Blair, CSR No. 8940, RPR-CRR
```

Page 49