# EXHIBIT A

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION** | Lead Case No. 3:21-cv-03825-AMO |
| This Document Relates to:<br><br>ALL ACTIONS. | **DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF RECENT DECISION**<br><br>The Honorable Araceli Martínez-Olguín |

On June 18, 2024, Plaintiffs submitted a Statement of Recent Decision—Judge Thompson's June 17, 2024 decision in *Lambrix* v. *Tesla, Inc.*, No. 3:23-cv-01145 ("*Lambrix II*"), which reverses Judge Thompson's earlier decision and holds that, where a plaintiff establishes market power in the foremarket, it does not have to satisfy the four factors for proving single-brand aftermarkets established by the Ninth Circuit in *Epic, Inc.* v. *Apple, Inc.*, 67 F.4th 946 (9th Cir. 2023).  *See* Dkt. 276, 276-1.

Plaintiffs are wrong in asserting that *Lambrix II* "squarely addresses Intuitive's argument in support of its motion for reconsideration of this Court's grant of partial summary judgment in Plaintiff's favor."  Dkt. 276 at 1:10-11.  As set forth in Intuitive's reply brief, the primary thrust of Intuitive's Motion for Reconsideration is that, given the Court's ruling *denying* summary judgment for Plaintiffs on market definition and power as to the primary market, Plaintiffs have *not* established a separate, single-brand aftermarket under their own (erroneous) view of the law.  Dkt. 271 at 1-2.  As Intuitive argued, the Court should grant reconsideration "[o]n that basis alone."  *Id.* at 2:2.  If the separate issue raised by *Lambrix II* is not mooted by developments in this case or clarified by additional Ninth Circuit authority, whether to follow *Lambrix II* should be deferred until a later date with the benefit of full briefing and argument.

Should that occasion arise, Intuitive looks forward to showing that Judge Thompson got it right the first time and that her recent decision conflicts with the Ninth Circuit's decision in *Coronavirus Reporter* v. *Apple, Inc.*, 85 F.4th 948 (9th Cir. 2023), which applied the *Epic Games* factors to dismiss a complaint even though the plaintiff alleged a monopoly in the foremarket.  *See* Dkt. 271 at 3:3-7.  Moreover, allowing single-brand aftermarkets whenever the plaintiff establishes market power in the tying market would revolutionize tying law.  In every tying case, the plaintiff must prove market power in the tying market.  *Illinois Tool Works* v. *Independent Ink*, 547 U.S. 28, 46 (2006).  The *Lambrix II* ruling would turn proof of that element into an automatic dispensation from proving another required element—a relevant market for the tied product.  In any event, *Lambrix II* does not affect Intuitive's pending Motion for Reconsideration, and this Court may never need to reach the separate issue it addresses.

1

Dated:  June 20, 2024

By: /s/ *Kenneth A. Gallo*
    Kenneth A. Gallo

2

3

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

4

5

6

7

8

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

9

10

11

12

13

14

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

15

16

17

18

19

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLING LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email: swinner@cov.com

20

21

22

23

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

24

25

26

27

28

Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLING LLP**
One City Center 850 Tenth Street NW
Washington DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
Email: alazerow@cov.com

Allen Ruby (SBN 47109)
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690
Email: allen@allenruby.com

Attorneys for *Defendant*
*Intuitive Surgical, Inc.*

Response to Statement of Recent Decision
3:21-cv-03825-AMO