**EXHIBIT 8**

**to**

**BASS DECLARATION
IN SUPPORT OF INTUITIVE'S OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATON**

```
 1                  UNITED STATES DISTRICT COURT
 2            FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                    SAN FRANCISCO DIVISION
 4    IN RE: DA VINCI SURGICAL ROBOT    ) Lead Case No.:
      ANTITRUST LITIGATION,             ) 3:21-cv-03825-VC
 5    -----------------------------------)
      THIS DOCUMENT RELATES TO:         )
 6    ALL CASES                         )
      -----------------------------------)
 7
 8    SURGICAL INSTRUMENT SERVICE       )
      COMPANY, INC.,                    ) Case No.
 9                                      ) 3:21-cv-03496-VC
                    Plaintiff,          )
10                                      )
          vs.                           )
11                                      )
      INTUITIVE SURGICAL, INC.,         )
12                                      )
                    Defendant.          )
13    -----------------------------------)
14
15
16               REMOTE PROCEEDINGS OF THE
17    DEPOSITION OF JOHN SAMPSON IN HIS PERSONAL CAPACITY
18         AND AS CORPORATE DESIGNEE, 30(B)(6)
19             THURSDAY, NOVEMBER 3, 2022
20
21
22
23    REPORTED BY NANCY J. MARTIN
24    CSR. NO. 9504, RMR, RPR
25    PAGES 1 - 104
```

                                                    Page 1

```
 1              UNITED STATES DISTRICT COURT
 2          FOR THE NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4   IN RE: DA VINCI SURGICAL ROBOT    ) Lead Case No.:
     ANTITRUST LITIGATION,             ) 3:21-cv-03825-VC
 5   ----------------------------------)
     THIS DOCUMENT RELATES TO:         )
 6   ALL CASES                         )
     ----------------------------------)
 7
 8   SURGICAL INSTRUMENT SERVICE       )
     COMPANY, INC.,                    ) Case No.
 9                                     ) 3:21-cv-03496-VC
                    Plaintiff,         )
10                                     )
          vs.                          )
11                                     )
     INTUITIVE SURGICAL, INC.,         )
12                                     )
                    Defendant.         )
13   ----------------------------------)
14
15
16                      - - -
17            Thursday, November 3, 2022
18                      - - -
19       Remote Deposition of JOHN SAMPSON, in his
20   personal capacity and as corporate designee, 30(B)(6),
21   beginning at 11:09 a.m., before Nancy J. Martin, a
22   Registered Merit Reporter, Certified Shorthand
23   Reporter.  All parties appeared remotely.
24
25
                                                   Page 2
```

```
1      A P P E A R A N C E S :
2
       JOHN KENDRICK, ESQ.
3      MARIAM AZHAR, ATTORNEY AT LAW
       COVINGTON & BURLING LLP
4      1999 Avenue of the Stars
       Los Angeles, California  90067
5      jkendrick@cov.com
       Counsel for Intuitive Surgical
6
7
8      MANUEL J. DOMINGUEZ, ESQ.
       COHEN MILSTEIN SELLERS & TOLL PLLC
9      11780 US Highway
       Suite N500
10     Palm Beach Gardens, Florida  33408
       (561) 515-1431
11     jdominguez@cohenmilstein.com
       Counsel for the hospital plaintiffs
12
13
       ALSO PRESENT:
14
       PATRICK DOWNES
15
       NOAH SUSZCKIEWICZ, LEGAL VIDEOGRAPHER
16
17
18
19
20
21
22
23
24
25
                                        Page 3
```

1        A.  Yes.

2        Q.  What was contained in that spreadsheet?

3        A.  Basically, just the summary of the slides

4    that I had gotten from Andy as far as the value that

5    they were providing in this deal.

6        Q.  And is that just financial value or other

7    forms of value?

8        A.  It was just financial value.

9        Q.  Okay.  And then flipping to the next page.

10   At the top it says, "By purchasing these 5 systems

11   together we'll save $1.07 million."  Do you see that?

12       A.  Correct.

13       Q.  And is that accurate?

14       A.  To my knowledge, that's accurate.

15       Q.  So it's correct -- sorry.  Go ahead.

16       A.  Yes.

17       Q.  Okay.  So it's correct that Franciscan

18   ultimately saved 1.07 million on this purchase?

19       A.  Yes, as far as we were concerned.

20       Q.  So up towards the top of the previous page,

21   the middle E-mail -- do you see the middle E-mail from

22   Jennifer Marion?

23       A.  Yes.

24       Q.  Who is Jennifer Marion?

25       A.  Jennifer Marion is our corporate CFO.

                                              Page 37

1        Q.   Okay.  And then above that there's an E-mail

2    from Matt Meyer?

3        A.   Mayer.

4        Q.   Who is Matt Mayer?

5        A.   Matt Mayer was my boss at the time.  He was

6    the VP of supply chain.

7        Q.   Okay.  Fair to say from these E-mails that

8    your colleagues were happy with the outcome of the

9    negotiation?

10       A.   Yes.

11       Q.   Is it fair to say you were primarily

12   responsible for obtaining that good outcome?

13       A.   It was a team effort, but yes.

14       Q.   And how did you obtain that discount?

15       A.   We obtained that discount by -- like I said,

16   a couple ways.  One, we purchased all of those systems

17   at the same time instead of having each individual

18   hospital purchase them individually.  So that was a

19   factor.

20            There was also the factor that we were

21   pressured to get the deal done before the end of

22   September so that Intuitive would have the POs and be

23   able to deliver the systems before the end of

24   September because that was the end of their annual

25   fiscal year.

```
 1              C E R T I F I C A T E

 2        I do hereby certify that the aforesaid testimony

 3    was taken before me, pursuant to notice, at the time

 4    and place indicated; that said deponent was by me duly

 5    sworn to tell the truth, the whole truth, and nothing

 6    but the truth; that the testimony of said deponent was

 7    correctly recorded in machine shorthand by me and

 8    thereafter transcribed under my supervision with

 9    computer-aided transcription; that the deposition is a

10    true and correct record of the testimony given by the

11    witness; and that I am neither of counsel nor kin to

12    any party in said action, nor interested in the

13    outcome thereof.

14

15

              Nancy J. Martin, RMR, CSR

16

17    Dated:  November 16, 2022

18

19

20

21    (The foregoing certification of this transcript does

22    not apply to any reproduction of the same by any

23    means, unless under the direct control and/or

24    supervision of the certifying shorthand reporter.)

25
```

Veritext Legal Solutions
866 299-5127