Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Ashley E. Bass (p*ro hac vice*)
Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 6291
Email: abass@cov.com
Email: alazerow@cov.com

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman *(pro hac vice)*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION <br><br> THIS DOCUMENT RELATES TO: <br> ALL ACTIONS | Case No.:  3:21-cv- 03825-AMO-LB <br><br> **OMNIBUS SEALING MOTION RE: CLASS CERTIFICATION BRIEFING** <br><br> Hearing Date: October 10, 2024 <br> Hearing Time: 2:00pm PST <br> Place: Courtroom 10 <br><br> Judge: The Honorable Araceli Martínez-Olguín |

**MOTION AND NOTICE OF MOTION**

Pursuant to Civil Local Rules 7-11 and 79-5, and the Joint Stipulation and Order Regarding Omnibus Sealing Procedures, Dkt. 269, Plaintiffs ("Plaintiffs") and Defendant Intuitive Surgical, Inc. ("Intuitive") hereby file this Omnibus Sealing Motion (the "Motion to Seal") in connection with certain documents submitted in support of or in opposition to Plaintiffs' Motion for Class Certification (the "Motion").

The complete list of excerpts that Plaintiffs, Intuitive, and third parties seek to seal and the grounds therefore can be found in this Motion to Seal, Plaintiffs' supplemental Memorandum of Law in Support of Sealing Plaintiffs' Material, the statements and declarations filed herewith, and the proposed order prepared for the Court.

## I.    BACKGROUND

Plaintiffs filed a Motion for Class Certification (Dkt. No. 267) on June 6, 2024.  The Parties have now filed the following related briefs, declarations, exhibits, objection, and responses:

- Plaintiffs' Motion for Class Certification (Dkt. No. 267) and associated papers, including papers filed under administrative seal (Dkt. No. 268);

- Intuitive's Opposition to Plaintiffs' Motion for Class Certification (Dkt. No. 288) and associated papers, including papers filed under administrative seal (Dkt. No. 289);

- Plaintiffs' Reply in Support of Motion for Class Certification (Dkt. No. 296) and associated papers, including papers filed under administrative seal (Dkt. No. 297);

- Intuitive's Objection Pursuant to Local Rule 7-3(d) to Certain Class Certification Reply Evidence (Dkt. No. 298) and papers file under administrative seal (Dkt. No. 299);

- Plaintiffs' Motion for Leave to File Objection to Intuitive's Objection Pursuant to Local Rule 7-3(d) to Certain Class Certification Reply Evidence (Dkt. No. 301) and papers filed under administrative seal (Dkt. No. 300); and

- Intuitive's Opposition Response to Plaintiffs' Motion for Leave to File Objection (Dkt. No. 302) and papers filed under administrative seal (Dkt. No. 303).

These papers include citations and copies of materials that have been marked "Confidential" pursuant to the operative Protective Order, Dkt. No. 109, as modified by Dkt. No. 225.   They also

1    include confidential non-public information that, if revealed, could cause harm to the Parties or third

2    parties.

3        Pursuant to the Joint Stipulation and Order Regarding Omnibus Sealing Procedures, Dkt.

4    No. 269, the materials described above were filed under interim sealing motions.  The Parties have since

5    conferred with each other and with the non-parties whose confidential materials are at issue and now

6    submit this Motion to Seal setting forth each entity's position with respect to the treatment of its own

7    confidential materials.

8    **II.    LEGAL STANDARD**

9        Class certification motions and accompanying materials may be sealed for compelling reasons.

10   *See Zheng-Lawson v. Toyota Motor Corp.,* No. 17-cv-06591-BLF, at *2 (N.D. Cal. Dec. 16, 2019)

11   ("This Court follows numerous other district courts within the Ninth Circuit in concluding that the

12   compelling reasons standard applies to motions to seal documents relating to class certification.").  The

13   compelling reasons standard is satisfied when the information sought to be sealed is "business

14   information that might harm a litigant's competitive standing." *Ctr. For Auto Safety v. Chrysler Grp.,*

15   *LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-

16   99 (1978)).  "Confidential business information in the form of license agreements, financial terms,

17   details of confidential licensing negotiations, and business strategies satisfies the compelling reasons

18   standard." *Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020 WL 7872199, at *1 (N.D. Cal. Sept.

