# ATTACHMENT 17

Plaintiffs' Response to Intuitive's Objection to Certain Class Certification Reply Evidence

Samuel Maida (SBN 333835)
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111
Tel: 415-633-1908
Fax: 415-358-4980
Email: smaida@hausfeld.com

Jeffrey J. Corrigan (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com

Manuel J. Dominguez (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-2604
Fax: 561-515-1401
Email: jdominguez@cohenmilstein.com

*Plaintiffs' Interim Co-Lead Counsel*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Lead Case No: 3:21-CV-03825-AMO-LB<br><br>**HOSPITAL PLAINTIFFS' RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S OBJECTION TO CERTAIN CLASS CERTIFICATION REPLY EVIDENCE [FILED UNDER SEAL]**<br><br>Judge: The Hon. Araceli Martínez-Olguín |

| | |
|---|---|
|1| The Court should overrule Defendant Intuitive Surgical, Inc.'s ("Intuitive") factually and |
|2|legally inaccurate Objection to Certain Class Certification Reply Evidence ("Objection"). Indeed,|
|3|Hospital Plaintiffs' ("Plaintiffs") expert, Professor Einer Elhauge, raised the allegedly "new"|
|4|opinions Intuitive now objects to in his initial Class Certification Report, and Intuitive examined|
|5|him about those opinions in his class certification deposition. All of Prof. Elhauge's purportedly|
|6|"new" opinions represent fair rebuttal to the class certification opinions rendered by Intuitive's|
|7|expert, Professor James Hughes, after Plaintiffs filed Prof. Elhauge's initial report.|

Intuitive's relevance objections to the declaration of Mark Early fare no better. Contrary to Intuitive's claim, extrinsic evidence is relevant and admissible to understand the intent behind the agreement between Intuitive and Plaintiff Larkin Community Hospital ("Larkin"), which Intuitive raised for the first time in its Class Certification Opposition. This objection is particularly ironic, given that Intuitive itself proffered extrinsic evidence as to the same agreement, in the form of a declaration (with a 12-page email chain exhibit) by its Controller Fredrik Widman. Thus, Mr. Early's declaration merely responds to Intuitive's own extrinsic evidence, and the Court should consider it in addressing Intuitive's claim that Larkin somehow released its claims in this case.

## I. Professor Elhauge's Class Certification Rebuttal Report Appropriately Responded to Intuitive's Criticisms

Intuitive's objection to certain "new" opinions in Prof. Elhauge's class certification rebuttal report a) ignores the opinions he offered to this effect prior to that report, and b) further ignores how his rebuttal opinions also properly responded to erroneous claims made by Intuitive's own class certification expert, Prof. Hughes, in his opposition report.

Intuitive claims (Objection at 2) that not until his class rebuttal report did Prof. Elhauge opine that Intuitive's tying arrangements increased Intuitive's power in the robot market, and that in the but-for world, Intuitive's power in that market would decrease, leading to lower robot prices. But Prof. Elhauge clearly offered those opinions in his opening report. *See* ECF No. 296-2 (Elhauge Corrected Class Cert. Report dated July 13, 2024) ¶ 680 (explaining that "tying can create additional anticompetitive effects by making the degree of tying power higher than it would have

