# ATTACHMENT 15

| | |
|---|---|
| 1 | Sonya D. Winner (SBN 200348) |
| | **COVINGTON & BURLINGTON LLP** |
| 2 | 415 Mission Street, Suite 5400 |
| | San Francisco, California 94105-2533 |
| 3 | Telephone:  (415) 591-6000 |
| | Facsimile:  (415) 591-6091 |
| 4 | Email: swinner@cov.com |
| 5 | Ashley E. Bass (p*ro hac vice*) |
| | Andrew Lazerow (*pro hac vice*) |
| 6 | **COVINGTON & BURLING LLP** |
| | One CityCenter, 850 Tenth Street NW |
| 7 | Washington, DC 20001-4956 |
| | Telephone: (202) 662-6000 |
| 8 | Facsimile: (202) 6291 |
| | Email: abass@cov.com |
| 9 | Email: alazerow@cov.com |
| 10 | Kenneth A. Gallo (*pro hac vice*) |
| | Paul D. Brachman *(pro hac vice)* |
| 11 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| | 2001 K Street, NW |
| 12 | Washington, DC  20006-1047 |
| | Telephone:  (202) 223-7300 |
| 13 | Facsimile:  (202) 204-7420 |
| | Email: kgallo@paulweiss.com |
| 14 | Email: pbrachman@paulweiss.com |
| 15 | *Attorneys for Defendant Intuitive Surgical, Inc.* |
| 16 | [Additional counsel listed on signature page] |

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.:  3:21-cv- 03825-AMO-LB<br><br>**DEFENDANT INTUITIVE SURGICAL, INC.'S OBJECTION PURSUANT TO LOCAL RULE 7-3(d) TO CERTAIN CLASS CERTIFICATION REPLY EVIDENCE**<br><br>Hearing Date: January 23, 2025<br>Hearing Time: 2:00pm PST<br>Place: Courtroom 10<br><br>Judge: The Honorable Araceli Martínez-Olguín |

Pursuant to Local Rule 7-3(d)(1), Defendant Intuitive Surgical, Inc. ("Intuitive") hereby objects to certain reply evidence that Plaintiffs submitted in connection with Plaintiffs' Reply in Support of Motion for Class Certification, ECF No. 296. Specifically, Intuitive objects to new opinions in the Class Certification Rebuttal Expert Report of Professor Einer Elhauge, ECF 296.4 ("Elhauge Class Cert. Rebuttal Report") that should have been included in his opening report if Plaintiffs wished to rely on them. Intuitive also objects on relevance grounds to the new Declaration of Mark Early, ECF 296.7 ("Early Declaration"). Intuitive further objects to Plaintiffs' class certification reply brief to the extent it relies on this improper and inadmissible evidence.[1]

**OBJECTIONS TO IMPROPER AND INADMISSIBLE REPLY EVIDENCE**

When new evidence is submitted with a party's reply, "the opposing party may file and serve an Objection to Reply evidence" within seven days. LR 7-3(d)(1). A court may strike or disregard evidence improperly submitted for the first time on reply. *See Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (striking new information improperly submitted for the first time with reply brief); *Willis v. Koning & Assocs.*, 2023 WL 2541327, at *2 (N.D. Cal. Mar. 15, 2023) (striking new evidence "that was improperly submitted for the first time on reply"). In addition, the objecting party may raise a "substantive challenge to the evidence." *Chan v. ArcSoft, Inc.*, 2020 WL 13891272, at *3 (N.D. Cal. Sept. 16, 2020); *Simpson v. Best Western Int'l, Inc.*, No. 3:12-cv-04672-JCS, 2012 WL 5499928, at *2 (N.D. Cal. Nov. 13, 2012) ("[T]he objecting party should state some substantive challenge to the evidence to which he or she objects.").

