# ATTACHMENT 16

1  Sonya D. Winner (SBN 200348)
   **COVINGTON & BURLINGTON LLP**
2  415 Mission Street, Suite 5400
   San Francisco, California 94105-2533
3  Telephone: (415) 591-6000
   Facsimile: (415) 591-6091
4  Email: swinner@cov.com

5  Ashley E. Bass (p*ro hac vice*)
   Andrew Lazerow (*pro hac vice*)
6  **COVINGTON & BURLING LLP**
   One CityCenter, 850 Tenth Street NW
7  Washington, DC 20001-4956
   Telephone: (202) 662-6000
8  Facsimile: (202) 6291
   Email: abass@cov.com
9  Email: alazerow@cov.com

10 Kenneth A. Gallo (*pro hac vice*)
   Paul D. Brachman *(pro hac vice)*
11 **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
   2001 K Street, NW
12 Washington, DC 20006-1047
   Telephone: (202) 223-7300
13 Facsimile: (202) 204-7420
   Email: kgallo@paulweiss.com
14 Email: pbrachman@paulweiss.com

15 *Attorneys for Defendant Intuitive Surgical, Inc.*

16 [Additional counsel listed on signature page]

17             **UNITED STATES DISTRICT COURT**

18         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

19                    **SAN FRANCISCO DIVISION**

20

| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION | Case No.: 3:21-cv- 03825-AMO-LB |
|---|---|
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **DEFENDANT INTUITIVE SURGICAL, INC.'S OPPOSITION TO HOSPITAL PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S OBJECTION TO CERTAIN CLASS CERTIFICATION REPLY EVIDENCE**<br><br>Judge: The Honorable Araceli Martínez-Olguín |

DEFENDANT INTUITIVE SURGICAL, INC.'S OPPOSITION TO HOSPITAL PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S OBJECTION TO CERTAIN CLASS CERTIFICATION REPLY EVIDENCE

Case No. 3:21-cv-03825-AMO-LB

Pursuant to Civil Local Rule 7-11(b), Defendant Intuitive Surgical, Inc. ("Intuitive") hereby opposes Hospital Plaintiffs' Administrative Motion For Leave To File Response To Defendant Intuitive Surgical, Inc.'s Objection To Certain Class Certification Reply Evidence (ECF No. 301) (the "Motion"). The Court should deny the motion for four reasons.

*First*, Local Rule 7-3(d)(1) does not permit or otherwise contemplate a response to an objection filed pursuant to that rule. *See Stardock Sys., Inc. v. Reiche*, 2018 WL 7348858 at *6 (N.D. Cal. Dec. 27, 2018) ("Responses to evidentiary objections are not contemplated in the local rules. *See* Civ. L.R. 7-3."); *see also Coal. on Homelessness v. City & Cnty. of San Francisco*, 2024 WL 3669475 at *3 n.4 (N.D. Cal. Aug. 5, 2024) ("Other than Defendants' objections to Plaintiffs' reply evidence, which are authorized by the local rules, these unauthorized filings waste judicial resources and unnecessarily multiply the proceedings."). The Court should deny the Motion on that ground alone.

*Second*, Intuitive's Objection (ECF No. 298) does not violate the prohibition against including argument on the underlying motion in a Local Rule 7-3(d)(1) evidentiary objection. Intuitive limited its four-page Objection to only that material necessary to explain the grounds for its objections to Prof. Elhauge' two new opinions and the Declaration of Mark Early ("Early Declaration"), including why Plaintiffs' reliance on such evidence in its class certification reply papers was improper. Thus, for example, Intuitive did not argue or otherwise explain how the challenged evidence (or the striking of it) would or should impact the class certification motion.

*Third*, Plaintiffs' Response itself demonstrates that the two new opinions Intuitive challenges were not in Professor Elhauge's opening class certification report. Plaintiffs do not point to any part of his report in which Prof. Elhauge opined that Intuitive would have had "less market power" over robots in the but-for world. Instead, Plaintiffs cite parts of his report in which Prof. Elhauge points to empirical evidence from the actual world that he claims shows a decline in EndoWrist prices associated with a decline in robot prices. *See* ECF No. 301.1 at 2 (citing ECF No. 296.2 (Elhauge Corrected Class Cert. Report dated July 13, 2024), ¶¶ 643, 681, 830, 846, 934-35). However, that observation is not on its own terms, or even by implication, an *opinion* about Intuitive's level of market power over robots in the

1

DEFENDANT INTUITIVE SURGICAL, INC.'S OPPOSITION TO
HOSPITAL PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO
FILE RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S
OBJECTION TO CERTAIN CLASS CERTIFICATION REPLY EVIDENCE

Case No. 3:21-cv-03825-AMO-LB

but-for world, and Prof. Elhauge did not connect his observation to any opinion in that report about Intuitive's market power over robots in the but-for world.

