Samuel Maida (SBN 333835)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94111
Telephone: 415-633-1908
Facsimile: 415-633-4980
Email: smaida@hausfeld.com

Jeffrey J. Corrigan (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com

Manuel J. Dominguez (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-2604
Fax: 561-515-1401
Email: jdominguez@cohenmilstein.com

*Plaintiffs' Co-Lead Counsel*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Lead Case No: 3:21-CV-03825-AMO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO AUTHORIZE CLASS NOTICE AND APPOINT NOTICE ADMINISTRATOR**<br><br>Hearing Date: March 5, 2026<br>Time: 2:00 PM<br>Courtroom: 10 – 19th Floor<br>Judge: The Hon. Araceli Martínez-Olguín |

**MOTION AND NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on March 5, 2026, or as soon thereafter as the matter may be heard by the Honorable Araceli Martínez-Olguín in Courtroom 10 - 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs will and hereby do move pursuant to Federal Rule of Civil Procedure 23 for an Order granting Plaintiffs' Motion to Authorize Class Notice and Appoint Notice Administrator.

This Motion is based on this Notice and Motion, the accompanying Memorandum of Points and Authorities and exhibits thereto, the Declaration of Eric J. Miller and exhibits thereto, the pleadings and records on file herein, and such other evidence and arguments as may be presented to the Court prior to or at the hearing of this Motion.

Pursuant to Civil Local Rule 7-1(b), Plaintiffs request that the Court decide this motion on the papers without oral argument.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 23(c), Plaintiffs respectfully ask the Court to (1) approve Plaintiffs' "Summary Notice" and "Detailed Notice," (2) authorize Plaintiffs' plan to distribute notice to members of the certified class, and (3) appoint A.B. Data, Ltd. as notice administrator.

Plaintiffs' proposed notices, attached hereto as Exhibits A and B, satisfy Rule 23(c). The notices clearly and concisely describe, for example, the nature of the action, the definition of the class, and the options available to the class members, including whether, how, and when to opt out of the class action. Neither notice omits any information that the rules require.

Plaintiffs' proposed means of delivering the notices—U.S. mail and email to those class members for whom email addresses are available, a dedicated litigation website, and supplemental paid media—offers the best notice practicable to the class members. Defendant Intuitive Surgical Inc. ("Intuitive") does not oppose the content of the proposed notices or Plaintiffs' dissemination plan but, contrary to law, suggests notice await the outcome of the Ninth Circuit's decision in the *SIS* action.

In addition, Plaintiffs propose the appointment of A.B. Data as the notice administrator for the class. A.B. Data has been appointed as the class notice or claims administrator in thousands of cases—including cases in this District—and in numerous major antitrust class actions. *See* Decl. of Eric J. Miller ¶ 4, filed herewith ("Miller Decl."). A.B. Data is well qualified to serve as notice administrator in this action, and Intuitive does not oppose its appointment.

## II. THE NOTICE PLAN SHOULD BE AUTHORIZED

### A. The Notices Satisfy Rule 23.

The content of Plaintiffs' proposed notices meets the requirements of Rule 23. When a class is certified under Rule 23(b)(3), "the court must direct to class members the best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). "The notice must clearly and concisely state in plain, easily understood language:

    (i) the nature of the action;

    (ii) the definition of the class certified;

    (iii) the class claims, issues, or defenses;

    (iv) that a class member may enter an appearance through an attorney if the member so desires;

    (v) that the court will exclude from the class any member who requests exclusion;

    (vi) the time and manner for requesting exclusion; and

    (vii) the binding effect of a class judgment on members under Rule 23(c)(3)."

*Id.* The proposed Summary Notice and Detailed Notice, working in concert, satisfy these requirements and constitute the best practicable notice.

