Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA  94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION<br><br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Case No. 3:21-cv-03825-AMO-LB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO AUTHORIZE CLASS NOTICE AND APPOINT NOTICE ADMINISTRATOR**<br><br>Date:  March 5, 2026<br>Time:  2:00 PM<br>Courtroom:  10<br>The Honorable Araceli Martínez-Olguín |

Defendant Intuitive Surgical, Inc. ("Intuitive") submits this Response for the limited purpose of addressing the timing of distribution of class notice in this case. As Plaintiffs note, the parties have worked cooperatively to ready class notices. Intuitive respectfully suggests, however, that class notice need not issue *now*. Nothing in Rule 23 dictates that result, and there is no urgent need under the case schedule for the class notice to issue immediately. Rather, the timing of the class notice is a matter committed firmly to this Court's discretion. And there are sound, prudential reasons—not addressed by Plaintiffs' submission—why this Court may wish to exercise its discretion to defer class notice until after the Ninth Circuit has ruled (in the pending *SIS* appeal) on issues of law that will apply to class members' claims.

The fundamental purpose of a class notice is to provide class members with information that would be "material in making an informed, intelligent decision of whether to opt out or remain a member of the class." *Hubbard* v. *RCM Techs. (USA), Inc.*, 2020 WL 6149694, at *2 (N.D. Cal. Oct. 20, 2020) (citation and quotation marks omitted). As the Court knows well, Plaintiffs' claims in this case raise issues that overlap significantly with the claims that were tried to a jury earlier this year in *Surgical Instrument Service Co., Inc.* v. *Intuitive Surgical, Inc.* ("*SIS*"). Plaintiffs in both cases allege that Intuitive violated the antitrust laws by entering into supposedly unlawful tying agreements that restrained trade in an alleged single-brand aftermarket consisting solely of Intuitive's own EndoWrist instruments. The legal standard that plaintiffs must satisfy to prove a single-brand aftermarket has consumed considerable attention from the parties and the Court in both cases. *See, e.g.*, Dkt. 287 (granting Intuitive's motion for reconsideration); *SIS*, Dkt. 444 (determining jury instructions regarding aftermarket). Separately, and independent of the definition of any relevant market, Intuitive asserted in *SIS*—and will likewise assert in this case— that its contracts with customers cannot constitute unlawful tying or exclusive dealing agreements as a matter of law because those contracts allow customers to purchase from authorized third parties.

Both of these issues are currently pending before the Ninth Circuit on appeal from the Court's order granting judgment to Intuitive in the *SIS* case. *See* Appellee's Br., Dkt. 66.1,

- 1 -

*Surgical Instrument Serv. Co., Inc.* v. *Intuitive Surgical, Inc.*, No. 25-1372 (9th Cir. Oct. 29, 2025). SIS has appealed this Court's jury instruction concerning the requirements for establishing a single-brand aftermarket, and Intuitive has put forward the authorization issue as an alternative and independent basis to affirm the Court's decision granting judgment as a matter of law. The Ninth Circuit's resolution of either or both of these issues—regardless of which way the court of appeals rules—will be relevant and material to class members' decisions about whether to opt out or remain members of the class in this case. If the Ninth Circuit concludes that this Court's jury instruction on single-brand aftermarkets in the *SIS* case was correct, the same instruction would apply in this case and could affect the relevant market that Plaintiffs are asserting as well as their ability to prove that market. Likewise (or in the alternative), if the Ninth Circuit holds that Intuitive's contracts with customers are not tying or exclusive dealing agreements because they allow customers to deal with authorized third parties, the same legal standard and conclusion would apply in this case and could affect the entire foundation of Plaintiffs' antitrust claims. Absent class members—who, to be clear, are hospitals busy caring for patients—should not have to speculate about how the outcome of the *SIS* appeal will affect their claims in this case. All class members will be better able to make an intelligent decision about whether to opt out or remain members of the class—which, again, is the purpose of a class notice—once they know how the Ninth Circuit has ruled.

