Samuel Maida (SBN 333835)
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94111
Tel: 415-633-1908
Fax: 415-633-4980
Email: smaida@hausfeld.com

Jeffrey J. Corrigan (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com

Manuel J. Dominguez (*pro hac vice*)
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Tel: 561-515-2604
Fax: 561-515-1401
Email: jdominguez@cohenmilstein.com

*Plaintiffs' Co-Lead Counsel*

[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION | ) Lead Case No: 3:21-CV-03825-AMO ) |
| | ) **PLAINTIFFS' REPLY IN FURTHER** |
| THIS DOCUMENT RELATES TO: | ) **SUPPORT OF THEIR MOTION TO** |
| ALL ACTIONS | ) **AUTHORIZE CLASS NOTICE AND** |
| | ) **APPOINT NOTICE ADMINISTRATOR** |
| | ) |
| | ) Date: March 5, 2026 |
| | ) Time: 2:00 PM |
| | ) Courtroom: 10 |
| | ) The Honorable Araceli Martínez-Olguín |

Crediting Intuitive's arguments for delaying class notice would be "a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house." *Eggleston v. Chi. Journeymen Plumbers' Loc. Union No. 130, U.A.*, 657 F.2d 890, 895 (7th Cir. 1981). Intuitive feigns concern for the members of the Class in an effort to delay resolution of this trial-ready case. For the reasons stated below and in Plaintiffs' opening brief, the Court should order dissemination of class notice now, not delay it until after the Ninth Circuit's decision in *Surgical Instrument Service Co. v. Intuitive Surgical, Inc.* (No. 25-1372).

Intuitive requests that the Court defer class notice pending resolution of the *SIS* appeal, which could take well over a year. The prejudice to class members of such a delay is obvious, as Intuitive's alleged monopolistic abuse is ongoing and will continue until it is enjoined. And yet, Intuitive fails to cite a single case staying notice to a certified class for a pending appeal in a different case—let alone an appeal of a non-dispositive merits issue.

The *SIS* appeal has no relevance to the timing of class notice. That appeal pertains to jury instructions and claim elements. Those merits issues have no bearing on class certification here, and regardless of how the appeal is decided, no corrective notice would be necessary. Intuitive's agreement to the content of the proposed notices, which include no language about the *SIS* appeal, effectively concedes as much. However the *SIS* appeal is resolved, its impact will be felt equally by all class members, whether they opt out or not. What is more, the basis of the *SIS* appeal—the "lock-in" jury instruction—likely will not even arise in this case (and certainly will not be dispositive) no matter how the Ninth Circuit rules. The Court should therefore reject Intuitive's delay tactics and permit issuance of notice "promptly after the certification order is issued." Ann. Manual Complex Lit. § 21.311 (4th ed.).

## I. Courts generally issue notice promptly after class certification, and Intuitive cites no authority supporting a different approach here.

Intuitive admits, as it must, that "it is commonplace for class notice to issue shortly after a class has been certified," Intuitive Resp. at 2, Dkt. No. 354; *see also* 7AA Wright & Miller, Fed. Prac. & Proc. Civ. § 1786 (3d ed.) (notice should generally issue "as soon as the court determines that a class action is proper"). Prompt notice protects the rights of absent class

members who do not know their claims are in litigation but who are entitled to this information under Rule 23.

Unsurprisingly, then, staying notice to a certified class is exceptionally rare. It happens only when an unresolved issue threatens to nullify the content of a notice form or to de-certify the class altogether. All six cases Intuitive cites to support a stay of notice hew this line:

- *Tschudy v. J.C. Penney Corp.*, No. 11-CV-1011, 2015 WL 5098446, at *6 (S.D. Cal. Aug. 28, 2015) (emphasis added) (citations omitted) (staying notice for a class definition dispute):

  > Any further delay in this case is regrettable, but notifying the class before class issues are settled is likely to result in unnecessary costs and 'may result in **multiple notices** and thus create confusion for potential class members.'

