# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No.: 4:21-cv-03825-AMO-LB<br><br>**[PROPOSED] SCHEDULE AND PRETRIAL ORDER**<br><br>Judge: The Honorable Araceli Martínez-Olguín |

## I.    TRIAL DATE

A.    Jury trial will begin on **September 14, 2027**, at 8:30 a.m. P.T., at Ronald V. Dellums Federal Building and United States Courthouse, 1301 Clay Street, Oakland, CA 94612.

B.    The parties expect the length of the trial to not exceed 24 court days. In the event trial has not yet concluded, the parties request that trial not be held on Friday, October 1, 2027 and Monday, October 4, 2027 (Rosh Hashanah) or Monday, October 11, 2027 and Tuesday, October 12, 2027 (Yom Kippur).

## II.    PRETRIAL CONFERENCE

A.    The Final Pretrial Conference shall be held on **August 12, 2027**, at 11:00 a.m. P.T.

B.    By **July 8, 2027**, the parties shall do the following:

1.    In lieu of preparing a Joint Pretrial Conference Statement, the parties shall meet and confer in person, and then prepare and file a jointly-signed Proposed Final Pretrial Order ("Proposed Order") that contains: (a) a brief description of the substance of claims and defenses that remain to be decided; (b) a statement of all relief sought; (c) all stipulated facts; (d) a joint exhibit list in numerical order, including a brief description of the exhibit and Bates numbers, a blank column for when it will be offered into evidence, a blank column for when it may be received into evidence, and a blank column for any limitations on its use; and (e) each party's separate witness list for its case-in-chief witnesses (including those appearing by deposition), including, for all such witnesses, a short statement of the substance of his/her testimony and, separately, what, if any, non-cumulative testimony the witness will offer. The parties also shall provide an hour/minute time estimate for the direct examination (only) of each of their respective witnesses (including party plaintiffs and defendants). Items (d) and (e) shall be submitted as appendices to the Proposed Order. The Proposed Order also shall identify which issues, if any, the parties believe are for the Court to decide, rather than the jury.

2.    File a joint set of proposed instructions on substantive issues of law arranged in a logical sequence. Any modifications to a form instruction must be plainly identified. If undisputed, an instruction shall be identified as "Stipulated Instruction No. _____ Re _____,"

| [PROPOSED] SCHEDULE AND PRETRIAL ORDER | - 2 - | CASE NO. 4:21-CV-03825 |
|---|---|---|

with the blanks filled in as appropriate. If disputed, each version of the instruction shall be inserted together, back-to-back, in their logical place in the overall sequence. Each such disputed instruction shall be identified as, for example, "Disputed Instruction No. _____ Re _____ Offered by _____," with the blanks filled in as appropriate. All disputed versions of the same basic instruction shall bear the same number. If a party does not have a counter version and simply contends that no such instruction in any version should be given, then that party shall so state on a separate page inserted in lieu of an alternate version. With respect to form preliminary instructions, general instructions, or concluding instructions, the parties shall cite to the numbers of the requested instructions in the latest edition of the Ninth Circuit Model Jury Instructions. Other than citing the numbers, the parties shall not include preliminary, general, or concluding instructions in the packet.

3.    File a separate memorandum of law in support of each party's disputed instructions, if any, organized by instruction number.  Each side's memorandum of law shall be limited in length to the lesser of either (a) two pages for each disputed instruction, or (b) twenty-five total pages.

4.    File a joint set of proposed voir dire questions supplemented as necessary by separate requests.

5.    File trial briefs, not to exceed twenty-five pages, on any controlling issues of law.

6.    File proposed verdict forms, joint or separate. If the parties dispute one or more issues relating to the proposed verdict forms, each shall file a memorandum of law, not to exceed three pages, in support of its position(s).

7.    File any objections to exhibits.

8.    File a joint, one-page simplified Statement of the Case to be read to the jury during voir dire and as part of the proposed jury instructions.

9.    File a joint statement listing the people involved in the case. This list will be shown to prospective jurors during jury selection. The list shall include counsel, the parties, the potential witnesses, and any other people significantly involved in the case.

| [PROPOSED]  SCHEDULE AND PRETRIAL ORDER | - 3 - | CASE NO. 4:21-CV-03825 |

C.      Any motions in limine shall be submitted as follows: by **July 8, 2027**, the moving party shall serve, but not file, its opening brief. By **July 23, 2027**, the responding party shall serve its opposition. There will be no reply.  Thereafter, the moving party shall collate the motion and briefs together, back-to-back, and file them on or before **July 27, 2027**. Each motion shall be presented in a separate memorandum and properly identified, for example, "Plaintiffs' Motion in Limine No. 1 to Exclude . . . ." Each party is limited to five motions in limine. The parties shall stipulate where possible, for example, as to the exclusion of witnesses from the courtroom. Each motion shall address a single, separate topic, with no more than seven pages of briefing per side.

