**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

IN RE: DA VINCI SURGICAL ROBOT ANTITRUST LITIGATION

THIS DOCUMENT RELATES TO:
ALL ACTIONS

Case No: 4:21-cv-03825-AMO-LB

**[PROPOSED] ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The Hon. Araceli Martínez-Olguín

On October 16, 2026, Plaintiffs Larkin Community Hospital, Franciscan Alliance, Inc., and King County Public Hospital District No. 1, d/b/a Valley Medical Center (collectively, "Plaintiffs"), on behalf of themselves and the Class, entered into a Settlement Agreement with Defendant Intuitive Surgical, Inc. ("Intuitive") to resolve claims concerning Intuitive's alleged anticompetitive conduct with respect to EndoWrist instruments and da Vinci surgical robot service. Plaintiffs moved the Court, pursuant to Federal Rule of Civil Procedure 23(e), for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement filed with Plaintiffs' Motion for Preliminary Settlement Approval ("Motion").[1]

The Court has read and considered the Motion and all supporting documents, including the Settlement Agreement, the declaration of Class Counsel, the declaration of mediator Gregory Lindstrom, the declaration of Eric J. Miller, the proposed forms of notice and Claim Form attached thereto, and the declaration of Professor Einer Elhauge. The Court has also considered the Northern District of California's Procedural Guidance for Class Action Settlements ("Procedural Guidance"). The Court finds that there are sufficient grounds to direct that notice of the Settlement Agreement be disseminated to the Class, and to authorize the steps needed to determine whether the Settlement should be finally approved and the Released Claims against Intuitive and its Released Parties dismissed.

Accordingly, it is **HEREBY ORDERED** that:

## I. Class Certification

1. On March 31, 2025, the Court certified a Class under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3). ECF No. 333. On May 22, 2025, the Ninth Circuit denied Intuitive's petition for permission to appeal under Rule 23(f). No. 25-2395, ECF No. 15.1. The Settlement adopts, without expansion or narrowing, the Class definition certified by the Court. ECF No. 333; Settlement Agreement ¶ 1(d). The Class consists of

[1] Unless otherwise noted, capitalized terms used in this Order have the meanings defined in the Settlement Agreement and/or the Motion.

all entities that purchased da Vinci service and EndoWrists from Intuitive in the United States at any time from May 21, 2017, through December 31, 2021, excluding hospitals run by the Departments of Defense and Veterans Affairs. *Id.* Also excluded from the Class are the entities that timely requested exclusion by the April 20, 2026 opt-out deadline established in connection with the Court-approved notice of pendency of this action. Settlement Agreement ¶ 1(e).

2. The Court finds that the Settlement does not disturb any of the findings on which the Class was certified, and the Court will likely be able to maintain certification of the Class for purposes of judgment on the Settlement under Rule 23(e)(1)(B)(ii). In particular, and for purposes of the Settlement:

   a. The Class, which comprises approximately 2,200 hospitals and surgery centers, is so numerous that joinder of all members is impracticable.

   b. There are questions of law and fact common to the Class, including whether Intuitive engaged in unlawful tying, exclusive dealing, and monopolization with respect to EndoWrist repair and replacement and da Vinci service, and whether that alleged conduct caused class-wide impact and damages. ECF No. 333.

   c. Plaintiffs' claims are typical of the claims of the Class, and Plaintiffs and Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Class. *Id.* at 3–10.

   d. Common questions of antitrust violations, impact, and damages predominate over any questions affecting only individual Class Members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id.* at 10–24.

   e. Intuitive is alleged to have acted on grounds that apply generally to the Class, such that relief addressing the challenged conduct is indivisible and appropriate respecting the Class as a whole. *Id.* at 24–25.

3. The Court's certification of the Class is maintained for purposes of the Settlement. Plaintiffs shall continue to serve as Class Representatives, and Co-Lead Class Counsel appointed in the Court's class certification order, ECF No. 333, shall continue to serve as Class Counsel for purposes of the Settlement.

4. The Court declines to afford Class Members a second opportunity to request exclusion under Rule 23(e)(4). Notice of the pendency of this action was disseminated to the Class beginning on February 19, 2026, pursuant to the Court's order authorizing class notice, ECF No. 359. That notice advised Class Members that, if they did not request exclusion, they would be bound by the outcome of the case, including any settlement. ECF No. 345-2. Class Members had until April 20, 2026, to request exclusion, and three hospital systems did so. The entities that timely requested exclusion are not Class Members and are not bound by the Settlement. All Class Members will receive notice of the Settlement and an opportunity to object to it before the Court determines whether to grant final approval.