19   21, 2020) (*citing Exeltis USA Inc. v. First Databank, Inc*., 2020 WL 2838812, at *1 (N.D. Cal. June 1,

20   2020)).  Sealing under the compelling reasons standard also is appropriate where "'court files might . . .

21   become a vehicle for improper purposes.'"  *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172,

22   1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  Requests to

23   seal must be narrowly tailored. *Exeltis*, 2020 WL 2838812, at *1.

24   **III.    ARGUMENT**

25       **A.    Plaintiffs' Request to Seal**

26       Plaintiffs seek limited redactions in only three documents that contain highly sensitive categories

27   of non-public information pertaining to the terms of confidential agreements between Larkin and Intuitive

28   and monies paid by Larkin to settle a contract dispute unrelated to the issues in this litigation. Courts

2

within the Ninth Circuit have held that these categories of information satisfy the compelling reasons standard and warrant sealing. *See Stafford v. Rite Aid Corp.*, No. 17-CV-1340-AJB-JLB, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019) (holding that confidential contracts are properly sealed where their disclosure would reveal "internal decision-making process…. that would otherwise remain confidential.") (internal quotations omitted); *Exeltis*, 2020 WL 2838812 at *1 ("confidential business information in the form of license agreements, financial terms, details of confidential licensing negotiations, and business strategies satisfies the compelling reasons standard) (internal quotations omitted); *Scramoge Tech. Ltd. v. Apple, Inc.*, 669 F. Supp. 3d 826, 834 (N.D. Cal. 2023) (compelling reasons existed to seal most portions of patent-licensing agreements, including terms, agreement dates and durations, purchase agreements, and portions of briefs, exhibits, and other filings that contain or discuss terms from the purchase agreement).

The declaration of Mark Early that was filed with Plaintiffs' reply in support of class certification (Dkt. No. 296) ("The Early Dec.") discusses contract terms of a) an amendment to the 2020 Settlement Agreement between Larkin and Intuitive ("2022 Amendment") (*see* Early Dec. at ¶¶ 7-8) and b) an agreement to buyout the lease on Larkin's da Vinci robot. *See id.* at ¶¶ 11-26. Both of these categories of information warrant sealing. First, the Early Dec. details several amounts paid to Intuitive under the terms of the agreement following months-long negotiations between the parties, all of which is non-public financial information. *Id*. at ¶¶ 15, 17-19. Second, the Early Dec. discusses the specific terms of confidential agreements. *Id*. at ¶¶ 3, 7-8, 15, 17-19.

The Widman Declaration ("Widman Dec.") also discusses the terms of the equipment lease agreement between Larkin and Intuitive and specific details about monies paid to Intuitive by Larkin. Exhibit 1 to the Widman Dec. ("the Exhibit") is an email chain between Larkin and Intuitive personnel, including Mark Early, Fredrik Widman, Chris Halford. *See* Exhibit 1 to Widman Dec. It reflects, in more specific detail, the same information discussed in the Early Dec. This includes non-public information about Larkin's equipment leases and terms (*id*. at 11-12); and ongoing negotiations between Larkin and Intuitive regarding amounts owed and the buyout of its da Vinci lease, *id.* Furthermore, the first-in-time email includes a confidentiality notice stating "[i]nformation contained in this transmission, together with

3

any other documents or attachments, is privileged and confidential, and is intended only for the use of the individual or entity to which it is addressed." *Id*. at 13. Later in the exchange, Larkin's CEO specifically requests that all negotiations related to its buyout and the settlement of outstanding debts be protected under "Florida Rule of Evidence 408 and the federal equivalent," further demonstrating the parties intent that these negotiations remain confidential. *Id*. at 7.

There are compelling reasons to grant Plaintiffs' proposed redactions in the Early and Widman Declarations and the Exhibit to the Widman Declaration. The Antitrust Counsel Agreement and 2022 Amendment are both confidential contracts; information regarding their terms could harm Larkin if made public. *See Exeltis, 2020 WL 2838812, at \*1* (observing that sealing confidential business information such as agreements, terms, financial terms and negotiations could prevent competitors from gaining insight into the parties' business model and strategy"); *see also Stafford*, 2019 WL 3818015, at \*1. Furthermore, these negotiations were not conducted in the public sphere and their terms have been kept confidential. If made public, this information could be used by other vendors to undermine Larkin in unrelated negotiations. Courts in the Ninth Circuit have specifically held that sealing confidential business information such as "financial terms, details of confidential licensing negotiations, and business strategies" can prevent others "from gaining insight into the parties' business model and strategy". *See Exeltis*, 2020 WL 2838812, at \*1; *see also Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, No. 17CV205-MMA (MDD), 2020 WL 1911502, at \*5 (S.D. Cal. Apr. 20, 2020) (finding that compelling reasons existed to seal email correspondence concerning agreements and business dealings with third parties).