1  been without tying," which "applies to this case because servicing da Vincis is a partial substitute
2  for buying new da Vincis," such that "lower servicing prices would predictably mean . . . lower
3  prices for new da Vincis"); *see also id.* ¶¶ 643, 681, 830, 846, 934-35; ECF No. 127-2 (Elhauge
4  Corrected (Merits) Report dated Jan. 10, 2023) ¶ 375; ECF No. 127-4 (Elhauge (Merits) Rebuttal
5  Report dated March 3, 2023) ¶ 426a. In fact, Intuitive examined Prof. Elhauge regarding these
6  opinions in his class certification deposition, which Intuitive took before it filed its Class
7  Certification Opposition and Prof. Hughes's accompanying report. *See* Declaration of Jeffrey J.
8  Corrigan in Support of Hospital Plaintiffs' Administrative Motion for Leave to File Response to
9  Defendant Intuitive Surgical, Inc.'s Objection to Certain Class Certification Reply Evidence, Ex.
10 1 at 74:13-16 ("Q. And for your conclusion that robot prices would have decreased in the but-for
11 world, what evidence do you believe supports that conclusion?"), 141:1-3 ("Q. *I know we covered*
12 *this today*, but what's your basis for saying that robot prices are inflated with the tie?") (emphasis
13 added); *see also id*. at 51:3-6, 74:18-78:12, 118:2-7, 128:8-15, 136:17-137:6, 139:18-142:3. Thus,
14 Intuitive misrepresents the record by suggesting these opinions came out of nowhere, and therefore
15 has suffered no prejudice.
16        Similarly misplaced is Intuitive's repetition of its claim that Prof. Elhauge failed to
17 "address" the question of impact at the "full package" level, including robot pricing. Mot. at 2-3.
18 In fact, Prof. Elhauge addressed robot pricing in his opening class certification report, and,
19 consistent with his opinions about how the ties increased Intuitive's robot market power, concluded
20 that ending those ties would, if anything, lower da Vinci robot prices. ECF No. 296-2 (Elhauge
21 Corrected Class Cert. Report dated July 13, 2024) § VIII.G. Accordingly, Prof. Elhauge
22 conservatively excluded the damages from inflated robot prices in his impact and damages
23 analyses. *Id.* ¶ 935; *see also* ECF 296-4 (Elhauge Class Cert. Rebuttal Report dated October 8,
24 2024) ¶¶ 89 ("I excluded that additional injury on robots just to be conservative, as I expressly
25 explained in my initial Class Report. Prof. Hughes objects to that conservative approach, insisting
26 that my analysis has to account for that additional injury on robots"); *id*. ¶¶ 90-91, App'x B (Prof.
27 Elhauge's damages calculations do not include damages from robot prices).

| | |
|---|---|
| 1 | The opinions of Prof. Elhauge to which Intuitive objects are not only grounded in his |
| 2 | opening class report, but are further justified in response to misleading claims by Intuitive's class |
| 3 | certification expert Prof. Hughes, some of which directly contradict the opinions of Intuitive's |
| 4 | merits expert Dr. Loren Smith. During the merits stage, Dr. Smith concluded that when Intuitive |
| 5 | lowered its EndoWrist prices on a per-use basis as part of the Extended Use Program, it did not |
| 6 | increase da Vinci robot prices, but that robot prices actually *decreased* in real terms. Elhauge |
| 7 | Rebuttal Report ¶¶ 23, 27. Yet, Prof. Hughes argued the opposite, opining that robot prices actually |
| 8 | *increased*, to support his opinion that, in the but-for world, decreases in EndoWrist and da Vinci |
| 9 | service prices would be offset by increases in robot prices. *Id.* ¶¶ 23, 28. To further support his |
| 10 | opinion on robot pricing, Prof. Hughes invoked economic literature on tying—including |
| 11 | scholarship by Prof. Elhauge--but fundamentally misrepresented that literature. *Id.* § I.B. The |
| 12 | rebuttal opinions that Intuitive now seeks to exclude (including Prof. Elhauge's corrections of Prof. |
| 13 | Hughes's erroneous impact and damages calculations factoring in robot prices[1]) were offered |
| 14 | directly in response to Prof. Hughes's misleading claims, including to show that Prof. Hughes had |
| 15 | misstated the literature and that his empirical claim contradicting Dr. Smith's conclusion is |
| 16 | inconsistent with economic theory. *See, e.g.*, Elhauge Class Rebuttal Report §§ I.B ("Prof. Hughes |
| 17 | Misinterprets the Relevant Economic Theory"), I.C ("Taking into Account the Effect of Tying on |
| 18 | Robot Prices Increases the Injury to the Class"). This is an entirely standard and proper use of a |
| 19 | rebuttal report. *See In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2022 WL 1604753, |
| 20 | at *8 (N.D. Cal. Jan. 25, 2022) ("A rebuttal expert may cite new evidence and data or introduce |
| 21 | new methods of analysis in a rebuttal report so long as the new evidence, data, or method is offered |
| 22 | to contradict or rebut the opposing party's expert."). |
| 23 | At bottom, Intuitive's objection to Prof. Elhauge's rebuttal opinions is just an attempt to |
| 24 | alter a class certification record Intuitive does not like. The Court should overrule this objection. |