**I.   Objection to New Rebuttal Opinions of Prof. Einer Elhauge**

Plaintiffs attempt to introduce two new opinions in the Elhauge Class Cert. Rebuttal Report submitted by Plaintiffs as an exhibit to their reply brief. These opinions could have—and ***should*** have—been included in Prof. Elhauge's opening expert report on class certification (ECF No. 267.2, refiled as ECF No. 296.2). In fact, this is Plaintiffs' ***fourth*** expert report from Prof. Elhauge. *See* ECF No. 127.2 (Elhauge Corrected Report dated Jan. 10, 2023); ECF No. 127.4 (Elhauge Rebuttal Report

---

[1] In compliance with L.R. 7-3(d)(1), Intuitive offers these objections without addressing the substantive reasons why this evidence would not be adequate to support class certification even if admitted. If necessary, Intuitive will address those questions at the hearing.

dated March 3, 2023); ECF Nos. 267.2 & 296.2 (Elhauge Corrected Class Cert. Report dated July 13, 2024); ECF No. 296.4 (Elhauge Class Cert. Rebuttal Report dated Oct. 8, 2024). Plaintiffs have thus had **three** previous opportunities to offer these opinions, but failed to do so. Allowing Prof. Elhauge to offer these new opinions—and Plaintiffs to rely upon them—after discovery has closed and at the very end of the briefing schedule on class certification prejudices Intuitive, which has been deprived of an opportunity to respond to these new opinions.

*First*, Prof. Elhauge now opines that the alleged tying arrangement increased Intuitive's market power not only in EndoWrists and service—as Prof. Elhauge previously opined—but also in the alleged tying product market for the da Vinci surgical robot. He thus now opines for the first time that in the absence of the tying arrangement in the but-for world, Intuitive would have had "less market power" over robots. *See*, *e.g*., Elhauge Class Cert. Rebuttal Report ¶¶ 24, 68–69, 80–81. This opinion was not asserted in Prof. Elhauge's previous reports, where he consistently opined that Intuitive has monopoly power (the ultimate in market power) in the market for robots for independent reasons that have nothing to do with the alleged tying arrangement. *See, e.g.*, ECF No. 267.2 (Elhauge Corrected Class Cert. Report dated July 13, 2024) ¶¶ 163–231; ECF No. 127.2 (Elhauge Corrected Report dated Jan. 10, 2023) ¶¶ 111–36; ECF No. 127.4 (Elhauge Rebuttal Report dated March 3, 2023) ¶¶ 209–40.

*Second*, as a result of this new opinion that Intuitive would have less market power over robots in the but-for world, Prof. Elhauge now claims that Intuitive would have been forced to offer lower prices in the but-for world "not only for EndoWrists and da Vinci service, **but also for robots**." *See* Elhauge Class Cert. Rebuttal Rep. ¶ 89 (emphasis added); *see also, e.g., id*. ¶¶ 68, 81. This is, again, a new opinion that appears nowhere in his prior reports. He now even goes so far as to include for the first time purported damages on the sales of robots in the but-for world. *Compare id*. ¶¶ 89–91 & tbl. 44 (damages based on robots, EndoWrists, and service) *with, e.g.*, ECF No. 267.2 (Elhauge Corrected Class Cert. Report) ¶ 842 & tbl. 9 (damages based only on EndoWrists and service).

Plaintiffs' attempt to offer these brand-new opinions from Prof. Elhauge in their reply on class certification is improper, as they relate to a fundamental issue on which Plaintiffs had the burden of proof in the first instance and therefore that Plaintiffs should have addressed in their opening submission. The Ninth Circuit has adhered for more than **50 years** to the rule that injury in a tying case

2

RULE 7-3(d) OBJECTION TO REPLY EVIDENCE BY
INTUITIVE SURGICAL, INC.

Case No. 3:21-cv-03496-AMO-LB

must be based on an assessment of the *full package* price—which in this case includes the price of the robot. *See Siegel v. Chicken Delight, Inc.*, 448 F.3d 43, 52 (9th Cir. 1971). Plaintiffs—who have always borne the burden of proof in demonstrating that they can establish such a package price injury on a classwide basis—should therefore have offered whatever opinion Prof. Elhauge planned to offer on robot pricing in his opening class certification expert report. *See In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2024 WL 4025577, at *2–3 (N.D. Cal Aug. 26, 2024) (striking expert report offering new analysis on reply where "Plaintiffs were aware when they filed their opening reports" that an issue "posed a potential problem for their but-for world"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2013 WL 6502170, at *1 n.1 (N.D. Cal. Dec. 11, 2013) (sustaining Rule 7-3(d) objection where movant "knew that its reply evidence was pertinent to this dispute and should have presented it earlier, providing [the other party] with an opportunity to respond"). There is no "good reason" why Prof. Elhauge could not have offered these new opinions in his opening class certification expert report. *Willis*, 2023 WL 2541327, at *2. Permitting Prof. Elhauge to offer these new opinions for the first time on reply prejudices Intuitive, which now lacks an adequate opportunity to respond to the merits of these new opinions. *See Xyrem Antitrust Litig.*, 2024 WL 4025577, at *5 (finding prejudice where defendant lacked "opportunity to respond" to opinions in another expert's reply report).