Plaintiffs' reference to a paragraph of Prof. Elhauge's opening report positing that service is a "partial substitute" for a new da Vinci purchase, ECF No. 301.1 at 1 (citing ECF No. 296.2 (Elhauge Corrected Class Cert. Report dated July 13, 2024), ¶ 680), is even more attenuated. Prof. Elhauge does not opine in that paragraph that Intuitive would have less market power over robots in the but-for world because of his view of service as a "partial substitute" for a new robot. Nor does Plaintiffs' reliance on Prof. Elhauge's deposition save them. It is black-letter law that opinions of an expert must be disclosed in a written expert report served pursuant to Fed. R. Civ. P. 26. In any event, Prof. Elhauge did not offer an opinion at his deposition that Intuitive would have "less market power" over robots in his but-for world, but instead testified that Intuitive would have "monopoly power" (the ultimate in market power). *See* ECF No. 288.21 (Elhauge Dep. Tr.) at 41:12-42:4 (filed under seal at ECF No. 289.14). And he did not testify in his deposition about quantifying damages arising from sales of robots in the but-for world. Plaintiffs openly concede the omission of that subject from Prof. Elhauge's opening class certification report. *See* ECF No. 301.1 at 2.

*Finally*, Plaintiffs are wrong that the Early Declaration "appropriately counters" the declaration of Intuitive's controller, Fredrik Widman. ECF No. 301 at 4. Mr. Widman did not offer anywhere in his one-page, three-paragraph authenticating declaration his subjective understanding of the settlement. *See* ECF No. 288.2 (filed under seal at ECF No. 289.3). To be sure, his declaration quoted the release language, but he did not go further and give a view on whether Larkin's antitrust claims were released by it. *Id.* ¶ 3.[1]

## CONCLUSION

For these reasons, Intuitive respectfully requests that the Court deny the Motion.

---

[1] The suggestion that Intuitive "sandbagged" Plaintiffs (ECF No. 301.1 at 5 n.2) is demonstrably wrong. The settlement was with a named plaintiff. Plaintiffs do not (and cannot) dispute that Larkin had counsel who was copied on the emails through which the settlement was negotiated. Intuitive has no obligation to make sure Plaintiffs' counsel in this matter is aware of their client's activities. And the settlement happened in February 2024 (s*ee* ECF No. 288.3), long after the pleadings and discovery closed.

2

DEFENDANT INTUITIVE SURGICAL, INC.'S OPPOSITION TO HOSPITAL PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S OBJECTION TO CERTAIN CLASS CERTIFICATION REPLY EVIDENCE

Case No. 3:21-cv-03825-AMO-LB

| | | |
|---|---|---|
| 1 | Dated:  October 28, 2024 | By: */s/ Andrew Lazerow* |
| 2 | | |
| 3 | | Sonya D. Winner (SBN 200348)<br>**COVINGTON & BURLINGTON LLP**<br>415 Mission Street, Suite 5400 |
| 4 | | San Francisco, California 94105-2533<br>Telephone:  (415) 591-6000 |
| 5 | | Facsimile:  (415) 591-6091<br>Email: swinner@cov.com |
| 6 | | |
| 7 | | Kathryn E. Cahoy (SBN 298777)<br>**COVINGTON & BURLING LLP**<br>3000 El Camino Real |
| 8 | | 5 Palo Alto Square, 10th Floor<br>Palo Alto, California 94306-2112 |
| 9 | | Telephone: (650) 632-4700<br>Facsimile: (650) 632-4800 |
| 10 | | Email: kcahoy@cov.com |
| 11 | | Ashley E. Bass (*pro hac vice*)<br>Andrew Lazerow (*pro hac vice*) |
| 12 | | **COVINGTON & BURLING LLP**<br>One CityCenter, 850 Tenth Street NW |
| 13 | | Washington, DC 20001-4956<br>Telephone: (202) 662-6000 |
| 14 | | Facsimile: (202) 6291<br>Email: abass@cov.com |
| 15 | | Email: alazerow@cov.com |
| 16 | | Kenneth A. Gallo (*pro hac vice*)<br>Paul D. Brachman *(pro hac vice)* |
| 17 | | **PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP** |
| 18 | | 2001 K Street, NW<br>Washington, DC  20006-1047 |
| 19 | | Telephone:  (202) 223-7300<br>Facsimile:  (202) 204-7420 |
| 20 | | Email: kgallo@paulweiss.com<br>Email: pbrachman@paulweiss.com |
| 21 | | |
| 22 | | William B. Michael (*pro hac vice*)<br>Crystal L. Parker (*pro hac vice*) |
| 23 | | Daniel A. Crane (*pro hac vice*)<br>**PAUL, WEISS, RIFKIND, WHARTON &<br>GARRISON LLP** |
| 24 | | 1285 Avenue of the Americas<br>New York, NY 10019-6064 |
| 25 | | Telephone:  (212) 373-3000<br>Facsimile:  (212) 757-3990 |
| 26 | | Email: wmichael@paulweiss.com<br>Email: cparker@paulweiss.com |
| 27 | | Email: dcrane@paulweiss.com |

3

DEFENDANT INTUITIVE SURGICAL, INC.'S OPPOSITION TO                              Case No. 3:21-cv-03825-AMO-LB
HOSPITAL PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO
FILE RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S
OBJECTION TO CERTAIN CLASS CERTIFICATION REPLY EVIDENCE

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101
Email: jhill@paulweiss.com

Allen Ruby (SBN 47109)
allen@allenruby.com
**ALLEN RUBY, ATTORNEY AT LAW**
15559 Union Ave. #138
Los Gatos, California 95032
Telephone: (408) 477-9690

Attorneys for *Defendant Intuitive Surgical, Inc.*

---

4

DEFENDANT INTUITIVE SURGICAL, INC.'S OPPOSITION TO HOSPITAL PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT INTUITIVE SURGICAL, INC.'S OBJECTION TO CERTAIN CLASS CERTIFICATION REPLY EVIDENCE

Case No. 3:21-cv-03825-AMO-LB