    ***The Summary Notice.*** Under Plaintiffs' proposed plan, A.B. Data will send a Summary Notice directly to potential class members. *See generally* Ex. A. The Summary Notice provides basic information about the case and directs recipients to the Detailed Notice found on a dedicated litigation website. The Summary Notice states the nature of the class action, describes the Plaintiffs' claims and Intuitive's defenses, and recites the class definition. *Id*. It also provides information about class members' right to exclude themselves, or "opt out," including the time and manner for opting out, and explains that class members who do not opt out will be bound by the outcome of the litigation. *Id.* Lastly, the Summary Notice states that important information is contained in the Detailed Notice and provides a link to the dedicated litigation website where the Detailed Notice can be found. *Id.*

    ***The Detailed Notice.*** All members of the public will be able to review the Detailed Notice on the dedicated litigation website. The Detailed Notice provides, in clear and concise language, a description of this case and a summary of Plaintiffs' claims and Intuitive's defenses, Ex. B at 4–5; the definition of the class, *id.* at 5; the legal rights and options of class members to remain in the litigation or to opt out, *id.* at 5–6; the process and deadline for requesting to opt out, *id.* at 6; information about the Court's appointment of class counsel, *id.* at 6–7; the option for class members to hire counsel of their choosing and to enter an appearance through such counsel, *id.* at

1  7; and the binding effect of a class-wide judgment on class members who do not opt out, *id.* at 6;
2  *see also* Miller Decl. ¶ 25.

3      The opt-out process described in the Detailed Notice protects the due process rights of class
4  members. Any class member seeking exclusion must mail or email an opt-out request with:
5  (1) basic information for the entity opting out; (2) basic information and the signature of the person
6  opting out on the entity's behalf; (3) a statement that the entity wishes to opt out of the class; and
7  (4) a statement that the person opting out on the entity's behalf has authority to do so. *See* Ex. B at
8  6. The proposed period for class members to opt out is 60 days, *id.* at 6, which provides class
9  members ample time to choose whether to opt out.

10      Lastly, the Detailed Notice contains information routinely included in notices of pendency
11  such as the potential for Plaintiffs' Co-Lead Counsel to request attorneys' fees, expense
12  reimbursements, and service awards for Class Representatives; and contact information for
13  Plaintiffs' Co-Lead Counsel and the Notice Administrator to request more information. *Id.* at 7–8;
14  Miller Decl. ¶ 25. In addition, A.B. Data will staff a toll-free phone number, listed on both the
15  Summary Notice and Detailed Notice, that potential class members may call to ask questions.
16  Miller Decl. ¶¶ 19, 21–22; Ex. A; Ex. B at 8.

17      ***The Litigation Website.*** The dedicated litigation website will offer the Detailed Notice in
18  both English and Spanish and will include other important case documents, such as the Amended
19  Complaint (ECF No. 52), the Order Granting Class Certification (ECF No. 333), the Order Re:
20  Cross Motions for Summary Judgment (ECF No. 232), and the Order Granting Defendant's Motion
21  for Reconsideration (ECF No. 287). Miller Decl. ¶ 20. The website will be secured with an "https"
22  designation. *Id.*

23      Together, the Summary Notice and Detailed Notice, along with the dedicated litigation
24  website, satisfy Rule 23.

25      B.    <u>The Proposed Means of Distributing Notice Satisfies Rule 23.</u>

26      In addition to the content of the proposed forms of notice, Plaintiffs' proposed means of
27  distributing notice meet the requirements of Rule 23. When a class is certified under Rule 23(b)(3),

"the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United States mail, electronic means, or other appropriate means." Fed. R. Civ. P. 23(c)(2)(B).

Plaintiffs propose that A.B. Data send the Summary Notice to class members by both U.S. mail and email, Miller Decl. ¶ 11, using class member contact information obtained from Intuitive. This contact information was compiled by Intuitive using pre-existing information and customer records and provided to Plaintiffs. Prior to emailing and mailing the Summary Notice, A.B. Data will utilize best industry practices and perform several tasks to maximize deliverability, such as standardizing and updating all mailing addresses through the United States Postal Service national change of address database. *Id.* ¶¶ 14–17. As mentioned above, the Summary Notice will provide basic information about the case and encourage readers to use the dedicated litigation website to review important information in the Detailed Notice, and the Detailed Notice will be available to all members of the public in both English and Spanish. *Id.* ¶ 20.