Plaintiffs have identified no compelling reason to require class members to exercise their opt out rights in ignorance of the Ninth Circuit's ruling in the *SIS* case, nor any efficiency benefit to doing so. Although it is commonplace for class notice to issue shortly after a class has been certified, Rule 23 contains no such requirement and no express timing provisions. Plaintiffs concede this. Mot. at 6. And deferring class notice in this case until after a decision in the *SIS* appeal (which is already close to being fully briefed) would not prejudice class members—just the opposite. There is no trial date set, and so deferring class notice will neither delay the trial nor create a risk of class members being denied a meaningful opportunity to opt out before trial.

Defendant's Response to Plaintiffs' Motion to Authorize Class Notice and Appoint Notice Administrator
3:21-cv-03825-AMO-LB

1    For all these reasons, Intuitive respectfully suggests that the Court exercise its

2    discretion to defer the issuance of class notices until after the *SIS* appeal has been resolved.

3    ## **ARGUMENT**

4    The Court may defer class notice until the *SIS* appeal is resolved.  As Plaintiffs

5    acknowledge, Rule 23 does not dictate when notice must issue.  Fed. R. Civ. P. 23(c)(2); Mot. at

6    6 (citing 7AA Wright & Miller, Fed. Prac. & Proc. Civ. § 1786 (3d ed.)).  This decision is left to

7    the Court's sound discretion.  *See Cavin* v. *Home Loan Ctr. Inc.*, 469 F. Supp. 2d 561, 574 (N.D.

8    Ill. 2007), *aff'd*, 531 F.3d 526 (7th Cir. 2008) ("Rule [23] affords the Court discretion to control

9    the manner in which a class action proceeds, including the timing of the mailing of notice to the

10    class." (citations omitted)); *Rivera* v. *Patino*, 524 F. Supp. 136, 150 (N.D. Cal. 1981) (same).

11    Courts therefore stay or defer issuing notice for various reasons, so long as doing so would not

12    prejudice absent class members.  *Tschudy* v. *J.C. Penney Corp.*, 2015 WL 5098446, at *6 (S.D.

13    Cal. Aug. 28, 2015) ("[C]ourts may postpone notice 'if there is a reason for the delay and it would

14    not prejudice those class members who are not before the court.'" (citing 7AA Wright & Miller,

15    Fed. Prac. & Proc. Civ. § 1788 (3d ed.); Rubenstein, Newberg on Class Actions § 8:11 (5th ed.))).

16    In particular, courts defer issuing class notice when future events could

17    significantly impact the posture of the case.  Courts do so in various contexts, including where

18    there are pending or anticipated motions adjudicating the merits of the case.  *See, e.g.*, *Tschudy*,

19    2015 WL 5098446, at *3, *8-9 (denying motion for approval of class notice without prejudice

20    pending anticipated challenge to class certification ruling based on intervening Ninth Circuit

21    decision); *Wamboldt* v. *Safety-Kleen Sys.*, Inc., 2007 WL 2600735, at *2 (N.D. Cal. Sept. 10, 2007)

22    (staying proceedings, including class notice, pending resolution of defendant's anticipated second

23    motion for summary judgment); *Cardoza* v. *Bloomin' Brands, Inc.*, No. 13-cv-01820, Dkt. 178

24    (D. Nev. Dec. 19, 2014) (staying class notice pending resolution of defendant's motions for

25    judgment on the pleadings and decertification, both based on a recently issued Ninth Circuit

26    decision); *Guippone* v. *BH S&B Holdings LLC*, 2011 WL 1345041, at *8 (S.D.N.Y. Mar. 30, 2011)

27    (*sua sponte* deferring class notice until after defendant's anticipated summary judgment motion);

28

*Hamilton* v. *Am. Corrective Counseling Servs., Inc.*, 2007 WL 1395592, at *2 (N.D. Ind. May 10, 2007) (granting motion to delay publication of class notification pending resolution of pending summary judgment motions). Courts also delay class notice pending Rule 23(f) appeals, as Plaintiffs acknowledge. *See* Mot. at 7; *see also Bally* v. *State Farm Life Ins. Co.*, 2020 WL 3035781 (N.D. Cal. June 5, 2020).