- *Wamboldt* v. *Safety-Kleen Sys.*, Inc., No. 07-CV-884, 2007 WL 2600735, at *1-2 (N.D. Cal. Sept. 10, 2007) (staying class notice for summary judgment motions):

  > The court agrees with defendant that it failed to recognize [a] distinction [that would have affected summary judgment] . . . . All aspects of this case shall [therefore] remain stayed until the court resolves the motion for reconsideration and for summary judgment.

- *Cardoza v. Bloomin' Brands, Inc.*, No. 13-CV-1820, Dkt. No. 178 at 2, (D. Nev. Dec. 19, 2014) (staying notice to a *conditionally certified class in an FLSA action*—not a certified Rule 23 class—for renewed motions to dismiss and decertify):

  > [T]he court finds that it is in the best interests of all parties and judicial economy to resolve the pending 12(c) and decertification motions before the notice process begins and the parties incur the tremendous related expense . . . . [T]he court is mindful that the timing of these requests otherwise suggests a motive of delay . . . . [D]efendants are strongly cautioned that they should continue preparing the class-member-contact information, which they should have nearly ready now.

- *Guippone* v. *BH S&B Holdings LLC*, No. 09CV-1029, 2011 WL 1345041, at *8 (S.D.N.Y. Mar. 30, 2011) (staying notice for a summary judgment motion):

  > Usually when a court grants a motion for class certification, there follows a period when notice is prepared and transmitted to the class, and members are given an opportunity to opt out of this action. However, [because of an unresolved dispositive factual issue,] . . . I direct that the giving of class notice be stayed pending the court's ruling on any motion that defendant Holdco may bring for summary judgment.

- *Hamilton v. Am. Corrective Counseling Servs., Inc.*, No. 05-CV-434, 2007 WL 1395592, at *2 (N.D. Ind. May 10, 2007) (emphasis added) (staying notice for a summary judgment motion):

  > Delaying class notice at this time, until the pending motions for summary judgment have been resolved, will give the parties time to resolve this dispute. When the pending motions for summary judgment are resolved, it may be clear to both parties that certain contentions regarding **the content of the class notice are either moot or lack merit** . . . .

- *Bally* v. *State Farm Life Ins. Co.*, No. 18-CV-4954, 2020 WL 3035781, at *5 (N.D. Cal. June 5, 2020) (emphasis added) (staying notice for a Rule 23(f) appeal challenging class certification):

  > The Court agrees that premature notice risks harm to class members who are likely to be confused **if certification is reversed**.

The through line of these cases is that the goal of prompt class notice can be outweighed by the risk of confusing class members and wasting resources if a corrective notice is likely to be needed later. *But that risk is not present here*. Whatever the outcome of the *SIS* appeal, the class will remain certified, and there would be nothing to correct in the content of the agreed-to notices.

At best, Intuitive's proposed delay might let class members consider their opt-out rights with the benefit of somewhat more nuanced insight into what the class—or any opt-out plaintiff—will need to prove at trial. But even *that* possibility assumes absent class members will learn of and monitor the *SIS* appeal, which is not mentioned in the notice forms, and then independently assess its implications in this case. Withholding notice for that kind of abstract "benefit" to the class misses the purpose of Rule 23(c)(2), which is "to ensure that the plaintiff class receives notice of the action **well before the merits of the case are adjudicated**." *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis added). All the relevant considerations support prompt notice in this case, and the Court should therefore follow standard practice and order notice to proceed.

**II.    Whatever the Ninth Circuit's ruling, the "lock-in" instruction issue is ancillary here.**

Even if the case law supported staying notice for a pending merits appeal in a separate case, a stay would be unwarranted here because the Ninth Circuit appeal on the *SIS* case's "lock-in" jury instruction concerns, at most, a peripheral, non-dispositive issue in this matter.