D.      Two paper courtesy copies of the above documents shall be delivered by **NOON the day after filing**. The Proposed Order, jury instructions, and verdict form(s) also shall be submitted via e-mail as Word attachments to amopo@cand.uscourts.gov. All hard-copy submissions shall be 3-hole-punched, double-sided, and in binders with tabs identifying the name of the document and corresponding docket number.

## III.    DEPOSITION AND DISCOVERY DESIGNATIONS

For purposes of deposition designations, the parties agree as follows:

A.      Unless otherwise ordered, by **August 20 2027**, the parties shall file jointly all designations of deposition testimony or testimony from the *SIS* trial they each may wish to offer, as well as any counter-designations and objections to such testimony offered by the offering party. There is no need to lodge deposition transcripts before trial. The lawyers should be prepared to hand to the Court a copy of a witness's deposition testimony once it is time to cross-examine the witness.

## IV.    PRETRIAL ARRANGEMENTS

A.      Should a daily transcript and/or real-time reporting be desired, the parties shall make arrangements with Kristen Melen, Supervisor of the Court Reporting Services, at (415) 522-2079, at least 10 calendar days prior to the trial date.

B.      During trial, counsel may wish to use overhead projectors, laser-disk/computer graphics, poster blow-ups, models, or specimens of devices. Equipment should be shared by all counsel to the maximum extent possible. The Court provides no equipment other than an easel. The

| [PROPOSED]  SCHEDULE AND PRETRIAL ORDER | - 4 - | CASE NO. 4:21-CV-03825 |
|---|---|---|

United States Marshal requires a court order to allow equipment into the courthouse. For electronic equipment, the parties shall be prepared to maintain the equipment or have a technician handy at all times to do so. The parties shall tape extension cords to the carpet for safety. The parties may work with the deputy clerk on all courtroom-layout issues.

C.    By **August 27, 2027**, the parties must provide to the Court Reporter a jointly created list of names and places as well as any uncommon terms or acronyms that are likely to come up during the trial.

## V.    SCHEDULING

Trial will be conducted from 8:30 a.m. to 1:30 p.m. P.T., depending on the availability of witnesses, during the Court's regularly scheduled trial days. Counsel must arrive by 8:15 a.m. P.T., or earlier as needed, for any matters to be heard out of the presence of the jury. The jury will be called at 8:30 a.m. P.T.

## VI.    THE JURY

A.    The Jury Office asks prospective jurors to complete an online jury questionnaire in advance of their summons date. The standard questionnaire is available on the Northern District's website at https://cand.uscourts.gov/sites/default/files/forms/CAND-StandardCivilTrial_Questionnaire-2025.pdf. The parties may add up to 10 case-specific questions to the questionnaire. The parties shall meet and confer, and to the extent possible, file a joint list of proposed questions to add to the questionnaire. To the extent that the parties cannot agree, they may submit separate proposed questions from which the Court will choose up to 10. The parties' joint or separate submissions are due **July 16, 2027**. The Court will provide the parties with the survey responses one week before trial.

B.    In civil cases, there are no alternate jurors and the jury is selected as follows: 18 to 20 jurors are called to fill the jury box and the row in front of the bar, and are given numbers (1 through 20). The remaining potential jurors will be seated in the public benches. Hardship excuses will usually be considered at this point. Counsel may conduct a limited voir dire, not to exceed 45 minutes per side. Counsel's questions shall be specific to this case. Challenges for cause will then be addressed

| [PROPOSED] SCHEDULE AND PRETRIAL ORDER | - 5 - | CASE NO. 4:21-CV-03825 |
|---|---|---|

out of the presence of the potential jurors. The Court will consider whether to fill in the seats of the stricken jurors. If so, questions will be asked of the additional jurors and cause motions as to them will be considered. After a short recess, each side may exercise its allotment of peremptory challenges out of the presence of the potential jurors. The 10 to 12 surviving the challenge process with the lowest numbers become the final jury. If more than 10 jurors are to be seated, then the starting number will be adjusted. So too if more than a total of 6 peremptories are allowed. Once the jury selection is completed, the jurors' names will be read again, and they will be seated in the jury box and sworn in. The Court may alter this procedure in its discretion and after consultation with the parties.