## II. Preliminary Approval of the Settlement

5. The proposed Settlement, including the proposed plan of allocation, is preliminarily approved as likely to be finally approved under Rule 23(e)(2) and as meriting notice to the Class for its consideration. This determination is not a final finding that the Settlement or the plan of allocation is fair, reasonable, and adequate, but it is a determination that good cause exists to disseminate notice to Class Members in accordance with the Notice Plan and to hold a Final Approval Hearing on the proposed Settlement and plan of allocation.

6. Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

   a. Plaintiffs and Class Counsel have adequately represented the Class.

   b. The Settlement was negotiated at arm's length by experienced counsel with the assistance of an experienced private mediator, Gregory Lindstrom of Phillips ADR.

c. The relief provided to the Class is adequate, considering the costs, risks, and delay of trial and appeal; the effectiveness of the proposed method of distributing relief to Class Members; and the expected terms of the forthcoming request for an award of attorneys' fees.

d. The Settlement and plan of allocation treat Class Members equitably relative to each other.

e. The Release's temporal scope corresponds to the Settlement's structural relief and the Release is otherwise appropriate.

**III. Notice and Claims Administration**

7. The Court approves the proposed Notice Plan, including the form, method, and content of the proposed notices, as well as the proposed Claim Form. The Claim Form and notices are written in plain language, are easy to comprehend, and comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23, and any other applicable law.

8. The Court appoints A.B. Data, which the Court previously appointed as Notice Administrator, ECF No. 359, as the Claims Administrator.

9. Responsibility regarding settlement administration, including implementing the Notice Plan, processing Claim Forms, making payments under the plan of allocation, and any other related tasks assigned to the Claims Administrator under the Settlement Agreement or as this Court may order, shall be performed by the Claims Administrator, subject to the oversight of Class Counsel and this Court as described in the Settlement Agreement. No distributions shall be made from the Settlement Fund, or any account holding the Settlement Fund, absent the express authorization of Class Counsel or order of the Court.

10. The Court appoints Huntington Bank as the Escrow Agent to maintain the Settlement Fund, which the Court establishes as a "qualified settlement fund" within the meaning of Treasury Regulation Section 1.468B-1. The Settlement Fund shall remain subject to the continuing jurisdiction of the Court.

11. The Court authorizes the payment of reasonable notice and claims administration costs up to $250,000 from the Settlement Fund prior to entry of Final Approval. Prior to any such payment, Class Counsel shall review the billing records, and payments shall be made only as reimbursement for costs that were authorized and already incurred.
12. Pursuant to Rule 23(e)(2) and 28 U.S.C. § 1715(d), a Final Approval Hearing shall be held on the date set forth below, before the undersigned in the Ronald V. Dellums Federal Building & United States Courthouse, 1301 Clay Street, Oakland, CA 94612, for the purpose of finally determining whether (a) the Class should remain certified for purposes of judgment on the Settlement under Rules 23(a), 23(b)(2), and 23(b)(3); (b) the Settlement and plan of allocation should receive final approval as fair, reasonable, and adequate, and in the best interests of the Class, in light of any objections presented by Class Members and the Parties' responses to any such objections; (c) Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses, and the request for a service award to each Plaintiff, are reasonable and should be approved; and (d) the Court should enter final judgment and dismiss the Released Claims with prejudice, as provided in the Settlement Agreement. The Final Approval Hearing may be postponed, adjourned, or continued by further order of this Court.
13. Together with the motion for Final Approval, the Claims Administrator shall file a declaration attesting to its compliance with the obligations set forth herein and the terms of the Notice Plan by the deadline set forth below.
14. Any Class Member wishing to receive a payment from the Net Settlement Fund must submit a Claim Form to the Claims Administrator, pursuant to the instructions provided in the notices distributed to the Class. Only Class Members who submit timely and valid Claim Forms and qualify as Eligible Claimants will receive distributions from the Net Settlement Fund.
15. Any Class Member who intends to object to the Settlement Agreement (including any request for attorneys' fees, expenses, or service awards) must file a written notice of

objection and supporting papers with the Clerk of the Court. Any objection and supporting papers must also be served upon Reena A. Gambhir of Hausfeld LLP, Jeffrey J. Corrigan of Spector Caldes & Corrigan, P.C., Manuel J. Dominguez of Cohen Milstein Sellers & Toll LLP, and William Michael of Paul, Weiss, Rifkind, Wharton & Garrison LLP. Objections are valid only if filed with the Clerk and served on the above counsel for the Parties by the deadline set forth below. Objections must be signed by the Class Member (if the Class Member is represented by counsel, the objection additionally must be signed by such counsel), and must include:

a. The case name and number (*In re: Da Vinci Surgical Robot Antitrust Litigation*, Case No. 4:21-cv-03825-AMO-LB);
b. The objecting Class Member's full legal name, address, and telephone number, and the name, title, and email address of the individual submitting the objection on its behalf;
c. Information sufficient to show that the objector is a member of the Class, i.e., that it purchased EndoWrists and da Vinci service from Intuitive in the United States between May 21, 2017, and December 31, 2021;
d. A written statement of all grounds for the objection, accompanied by any legal support for the objection;
e. Copies of any papers, briefs, or other documents upon which the objection is based;
f. The name, address, email address, and telephone number of every attorney representing the objector; and
g. A statement indicating whether the objector and/or its counsel intend to appear at the Final Approval Hearing and, if so, a list of all persons, if any, who will be called to testify in support of the objection.

16. Any Class Member who does not make his, her, or its objection in the manner provided for in the notice shall be deemed to have waived such objection and shall be foreclosed from making any objection to any aspect of the Settlement, or to the application for

attorneys' fees, costs, and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given pursuant to the Settlement Agreement.

17. Class Counsel and/or Defendant shall file any reply or response to any objection no later than the deadline set forth below.

18. Plaintiffs and Class Counsel shall file a motion for Final Approval of the Settlement Agreement, and any motion for attorneys' fees, expenses, and service awards by the deadlines set forth below. Such materials shall be served on any Class Member (or their counsel, if represented by counsel) whose objection is addressed in the Final Approval briefing. Copies of the motions shall be made available on the settlement website.

19. Following the Final Approval Hearing, and based upon the entire record in this matter, the Court will decide whether the Settlement should be finally approved and, if so, whether any attorneys' fees and expenses should be awarded to Class Counsel and whether service awards should be awarded to Plaintiffs.

20. If the Court determines that the Settlement is fair, reasonable, and adequate, the Court will issue a Final Approval Order and Judgment.

21. Pending final determination of whether the Settlement should be approved, Plaintiffs and each Class Member, and any person purportedly acting on behalf of any Class Member, are hereby enjoined from commencing, pursuing, maintaining, enforcing, or proceeding, either directly or indirectly, with any Released Claims in any judicial, administrative, arbitral, or other forum against Intuitive or any of its Released Parties. This injunction will remain in force until the Effective Date or until such time as the Parties notify the Court that the Settlement Agreement has been terminated. This injunction is necessary to protect and effectuate the Settlement, this Order, and this Court's authority regarding the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

22. In the event that the proposed Settlement Agreement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Order and all orders entered in connection herewith shall be of no further force and effect, and shall not be relied upon for any purposes whatsoever in this litigation or in any other case or controversy, and the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement.

23. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement Agreement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

24. Neither Intuitive nor its counsel shall have any responsibility for the plan of allocation or any award of attorneys' fees, costs, expenses, or service awards requested by Class Counsel, and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25. This Preliminary Approval Order shall not be construed or used as an admission, concession, or declaration by or against Intuitive of any fault, wrongdoing, breach or liability and Intuitive specifically denies any such fault, breach, liability or wrongdoing. This Preliminary Approval Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiffs or the Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper or unavailable. This Preliminary Approval Order shall not be construed or used as an admission, concession, declaration or waiver by any party of any arguments, defenses, or claims he, she or it may have in the event that the Settlement is terminated. Moreover, the Settlement and any proceedings taken pursuant to the Settlement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its

exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

26. The following deadlines shall apply. Within three (3) business days of entry of this Order, Class Counsel shall file a notice setting specific calendar dates for each of the deadlines set forth below, and those dates shall be stated in the notices and posted on the settlement website.

| **Event** | **Deadline*** |
|---|---|
| Class Counsel to file notice setting calendar dates for the deadlines contained herein | 3 business days after entry of this Order |
| Intuitive shall cause payment of the Settlement Amount to the Settlement Account | 30 days after entry of this Order |
| Notice campaign and Claims Period begin | 30 days after entry of this Order |
| Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards | 45 days after entry of this Order |
| Objection Filing/Service Deadline | 80 days after entry of this Order |
| Motion for Final Approval and Response to Objections (including Claims Administrator's declaration on notice) | 95 days after entry of this Order |
| Final Approval Hearing | At least 130 days after entry of this Order (at the convenience of the Court) |

* Calendar days unless otherwise noted.

**IT IS SO ORDERED.**

Dated:

By:______________________________

HON. ARACELI MARTÍNEZ-OLGUÍN

United States District Judge