The disclosure of the amounts paid by Larkin to Intuitive could be used by other parties to leverage against Larkin. *See DeMartini v. Microsoft Corp*., No. 22-CV-08991-JSC, 2023 WL 4205770, at \*2 (N.D. Cal. June 26, 2023) (finding that "details of confidential licensing negotiations, and business strategies can be compelling reasons to prevent third-parties from leveraging this information to harm the designating parties in future negotiations") (internal quotations excluded). And the sealing of these materials is narrowly tailored and their contents weigh against public disclosure, especially because their disclosure would not aid the public in understanding the underlying litigation.

4

**B.    Intuitive's Request To Seal**

Intuitive seeks to seal two highly sensitive categories of non-public information: (1) granular non-public financial data and customer information and (2) settlement agreements and negotiations. Both categories of information satisfy the compelling reasons standard and warrant sealing. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) ( "Courts applying the compelling reasons standard have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing."); *Milliner v. Mutual Secs., Inc.*, 2021 WL 2645794, at *5 (N.D. Cal. June 28, 2021) ('Numerous courts in this district have recognized the importance of protecting confidential settlement communications and materials . . . and have concluded that this general policy satisfies the more demanding 'compelling reasons' standard to seal judicial records.").

Intuitive's proposed redactions are narrowly tailored to seal only the specific portions of documents implicating these sensitive matters, leaving the vast majority of the material available for public review. Granting Intuitive's motion will not impede the public's ability to understand the nature of the proceedings or the factual bases for the parties' arguments.

As detailed in the attached declaration of Dr. Jamie Wong, public disclosure of this information could cause significant competitive harm, including for the following reasons:

*Detailed Non-Public Financial Information*:  Intuitive seeks to seal documents that reflect granular financial information and other trade secrets that Intuitive does not publicly report, as well as detailed information about Intuitive's general pricing strategies and specific price terms that Intuitive negotiated with individual customers. *See* Wong Dec. ¶ 4. If publicly revealed, this information could cause Intuitive competitive harm by giving other entities insight into Intuitive's business strategy and allowing them to use that competitive intelligence to further their own pricing or investment strategies without using similar resources to obtain the information. *Id.*; *see also* 18 U.S.C. § 1839(3) (defining "trade secret"); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (reversing district court that declined to seal "pricing terms, royalty rates, and guaranteed minimum payment terms"); *Apple Inc. Device Performance Litig.*, 2019 WL 1767158, at *2 (collecting cases sealing trade secrets and detailed

5

product-specific financial and customer information); *Nicolosi Distrib., Inc. v. Finishmaster, Inc.*, 2018 WL 3932554, at *3 (N.D. Cal. Aug. 16, 2018) (sealing "specific pricing terms, competitively sensitive information, and negotiation practices with customers"); *Rodman v. Safeway Inc.*, 2014 WL 12787874, at *2 (N.D. Cal. Aug. 22, 2014) (sealing "information discussing Safeway's pricing strategy, business decisionmaking, and financial records"); *Virun, Inc. v. Cymbiotika, LLC*, 2022 WL 17401698, at *3 (C.D. Cal. Aug. 19, 2022) (observing that "Courts in this Circuit regularly grant applications to seal" information revealing the "identities of customers not involved in [the] litigation"); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (upholding sealing of product-specific profit, cost, and margin data).

Intuitive's sensitive financial and customer information should be sealed notwithstanding that Intuitive's prices and sales practices are at issue in this case.  The granular information about specific prices and individual customers Intuitive seeks to seal will not prevent the public from understanding the nature of the proceedings, and Intuitive has not sought to seal general facts, analysis, or legal theory. *See, e.g.*, *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2021 WL 3604670, at *3 (N.D. Cal. Aug. 13, 2021) (sealing prices, royalties, product sales plans, and manufacturing details in antitrust litigation).