---

[1] Prof. Elhauge's rebuttal report makes clear that his own primary damages estimates continue to conservatively exclude damages from inflated robot prices. ECF 296-4 (Elhauge Class Cert. Rebuttal Report dated October 8, 2024) ¶ 6, App'x B.

## II. The Declaration of Mark Early is Relevant and Admissible

Plaintiffs offer the declaration of Mark Early to show that Larkin did not release its antitrust claims against Intuitive by way of an email Mr. Early sent to Intuitive to conclude a discrete lease transaction. The declaration appropriately counters Intuitive's own extrinsic evidence concerning the lease transaction–a declaration by its Controller Mr. Widman, and a 12-page email chain exhibit—by which Intuitive asserts Larkin released its claims in this case.

Mr. Early's declaration is exactly the type of evidence admissible to explain the intent of a contract. "'[E]xclusion of parol evidence . . . merely because the words [of a written contract] do not appear ambiguous to the reader can easily lead to the attribution to a written instrument of a meaning that was never intended.'" *Oakland-Alameda Cnty. Coliseum Auth. v. Golden State Warriors, LLC*, 267 Cal. Rptr. 3d 799, 807 (Cal. Ct. App. 2020) (quoting *Pac. Gas & Elec. Co. v. G. W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 645 (Cal. 1968)). Because of this risk, "rational interpretation requires at least a preliminary consideration of all credible evidence offered to prove the intention of the parties." *Pac. Gas.*, 442 P.2d at 645. Mr. Early's declaration is "credible evidence" that he had no intention of inexplicably releasing Larkin's years-old complex antitrust claims, for no consideration, when he drafted mutual release language in his email agreement.

Significantly, Intuitive presumes Mr. Early's email was an integrated agreement. *See* Objection at 4. The agreement, however, had no integration clause and was plainly not integrated. *Compare Lennar Mare Island, LLC v. Steadfast Ins. Co.*, 176 F. Supp. 3d 949, 963 (E.D. Cal. 2016) (finding a contract was integrated because it was "comprehensive, refer[red] expressly to other policies when necessary," and had an integration clause) *with Kanno v. Marwit Cap. Partners II, L.P.*, 227 Cal. Rptr. 3d 334, 353 (Cal. Ct. App. 2017) (concluding a contract was not integrated because there were other enforceable contracts related to the same transaction and the other contracts were consistent with the original contract). *Accord Jenkins v. Eckerd Corp.*, 913 So. 2d 43, 53 (Fla. 1st DCA 2005) ("The parol evidence rule presumes that the written agreement that is sought to be modified or explained is an integrated agreement[.]").

1  *Kanno* is on point. In fact, Larkin and Intuitive had entered into another, earlier agreement that was related to and consistent with the same transaction memorialized in Mr. Early's email.



The parol evidence rule does not apply (*Lennar*, 176 F. Supp. 3d at 962), and Mr. Early's declaration is admissible to elucidate Larkin's intent to close a lease payment agreement without abandoning its antitrust litigation against Intuitive.