## II.     Objection to New Declaration by Mark Early

Intuitive objects on relevance grounds to the declaration of Mark Early, Chief Financial Officer of Plaintiff Larkin Community Hospital ("Larkin"), submitted by Plaintiffs as an exhibit to their reply brief. ECF No. 296.7. *See* Fed. R. Evid. 402. In its opposition to Plaintiffs' motion for class certification, Intuitive pointed to a February 2024 settlement that renders Larkin an atypical and inadequate class representative. ECF No. 288 at 21. The settlement, written by Mr. Early on behalf of Larkin and agreed to by Intuitive, resolved "all pending disagreements and claims between Larkin and Intuitive," and released "all claims, liability and obligations of any kind" between Larkin and Intuitive. ECF 288.3 at 1 (filed under administrative seal at ECF 289.3). In his declaration, Mr. Early provides his view that the settlement should not be interpreted to release Larkin's claims in this case, even though the agreement, which he drafted, did not purport to carve them out of the release.

  Mr. Early's declaration should be stricken and disregarded because it is irrelevant and inadmissible.  "A settlement agreement is treated as any other contract for purposes of interpretation." *United Com. Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992).  Under the laws of both California and Florida (the states in which Intuitive and Larkin are based, respectively), an unambiguous contract "is interpreted by the language therein without resort to extrinsic evidence." *L.A. Unified Sch. Dist. v. Torres Constr. Corp.*, 57 Cal. App. 5th 480, 495 (2020); *see also Dirico v. Redland Ests., Inc.*, 154 So. 3d 355, 357 (Fla. Dist. Ct. App. 2014) ("In the absence of some ambiguity, the intent of the parties to a written contract must be ascertained from the words used in the contract, without resort to extrinsic evidence").  Given the absence of any ambiguity in the language used, extrinsic evidence about the meaning of this contract is therefore inadmissible.  *See MAO-MSO Recovery II, LLC v. Mercury Gen.*, 2023 WL 1793469, at *2 (9th Cir. Feb. 7, 2023) ("Appellants' contentions that this result is 'mind-boggling,' are based on extrinsic evidence and thus are irrelevant because the contract's unambiguous text controls."); *United Com. Ins. Serv.,* 962 F.2d at 856 ("[T]he true intent of a party is irrelevant if it is unexpressed."); *Trident Ctr. v. Conn. Gen. Life Ins. Co.*, 847 F.2d 564, 568 (9th Cir. 1988) ("Under traditional contract principles, extrinsic evidence is inadmissible to interpret, vary or add to the terms of an unambiguous integrated written instrument.").  Mr. Early's after-the-fact claims about the meaning of the release are thus irrelevant and inadmissible extrinsic evidence that should be stricken and disregarded.

## CONCLUSION

  For these reasons, Intuitive objects to the new evidence described above that was submitted with Plaintiffs' Reply in Support of Motion for Class Certification and respectfully asks that this Court strike and disregard it.

Dated:  October 15, 2024        By: */s/ Andrew Lazerow*

Sonya D. Winner (SBN 200348)
**COVINGTON & BURLINGTON LLP**
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: swinner@cov.com

Kathryn E. Cahoy (SBN 298777)
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, California 94306-2112
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: kcahoy@cov.com

Ashley E. Bass (*pro hac vice*)
Andrew Lazerow (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter, 850 Tenth Street NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 6291
Email: abass@cov.com
Email: alazerow@cov.com

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman *(pro hac vice)*
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Facsimile: (202) 204-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

5

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
Email: jhill@paulweiss.com

Allen Ruby (SBN 47109)
allen@allenruby.com
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690

Attorneys for *Defendant Intuitive Surgical, Inc.*

RULE 7-3(d) OBJECTION TO REPLY EVIDENCE BY INTUITIVE SURGICAL, INC.                                    Case No. 3:21-cv-03496-AMO-LB