This program is the best practicable means of distributing notice to the class because the class members are hospitals, whose contact information is publicly available and unlikely to often change, and because they are former or current customers of Intuitive, which has records of having served them. Contacting the potential class members through direct mail and email will therefore be an effective and practical way of providing individual notice to all class members who can be identified through reasonable effort. Miller Decl. ¶ 20.

Additionally, to supplement the comprehensive direct notice, A.B. Data will employ a paid media plan (including digital and social media) to reach potential class members who may not receive the Summary Notice via email or mail. Customized banner ads will appear in e-newsletters available on medical device and diagnostic industry-related websites. Ads will also be targeted to users on LinkedIn who have identified themselves as hospital decisionmakers. These ads will appear across desktop, tablet, and mobile devices for 30 days. All digital and social media ads will include an embedded link to the case-specific website. Miller Decl. ¶ 18.

1    C.    Notice is Appropriate Now.

2    Class members should receive notice now. "Ordinarily, notice to class members should be
3    given ***promptly*** after the certification order is issued," Ann. Manual Complex Lit. § 21.311 (4th
4    ed.) (emphasis added); *see also* 7AA Wright & Miller, Fed. Prac. & Proc. Civ. § 1786 (3d ed.)
5    ("Rule 23(c)(2) does not specify when the required notice should be given. Generally, however, it
6    should be sent **as soon as the court determines that a class action is proper** under subdivision
7    (c)(1) so as to provide the absentees with a full and meaningful opportunity to intervene to protect
8    their rights or to opt out." (emphasis added)). Prompt notice to the class "serves to inform absentees
9    who otherwise might not be aware of the proceeding that their rights are in litigation so that they
10   can take whatever steps they deem appropriate to make certain that their interests are protected. In
11   this way, it guarantees each class member an opportunity to have a day in court or, at least, to
12   oversee the conduct of the action by the representatives." *Id.*

13   This Court issued the class certification order on March 31, 2025 (ECF No. 333), and on
14   May 22, 2025 the 9th Circuit Court of Appeals denied Intuitive's petition to appeal the Court's
15   decision pursuant to Rule 23(f). Order, *In re da Vinci Surgical Robot Antitrust Litig.*, No. 25-2395
16   (ECF 15.1). Plaintiffs have spent the intervening months engaging in an extensive request for
17   proposal ("RFP") process to select a notice administrator, drafting forms of notice with the selected
18   administrator's assistance, and working diligently with Intuitive to (1) negotiate and resolve a
19   multitude of notice-content disputes, and (2) locate up-to-date contact information for all class
20   members. Although all notice-language disputes are resolved, the parties have reached an impasse
21   as to the timing of notice dissemination.

22   Intuitive believes notice should be delayed until the appeals court issues its decision in
23   *Surgical Instrument Service Co. v. Intuitive Surgical, Inc.* (No. 25-1372), arguing that the outcome
24   of that appeal could impact claims and defenses in this case. That argument is a pretextual plea for
25   delay. The issues on appeal are too granular to have been included in the notices—indeed, neither
26   party ever sought to include any notice language on the issues raised in the *SIS* appeal—and any
27   impact they have on the class necessarily will be felt the same way by any opt-outs, so there will

1  be no need to issue a corrective notice regardless of the appeal's outcome. Moreover, the jury instruction that SIS has appealed very likely will not be given in the class case, for a number of different reasons, regardless of the outcome of SIS's appeal.

While some courts have delayed notice pending an appeal, they have done so only when decertification may hang in the appeal's balance, such as in the Rule 23(f) context, thereby warranting issuance of a corrective notice. *See, e.g.*, *Whitman v. State Farm Life Ins. Co.*, No. 19-CV-6025, 2021 WL 5824572 (W.D. Wash. Dec. 8, 2021) (delaying notice pending the defendant's Rule 23(f) petition). As stated, Intuitive's Rule 23(f) petition was denied, and no aspect of SIS's appeal implicates the propriety of class certification in this case.

Finally, the questions at issue in SIS's appeal are purely merits-based, and controlling law requires notice prior to merits-based adjudication. *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) ("The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action **well before the merits of the case are adjudicated**." (emphasis added)).