Here, both conditions for deferring class notice are satisfied: (1) the outcome of the *SIS* appeal could materially impact proceedings in this case, including by giving rise to further motions practice, and (2) deferring class notice will not prejudice class members where, as here, no trial date is set and deferring the opt out period would allow class members to exercise their opt out rights with a more complete understanding of the legal standards that would apply to the class claims. Regardless of the outcome of the *SIS* appeal, the Ninth Circuit's ruling could significantly impact, and potentially resolve, the claims in this case. If the Ninth Circuit affirms that the plaintiff in *SIS* failed to prove a single-brand aftermarket because Intuitive's contractual restrictions on the use of EndoWrists were clearly disclosed to customers at the time of purchase, the same conclusion would likely follow in this case. Alternatively, if the Ninth Circuit holds that Intuitive's contracts are not tying or exclusive dealing agreements as a matter of law because they include a non-illusory provision permitting customers to deal with authorized third parties, that conclusion also would likely apply in this case. At a minimum, such rulings could provide a basis for further pre-trial motions practice to resolve or narrow the claims in this case with the benefit of the Ninth Circuit's rulings.

Plaintiffs argue that these issues do not warrant deferring class notice either because the *SIS* appeal is not specifically mentioned in their proposed class notice, or because the impact of the Ninth Circuit's ruling will be felt equally by class members and those who elect to opt out. That misses the point. Class members should have the opportunity to make an informed decision for themselves about the impact of the Ninth Circuit's ruling before the opt out period has run, rather than having class counsel make it for them before even knowing the outcome of the appeal. As Plaintiffs themselves acknowledge, the point of the class notice is to allow absent class

1    members to be fully informed "so that they can take whatever steps they deem appropriate to make

2    certain that their interests are protected."  Mot. at 6 (internal quotation marks omitted).  Here,

3    Intuitive respectfully submits that setting an immediate notice and opt out period would result in

4    less informed, not more informed, class members.  Class members should understand what the

5    shape of this case will look like at trial before they exercise their opt out rights, and the *SIS*

6    appeal—regardless of its outcome—is material to that understanding.

7                Plaintiffs alternatively argue that the single-brand aftermarket jury instruction

8    likely will not be given at trial in this case "for a number of different reasons, regardless of the

9    outcome of SIS's appeal."  Mot. at 7.  Plaintiffs do not explain these "different reasons," and they

10   are not self-evident.  But if Plaintiffs are hinting that they would drop their single-brand

11   aftermarket claim at trial either to avoid the issue on appeal in *SIS* or to avoid the impact of the

12   Ninth Circuit's ruling, that just further confirms why class notice should be deferred.  As it stands,

13   the proposed class notice informs class members that Plaintiffs are pursuing claims alleging that

14   Intuitive engaged in "anticompetitive tying, exclusive dealing, and monopolization of an alleged

15   market for the repair and replacement of EndoWrist instruments," Dkt. 345-1 at 2—*i.e.*, a single-

16   brand aftermarket.  If, in fact, Plaintiffs do not intend to pursue claims based on that alleged market

17   because of the uncertainty created by the *SIS* appeal (or for some other strategic reason), class

18   members should know that before they exercise their opt out rights.  Moreover, as discussed above,

19   the single-brand aftermarket instruction is not the only important legal issue on appeal in *SIS*.  If

20   the Ninth Circuit affirms this Court's grant of judgment as a matter of law to Intuitive on the

21   alternative and independent ground that Intuitive's contracts include a non-illusory authorization

22   clause, and therefore do not constitute tying or exclusive dealing agreements, that ruling could

23   dispose of the claims in this action entirely or at least have a significant impact on them.  Plaintiffs

24   do not address that possibility.

25                Intuitive recognizes that the exact impact of the *SIS* appeal on this case is yet to be

26   determined.  But Plaintiffs have not identified any reason why waiting for greater certainty on that

27   question would harm, rather than benefit, class members.  No trial date is set in this matter.  And,

28

as Plaintiffs acknowledge, the parties are working collaboratively together to resolve disputes around class notice language and to identify contact information for class members, all of which demonstrates that class notice can be quickly issued once the impact of the *SIS* appeal on this case is known.  For the same reasons, Plaintiffs' accusation that Intuitive's position regarding timing is "a pretextual plea for delay," Mot. at 6, is baseless.  Deferring class notices will not cause any material delay in the overall progress of this case, and Intuitive's purpose in submitting this Response is simply to identify issues of fairness to absent class members and judicial efficiency that Plaintiffs did not address.  In short, Plaintiffs and the class will not be prejudiced by unnecessary delay if class notices are deferred, but absent class members could well be prejudiced by an immediate notice that fails to account for the outcome of the *SIS* appeal.