First, the Ninth Circuit—which is not operating under the extraordinary time pressure of trial and which has the benefit of appellate briefing and numerous amici—may well reject Intuitive's position on the *Kodak/Epic Games* lock-in test. There is ample precedent to suggest that lock-in is not, as Intuitive suggests, an essential element in any case that involves an aftermarket, but rather that it offers an *alternative* way to prove market power if the defendant *lacks* power in the foremarket. *See, e.g.*, *Eastman Kodak Co. v. Image Tech. Svcs., Inc.*, 504 U.S. 451, 472–78 (1992). The Federal Trade Commission's amicus brief to the Ninth Circuit in the *SIS* case underscores this point: "There is no need for such proof [of 'lock-in'] when the defendant has market power in the foremarket[.]" FTC Amicus Brief at 1, Dkt. No. 52.1, *Surgical Instrument Serv. Co. v. Intuitive Surgical, Inc.,* No. 25-1372 (9th Cir. Aug. 6, 2025). The antitrust law professors' amicus brief does too: "The *Epic* factors apply to claims of aftermarket monopolization only where the defendant lacks monopoly power in the foremarket, not where, as in this case, the defendant has a monopoly in the foremarket." Antitrust Law Profs. Amicus Brief at 3, Dkt. No. 34.1, No. 25-1372 (9th Cir. July 30, 2025). In this case, Plaintiffs can easily prove Intuitive's near-100% monopoly in the foremarket for MIST Robots, so, if the Ninth Circuit accepts the views of the FTC and leading legal scholars, there could be no possible "benefit" to the class from delaying notice.

But even if the Ninth Circuit accepts Intuitive's proposed rule, Plaintiffs still could prevail without needing to satisfy the *Kodak/Epic Games* test. The test Intuitive advocates would apply only when plaintiffs define a relevant "aftermarket" in terms of a single brand, *i.e.*, a relevant market comprised entirely of products or services used only with a single seller's primary product. But here, Plaintiffs can establish Intuitive's market (and monopoly) power without defining the relevant aftermarkets that way, because Intuitive still has monopoly power even if the relevant markets include *all* MIST Robot instruments and repair services. Thus, even

1   if Intuitive prevails in the *SIS* appeal, that outcome would *not*: (1) be dispositive of this case;

2   (2) affect class certification; (3) fundamentally alter class members' claims; or (4) affect their

3   claims differently depending on whether they opt-out or stay in the class. Delaying notice to

4   wait for the Ninth Circuit to clarify the application of the lock-in test therefore would offer

5   nothing new or useful to class members to make a more informed decision about opting out,

6   while prejudicing class members by unduly delaying resolution of their claims against Intuitive.

7   **III.   Intuitive's new "authorized third-party" argument is baseless.**

8         Finally, Intuitive briefly mentions a new "authorized third-party" defense it has raised

9   in the *SIS* appeal as another reason to delay notice to the class here. Intuitive claims that, if the

10   Ninth Circuit affirms based on a finding that SIS failed to introduce sufficient evidence that

11   Intuitive's claimed "third-party authorization process" was a sham, that affirmance "could

12   affect the entire foundation of Plaintiffs' antitrust claims." Intuitive Resp. at 2, Dkt. No. 354.

13   That argument is baseless.

14         Setting aside that, like "lock-in," Intuitive's new "authorized third-party" defense is

15   nowhere mentioned in the proposed notices, it also relies on an evidentiary record that does not

16   bind Plaintiffs. For purposes of Plaintiffs' case, it does not matter whether Intuitive may have

17   been able to leverage limited evidentiary rulings in the *SIS* trial to suggest that Intuitive

18   "authorized" Rebotix and Restore to sell refurbished EndoWrists while shielding from the jury

19   that its "authorization process" consisted of: (a) being sued by Rebotix and Restore for antitrust

20   violations, (b) litigating those cases until the eve of trial, and (c) settling the cases by paying

21   undisclosed amounts of money in exchange for commitments from those companies to

22   complete a burdensome—and legally unnecessary—regulatory approval process before

23   competing again in the relevant market. Plaintiffs will have their own opportunity at trial to

24   introduce sufficient (and abundant) evidence that Intuitive's claimed "third-party authorization

25   process" was a sham. *See, e.g.*, Rosa Dep. 152:13–153:2, Dkt. No. 267-20 (admitting that

26   Intuitive did not have an "agreed-to" authorization policy for EndoWrists before March 2023).

27         Thus, however Intuitive intends to employ this new defense at Plaintiffs' trial, the Ninth

28   Circuit's evaluation of it in the context of the SIS trial record cannot be dispositive of Plaintiffs'

1  claims—nor even sufficiently relevant to be included in the Intuitive-agreed notices—and

2  therefore does not warrant staying notice to the certified class. At most, issues relating to this

3  defense should be the subject of a motion *in limine* in this case.