## VII.    WITNESSES

At 5:00 p.m. P.T. following each trial day, all counsel shall exchange a list of the witnesses they expect to call over the next 2 full court days, in the order counsel expects to call them, and the exhibits and any illustrative aids that may be used during direct examination with each (other than adverse witnesses), including any proposed redactions necessary to conform to the Court's evidentiary rulings. Counsel may remove a witness but may not call to the stand any witness not disclosed on a witness-order list at least 2 days before being called, except by agreement of the parties. Within 24 hours of the initial notice of any witness and associated exhibits and illustrative aids, counsel for the cross-examining party shall confirm which objections, if any, to such exhibits and illustrative aids are maintained and propose any changes to redactions, if necessary, to conform to the Court's evidentiary rulings.  The first notice shall be exchanged 2 days prior to the first day of trial. All such notices shall be provided in writing. The parties shall submit objected-to illustrative aids to the Court by 9:00 p.m. P.T. the day before their intended use along with any unresolved objections.

## VIII.   EXHIBITS

A.      Prior to the Final Pretrial Conference, counsel shall meet and confer in person to consider all exhibit numbers and objections and to eliminate duplicate exhibits and confusion over the precise exhibit.

B.      The parties shall use numbers only, not letters, for exhibits. Blocks of numbers should be assigned to fit the needs of the case (e.g., Plaintiffs have 1 to 100, Defendant has 101 to 200). A

single exhibit should be marked only once. If a party has marked an exhibit, the opposing party may not re-mark the exact document with another number. Different versions of the same document, e.g., a copy with additional handwriting, must be treated as different exhibits with different numbers. To avoid any party claiming "ownership" of an exhibit, all exhibits shall be marked and referred to as "Trial Exhibit No. _____," not as "Plaintiffs' Exhibit" or "Defendant's Exhibit."

   C.  The exhibit tag shall be in the following form:

> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF CALIFORNIA
>
> **TRIAL EXHIBIT 100**
>
> Case No. _____
>
> Date Entered _____
>
> By_____
>    Deputy Clerk

Counsel preferably will make the tag a color that will stand out (yet still allow for photocopying), but that is not essential. To the extent it can be done without obscuring the document's substance, the tag shall be placed on or near the lower right-hand corner or, if a photograph, on the back. Counsel shall fill in the tag but leave the last two spaces blank. The parties must jointly prepare a single set of all trial exhibits that will be the official record set to be used with the witnesses and on appeal. Each exhibit must be tagged, 3-hole-punched, separated with a label divider identifying the exhibit number, and placed in 3-ring binders. Spine labels shall indicate the numbers of the exhibits that are in the binders. Each set of exhibit binders shall be marked as "Original." The parties shall provide the Court with one official set of the record exhibits on or before **September 7, 2027**. Each exhibit must be separated with a label divider identifying the exhibit number. At trial, the parties shall provide individual witness exhibit binders which contain all the exhibits the parties expect to use with the witness. The parties shall provide copies of each witness binder for the Court, the witness, and opposing counsel.

D.     Counsel must consult with each other and with the deputy clerk at the end of each trial day and compare notes as to which exhibits are in evidence and any limitations thereon. If there are any differences, counsel shall bring them promptly to the Court's attention.

E.     Before the closing arguments, counsel must confer with the deputy clerk to make sure the exhibits in evidence are in good order.

F.     Exhibit notebooks for the jury will not be permitted without prior permission from the Court. Publication must be by poster blow-up, overhead projection, or such other method as is allowed in the circumstances. It is permissible to highlight, circle or underscore in the enlargements as long as it is clear that it was not on the original.

## IX.     OBJECTIONS

In making objections, counsel should state only the legal grounds for the objection and should withhold all further comment or argument unless elaboration is requested by the Court.

## X.     CHARGING CONFERENCE

As the trial progresses and the evidence is heard, the Court will fashion a comprehensive set of jury instructions to cover all issues actually being tried. Prior to the close of the evidence, the Court will provide to the parties a draft final charge. After a reasonable period for review, one or more charging conferences will be held at which each party may object to any passage, ask for modifications, or ask for additions. Any instruction request must be renewed specifically at the conference or it will be deemed waived, whether or not it was requested prior to trial. If a party wishes to request an omitted instruction after reviewing the Court's draft, then it must affirmatively re-request it at the charging conference in order to give the Court a fair opportunity to correct any error.

**IT IS SO ORDERED.**

Dated:                                      By:_____

HON. ARACELI MARTÍNEZ-OLGUÍN

United States District Judge

[PROPOSED]  SCHEDULE AND
PRETRIAL ORDER

- 8 -

CASE NO. 4:21-CV-03825