*Settlement Agreements and Negotiations:*  Intuitive also seeks to seal confidential and non-public details of its settlement negotiations with one of its customers, including specific settlement terms and the final settlement payment amount.  *See* Wong Dec. ¶ 5.  "Numerous courts in this district have recognized the importance of protecting confidential settlement communications and materials 'in order to promote settlement' and have concluded that this general policy satisfies the more demanding 'compelling reasons' standard to seal judicial records."  *Milliner*, 2021 WL 2645794, at *5 (collecting cases); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2020 WL 2425792, at *4 (N.D. Cal. May 12, 2020) (sealing settlement agreements and recognizing that "the 'general policy of protecting settlement negotiations and communications in order to promote settlement' satisfies the compelling reasons standard") (quoting *Celgard, LLC v. Targray Tech. Int'l Inc.*, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019)).

OMNIBUS SEALING MOTION RE: CLASS
CERTIFICATION BRIEFING

Case No. 3:21-cv-03825-AMO-LB

1

### C.      Third Parties' Requests to Seal

Third parties Asensus Surgical, Inc. and Restore Robotics also seek to seal materials in the

Parties' class certification papers.  The material that Asensus Surgical seeks to seal, and the reasons for

sealing, are detailed in the declaration of Joshua Weinguard dated October 25, 2024 filed herewith.  The

materials that Restore Robotics seeks to seal were previously ordered sealed by this Court, as described

in the attached proposed order.

### IV.     Conclusion

For the forgoing reasons, Plaintiffs, Intuitive, and the third parties listed above respectfully

request that the Court seal the material identified in the attached declarations and proposed order.


Dated:  November 11, 2024


By: */s/ Jeffrey L. Spector*

Jeffrey J. Corrigan (pro hac vice)
Jeffrey L. Spector (pro hac vice)
Icee N. Etheridge (pro hac vice)
SPECTOR ROSEMAN &
KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com
jspector@srkattorneys.com
ietheridge@srkattorneys.com

Gary I. Smith, Jr. (SBN 344865)
Samuel Maida (SBN 333835)
HAUSFELD LLP
600 Montgomery Street, Suite
3200 San Francisco, CA 94111
Tel: 415-633-1908
Fax: 415-358-4980
Email: gsmith@hausfeld.com
smaida@hausfeld.com

Benjamin D. Brown (SBN 202545)
Daniel McCuaig (pro hac vice)
COHEN MILSTEIN SELLERS &
TOLL PLLC
1100 New York Ave., Suite 500
Washington, DC 20005
Tel: 202-408-4600

By: */s/ Kathryn E. Cahoy*

Kathryn E. Cahoy (SBN 298777)
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Sonya D. Winner (SBN 200348)
COVINGTON & BURLINGTON LLP
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone:  (415) 591-6000
Facsimile:  (415) 591-6091
Email: swinner@cov.com

Ashley E. Bass (*Pro Hac Vice*)
Andrew Lazerow (*Pro Hac Vice*)
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 6291
Email: abass@cov.com
Email: alazerow@cov.com

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman *(pro hac vice)*

7

Fax: 202-408-4699
Email: bbrown@cohenmilstein.com
dmccuaig@cohenmilstein.com

Reena A. Gambhir (pro hac vice)
HAUSFELD LLP
888 16th St NW
Washington, DC 20006
Tel: 202-540-7145
Fax: 202-540-7201
Email: rgambhir@hausfeld.com

Manuel J. Dominguez (pro hac vice)
COHEN MILSTEIN SELLERS &
TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-2604
Fax: 561-515-1401
Email:
jdominguez@cohenmilstein.com

Christopher J. Bateman (pro hac vice)
COHEN MILSTEIN SELLERS &
TOLL
PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: 212-838-7797
Fax: 212-838-7745
Email: cbateman@cohenmilstein.com

Michael J. Boni
Joshua D. Snyder (pro hac vice)
John E. Sindoni (pro hac vice)
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
Email: mboni@bonizack.com
jsnyder@bonizack.com
jsindoni@bonizack.com

*Counsel for the Proposed Class*

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

Allen Ruby (SBN 47109)
allen@allenruby.com
ALLEN RUBY, ATTORNEY AT LAW
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690

Attorneys for *Defendant*
*Intuitive Surgical, Inc.*

8