The irony should not be lost on the Court that Intuitive is objecting to extrinsic evidence introduced strictly to impeach extrinsic evidence Intuitive itself offers for the first time in its Opposition. Relying on a 12-page "extrinsic" email chain exhibit, in which a) the "Antitrust Litigation" is never once mentioned, and b) Intuitive Sr. Manager Chris Halford presses Larkin for a "business call tomorrow, without legal involved" (Widman Ex. 1, p. 9), Intuitive's Mr. Widman avers that Larkin "resolved 'all pending disagreements and claims'" and "released" Intuitive from "all claims, liabilities, and obligations of any kind." Intuitive opened the door, and cannot now prevent Larkin from countering with evidence disproving Intuitive's duplicitous argument.[2]

### III. Conclusion

For the foregoing reasons, the Court should overrule Intuitive's Objection in its entirety.

---

[2] In addition, Intuitive sandbagged Plaintiffs by raising this argument for the first time in its Class Certification Opposition, and not pleading it as an affirmative defense months ago.

1
2  Dated: October 24, 2024                                    Respectfully submitted,

3                                                             */s/ Reena A. Gambhir*
   Manuel J. Dominguez (*pro hac vice*)                       Reena A. Gambhir (*pro hac vice*)
4  COHEN MILSTEIN SELLERS &                                   HAUSFELD LLP
   TOLL PLLC                                                  888 16th St NW
5  11780 U.S. Highway One, Suite N500                         Washington, DC 20006
   Palm Beach Gardens, FL 33408                               Tel: 202-540-7145
6  Tel: 561-515-2604                                          Fax: 202-540-7201
7  Fax: 561-515-1401                                          Email: rgambhir@hausfeld.com
   Email: jdominguez@cohenmilstein.com
8
   Benjamin D. Brown (SBN 202545)                             Jeffrey J. Corrigan (*pro hac vice*)
9  Daniel McCuaig (*pro hac vice*)                            Jeffrey L. Spector (*pro hac vice*)
   Zachary R. Glubiak (*pro hac vice*)                        Icee N. Etheridge (*pro hac vice*)
10 COHEN MILSTEIN SELLERS &                                   SPECTOR ROSEMAN & KODROFF, P.C.
   TOLL PLLC                                                  2001 Market Street, Suite 3420
11 1100 New York Ave., Suite 500                              Philadelphia, PA 19103
12 Washington, DC 20005                                       Tel: 215-496-0300
   Tel: 202-408-4600                                          Fax: 215-496-6611
13 Fax: 202-408-4699                                          Email: jcorrigan@srkattorneys.com
   Email: bbrown@cohenmilstein.com                            jspector@srkattorneys.com
14        dmccuaig@cohenmilstein.com                          ietheridge@srkattorneys.com
15        zglubiak@cohenmilstein.com

16 Christopher J. Bateman (*pro hac vice*)                    Gary I. Smith, Jr. (SBN 344865)
   COHEN MILSTEIN SELLERS &                                   Samuel Maida (SBN 333835)
17 TOLL PLLC                                                  HAUSFELD LLP
18 88 Pine Street, 14th Floor                                 600 Montgomery Street, Suite
   New York, NY 10005                                         3200 San Francisco, CA 94111
19 Tel: 212-838-7797                                          Tel: 415-633-1908
   Fax: 212-838-7745                                          Fax: 415-358-4980
20 Email: cbateman@cohenmilstein.com                          Email: gsmith@hausfeld.com
                                                                     smaida@hausfeld.com
21
                                                              Jeannine M. Kenney (*pro hac vice*)
22                                                            HAUSFELD LLP
23                                                            325 Chestnut Street, Suite 900
                                                              Philadelphia, PA 19106
24                                                            Tel: 215-985-3270
                                                              Fax: 215-985-3271
25                                                            Email: jkenney@hausfeld.com
26
                    *Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*
27

Michael J. Boni
Joshua D. Snyder (*pro hac vice*)
John E. Sindoni (*pro hac vice*)
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
Email: mboni@bonizack.com
       jsnyder@bonizack.com
       jsindoni@bonizack.com

*Counsel for Plaintiffs and the Proposed Class*