Plaintiffs' unopposed notices and means of their distribution satisfy Rule 23 and should be authorized, and the notice plan should commence now and not after the appellate decision in *SIS*.

### III. A.B. DATA SHOULD BE APPOINTED AS NOTICE ADMINISTRATOR

A.B. Data is qualified and ready to administer Plaintiffs' proposed notice plan and should be appointed to do so. Intuitive does not oppose the appointment. A.B. Data is a class action notice and claims administration firm that specializes in designing, developing, analyzing, and implementing large-scale legal notification plans. Miller Decl. ¶ 4. Collectively, the management team at A.B. Data has overseen the administration of notices in more than 1,500 class actions. *Id.* Federal and state courts throughout the United States, including this Court and other courts in this Circuit, regularly appoint A.B. Data to provide notice of class actions. *Id.* ¶¶ 4–6. A comprehensive summary of A.B. Data's previous appointments is attached to the Miller Decl. as Exhibit 2.

In seeking a notice administrator, Plaintiffs sent RFPs to multiple leading notice-administration firms based on positive experiences in other cases, and each candidate submitted a detailed proposal. A.B. Data was selected because its proposal was cost competitive and it has

substantial experience administering notice in complex class actions in this District (and throughout the country). Plaintiffs' Co-lead Counsel have engaged A.B. Data only for notice and claims-administration services and have no financial or other ties with A.B. Data. Miller Decl. ¶ 7.

These qualifications justify the appointment of A.B. Data as the notice administrator.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and enter the proposed Order Authorizing Distribution of Notice to the Class and Appointing Notice Administrator.

Dated: November 19, 2025

Respectfully submitted,

 /s/ Reena A. Gambhir 

| | |
|---|---|
| Manuel J. Dominguez (*pro hac vice*) | Reena A. Gambhir (*pro hac vice*) |
| COHEN MILSTEIN SELLERS & TOLL PLLC | HAUSFELD LLP |
| 11780 U.S. Highway One, Suite N500 | 1200 17th Street, N.W., Suite 600 |
| Palm Beach Gardens, FL 33408 | Washington, DC 20036 |
| Tel: 561-515-2604 | Tel: 202-540-7200 |
| Fax: 561-515-1401 | Fax: 202-540-7201 |
| Email: jdominguez@cohenmilstein.com | Email: rgambhir@hausfeld.com |
| Benjamin D. Brown (SBN 202545) | Gary I. Smith, Jr. (SBN 344865) |
| Daniel McCuaig (*pro hac vice*) | Samuel Maida (SBN 333835) |
| Zachary R. Glubiak (*pro hac vice*) | HAUSFELD LLP |
| COHEN MILSTEIN SELLERS & TOLL PLLC | 600 Montgomery Street, Suite 3200 San Francisco, CA 94111 |
| 1100 New York Ave., Suite 500 | Tel: 415-633-1908 |
| Washington, DC 20005 | Fax: 415-358-4980 |
| Tel: 202-408-4600 | Email: gsmith@hausfeld.com |
| Fax: 202-408-4699 | smaida@hausfeld.com |
| Email: bbrown@cohenmilstein.com | |
|         dmccuaig@cohenmilstein.com | |
|         zglubiak@cohenmilstein.com | |

Christopher J. Bateman (*pro hac vice*)
COHEN MILSTEIN SELLERS &
TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel: 212-838-7797
Fax: 212-838-7745
Email: cbateman@cohenmilstein.com

Jeannine M. Kenney (*pro hac vice*)
HAUSFELD LLP
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: 215-985-3270
Fax: 215-985-3271
Email: jkenney@hausfeld.com

Jeffrey J. Corrigan (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com
       jspector@srkattorneys.com

*Co-Lead Counsel for Plaintiffs and the Class*

Michael J. Boni
Joshua D. Snyder (*pro hac vice*)
John E. Sindoni (*pro hac vice*)
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
Email: mboni@bonizack.com
       jsnyder@bonizack.com
       jsindoni@bonizack.com

*Counsel for Plaintiffs and the Class*