Plaintiffs also argue that "controlling law requires notice prior to merits-based adjudication."  Mot. at 7 (citing *Schwarzschild* v. *Tse*, 69 F.3d 293, 295 (9th Cir. 1995)).  They correctly state that "the purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated," *id.* (quoting *Schwarzschild*, 69 F.3d at 295) (emphasis omitted), but Plaintiffs fail to explain that rule was intended to protect *defendants* by making the collateral estoppel effects of an adjudication on the merits mutually applicable to plaintiffs and defendants. *Schwarzschild*, 69 F.3d at 295.  As *Schwarzschild* explains, nothing in Rule 23 prevents a defendant from waiving notice and "'tak[ing] its chances on stare decisis rather than res judicata,'" and so a "district court may grant the defendant's motion for summary judgment even though the class has not yet been notified." *Id.* at 297 (citing *Katz* v. *Carte Blanche Corp.*, 496 F.2d 747, 759 (3d Cir. 1974)).  The only consequence is that the judgment binds only the named plaintiffs. *Id.* at 297.  All of this, however, is beside the point.  All that Intuitive is proposing is that class notice and the attendant opt out period should be deferred until the class, Intuitive, and the Court understand the impact of the *SIS* appeal on this case.

Finally, deferring class notice until after the *SIS* appeal is resolved would conserve judicial resources and would be consistent with Rule 1's mandate to secure the just, speedy, and inexpensive determination of every action.    In *Cardoza* v. *Bloomin' Brands, Inc.*,

Defendant's Response to Plaintiffs' Motion to Authorize Class Notice and Appoint Notice Administrator

No. 13-cv-01820, Dkt. No. 178 (D. Nev. Dec. 19, 2014), for example, the court deferred class notice pending resolution of defendants' anticipated motions based on a recently issued Ninth Circuit decision.  The Court explained that it had "broad discretion in managing its docket[,]" and "that it [wa]s in the best interests of all parties and judicial economy to resolve the pending 12(c) and decertification motions before the notice process begins and the parties incur the tremendous related expense."  *Id.*  The same is true here.  Deferring class notice until the *SIS* appeal is resolved will spare the parties the expense of executing Plaintiffs' notice plan until it is known whether further motions practice will narrow or resolve the claims in this case, and will avoid the unnecessary expense of issuing any supplemental or corrective notice that such developments may require.

<u>**CONCLUSION**</u>

For the foregoing reasons, Intuitive respectfully suggests that the Court exercise its discretion to defer class notice until after the *SIS* appeal has been resolved.

- 7 -

| | |
|---|---|
| 1 | Dated:  December 8, 2025 |
| 2 | |

By: /s/ *Kenneth A. Gallo*
      Kenneth A. Gallo

Kenneth A. Gallo (*pro hac vice*)
Paul D. Brachman (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
2001 K Street, NW
Washington, DC  20006-1047
Telephone:  (202) 223-7300
Facsimile:  (202) 223-7420
Email: kgallo@paulweiss.com
Email: pbrachman@paulweiss.com

William B. Michael (*pro hac vice*)
Crystal L. Parker (*pro hac vice*)
Daniel A. Crane (*pro hac vice*)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 757-3990
Email: wmichael@paulweiss.com
Email: cparker@paulweiss.com
Email: dcrane@paulweiss.com

Joshua Hill Jr. (SBN 250842)
**PAUL, WEISS, RIFKIND, WHARTON &**
**GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA  94105
Telephone:  (628) 432-5100
Facsimile:  (628) 232-3101
Email: jhill@paulweiss.com

Attorneys for Defendant
*Intuitive Surgical, Inc.*

- 8 -

Defendant's Response to Plaintiffs' Motion to Authorize Class Notice and Appoint Notice
Administrator
3:21-cv-03825-AMO-LB