4  **IV.  Conclusion**

5        For the foregoing reasons and those in their opening brief, Plaintiffs respectfully request

6  that the Court grant their motion for approval of the proposed Notice Plan and order

7  dissemination of the class notices as soon as the notice provider is in a position to do so.

8  Dated: December 19, 2025           Respectfully submitted,

9                                  */s/ Daniel P. Weick*

10 Manuel J. Dominguez (*pro hac vice*)   Daniel P. Weick (*pro hac vice*)

11 COHEN MILSTEIN SELLERS & TOLL PLLC   HAUSFELD LLP
33 Whitehall Street, 14th Floor

12 11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408   New York, NY 10004
Tel: 646-357-1100

13 Tel: 561-515-2604
Fax: 561-515-1401   Fax: 212-202-4322
Email: dweick@hausfeld.com

14 Email: jdominguez@cohenmilstein.com

15

16 Benjamin D. Brown (SBN 202545)   Gary I. Smith, Jr. (SBN 344865)
Daniel McCuaig (*pro hac vice*)   Samuel Maida (SBN 333835)

17 Zachary R. Glubiak (*pro hac vice*)   HAUSFELD LLP
COHEN MILSTEIN SELLERS &   600 Montgomery Street, Suite

18 TOLL PLLC   3200 San Francisco, CA 94111
1100 New York Ave., Suite 500   Tel: 415-633-1908

19 Washington, DC 20005   Fax: 415-358-4980
Tel: 202-408-4600   Email: gsmith@hausfeld.com

20 Fax: 202-408-4699         smaida@hausfeld.com
Email: bbrown@cohenmilstein.com

21       dmccuaig@cohenmilstein.com

22       zglubiak@cohenmilstein.com

23 Christopher J. Bateman (*pro hac vice*)   Jeannine M. Kenney (*pro hac vice*)
COHEN MILSTEIN SELLERS &   HAUSFELD LLP

24 TOLL PLLC   325 Chestnut Street, Suite 900
88 Pine Street, 14th Floor   Philadelphia, PA 19106

25 New York, NY 10005   Tel: 215-985-3270
Tel: 212-838-7797   Fax: 215-985-3271

26 Fax: 212-838-7745   Email: jkenney@hausfeld.com
Email: cbateman@cohenmilstein.com

27

28

**REPLY IN SUPPORT OF MOTION TO AUTHORIZE NOTICE**
**Case No. 3:21-CV-03825-AMO-LB**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Jeffrey J. Corrigan (*pro hac vice*)
Jeffrey L. Spector (*pro hac vice*)
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Tel: 215-496-0300
Fax: 215-496-6611
Email: jcorrigan@srkattorneys.com
      jspector@srkattorneys.com

Reena A. Gambhir (*pro hac vice*)
HAUSFELD LLP
1200 17th Street, N.W., Suite 600
Washington, DC 20036
Tel: 202-540-7200
Fax: 202-540-7201
Email: rgambhir@hausfeld.com

*Co-Lead Counsel for Plaintiffs and the Class*

Michael J. Boni
Joshua D. Snyder (*pro hac vice*)
John E. Sindoni (*pro hac vice*)
BONI, ZACK & SNYDER LLC
15 St. Asaphs Road
Bala Cynwyd, PA 19004
Tel: 610-822-0200
Fax: 610-822-0206
Email: mboni@bonizack.com
      jsnyder@bonizack.com
      jsindoni@bonizack.com

*Counsel for Plaintiffs and the Class*